STEVEN T. GUBNER – Bar No. 156593
ROBYN B. SOKOL – Bar No. 159506
COREY R. WEBER – Bar No. 205912
BRUTZKUS GUBNER
21560 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Phone: (818) 827-9000
Facsimile: (818) 827-9099
Emails: rsokol@bg.law
cweber@bg.law

Special Litigation Counsel
for Jonathan D. King, Chapter 7 Trustee
for Zetta Jet USA, Inc. and Zetta Jet PTE, LTD.

**FILED & ENTERED**

JUL 10 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY francis    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ZETTA JET USA, INC., a California corporation,<br><br>Debtor.<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>Debtor.<br><br>**X** Affects Both Debtors<br><br>☐ Affects Zetta Jet USA, Inc., a California corporation, only<br><br>☐ Affects Zetta Jet PTE, Ltd., a Singaporean corporation, only | Case No.: 2:17-bk-21386-SK<br>Jointly Administered with<br>Case No. 2:17-bk-21387-SK<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR ZETTA JET USA, INC. AND ZETTA JET PTE, LTD. ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS PURSUANT TO SECTIONS 547, 548 AND 550 OF THE BANKRUPTCY CODE**<br><br>DATE: July 3, 2019<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 1575<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

The Court, having read and considered the *Motion Of Chapter 7 Trustee For Zetta Jet USA, Inc. And Zetta Jet PTE, Ltd. Establishing Procedures Governing Adversary Proceedings Pursuant To Sections 547, 548 And 550 of the Bankruptcy Code; Declaration of Jonathan D. King In Support Thereof* [Docket No. 931], filed on June 5, 2019 ("Motion"), the *Limited Objection of Universal Leader Investment Ltd. and Glove Assets Investment Ltd. to Motion Of*

2137133                                                         1

*Chapter 7 Trustee For Zetta Jet USA, Inc. And Zetta Jet PTE, Ltd. Establishing Procedures Governing Adversary Proceedings Pursuant To Sections 547, 548 and 550 of the Bankruptcy Code* [Docket No. 938], and *Reply of Chapter 7 Trustee For Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd. to Limited Objection of Universal Leader Investment Ltd. and Glove Assets Investment Ltd. to Motion Of Chapter 7 Trustee For Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd. Establishing Procedures Governing Adversary Proceedings Pursuant To Sections 547, 548 and 550 of the Bankruptcy Code* [Docket No. 945], in the above-captioned bankruptcy cases of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.; and the Court having jurisdiction to consider the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing that no other or further notice need be provided; and approval of the Motion being in the best interests of the estates of Zetta Jet USA, Inc. and Zetta Jet PTE, LTD., creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED that:**

1. The Motion is granted;

2. The Avoidance Action Procedures, a copy of which is attached hereto, are hereby approved and shall govern all parties to complaints filed by Jonathan D. King, solely in his capacity as the duly appointed Chapter 7 Trustee that: (1) seek solely to avoid transfers under 11 U.S.C. §§ 547, 548, 550 and related 11 U.S.C. § 502 claims and raise no other claims for relief; and, (2) excluding complaints filed against Yuntian 3 Leasing Company Limited, Yuntian 4 Leasing Company Limited, ECN Aviation Inc. (ECN Capital), and Element Aviation Inc. (the "<u>Avoidance Actions</u>"), effective as of the date of this Order;[1]

3. The first status conference in the above captioned matter which will address the Avoidance Actions is scheduled for October 23, 2019 at 9:00 a.m.;

---

[1] The Avoidance Action Procedures shall not apply to the following parties: (1) CAVIC, (2) Bombardier Inc./Bombardier Aerospace Corporation, (3) JetCraft Corporation, (4) New Target/Linkage, and (5) Li Qi/Universal Leader Investment Ltd./Truly Great Global/Glove Assets Investment Ltd.

4. **The Trustee shall file an updated status report by October 9, 2019**;

5. The Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules shall apply to the Avoidance Actions, except to the extent that they conflict with the procedures attached hereto ("Avoidance Action Procedures").

6. The time periods set forth in the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

###

Approved as to form and content:

DATED: June 17, 2019                    BRUTZKUS GUBNER

                                        By: /s/ Robyn B. Sokol
                                            Robyn B. Sokol
                                            Special Litigation Counsel
                                            for Jonathan D. King, Chapter 7 Trustee
                                            for Zetta Jet USA, Inc. and Zetta Jet PTE, LTD.

DATED: June __, 2019                    ARNOLD & PORTER KAYE SCHOLER LLP

                                        By:_____
                                            Brian K. Condon
                                            Attorneys for Universal Leader Investment
                                            Ltd. And Glove Assets

Date: July 10, 2019                     /s/ Sandra R. Klein
                                        Sandra R. Klein
                                        United States Bankruptcy Judge

2137133                                 3

    4.    The Trustee shall file a status update prior to the October 23, 2019 hearing;

    5.    The Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules shall apply to the Avoidance Actions, except to the extent that they conflict with the procedures attached hereto ("<u>Avoidance Action Procedures</u>").

    6.    The time periods set forth in the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

###

Approved as to form and content:

DATED: June 17, 2019                        BRUTZKUS GUBNER

                                                     By: /s/ Robyn B. Sokol
                                                         Robyn B. Sokol
                                                         Special Litigation Counsel
                                                         for Jonathan D. King, Chapter 7 Trustee
                                                         for Zetta Jet USA, Inc. and Zetta Jet PTE,
                                                         LTD.

DATED: ~~June~~ July 3, 2019            ARNOLD & PORTER KAYE SCHOLER LLP

                                                         By:
                                                         Brian K. Condon
                                                         Attorneys for Universal Leader Investment
                                                         Ltd. And Glove Assets

# PROCEDURES

The procedures set forth below ("Procedures") shall govern the prosecution of complaints filed by Jonathan D. King, solely in his capacity as the duly appointed Chapter 7 Trustee ("Trustee") that: (1) seek solely to avoid transfers under 11 U.S.C. §§ 547, 548, 550 and related 11 U.S.C. § 502 claims and raise no other claims for relief; and, (2) excluding complaints filed against Yuntian 3 Leasing Company Limited, Yuntian 4 Leasing Company Limited, ECN Aviation Inc. (ECN Capital), and Element Aviation Inc. (the "Avoidance Actions").[1]

1. **Answers and Other Responses**

    a. Trustee may grant extensions of time for any Defendant to answer or otherwise respond to a complaint as established by applicable rules or order of Court ("Response Due Date") without the need for Court approval or the filing of any notices or other documents with the Court with respect to such extensions. Such extensions may be made conditional upon Defendant's agreement to accept service of the summons and complaint, in which case such Defendant shall be deemed to have waived any defect in such service under Bankruptcy Rule 7004 or otherwise. Such extensions, if provided, will be for thirty (30) days and Trustee may provide up to three (3) extensions of thirty (30) days each in his sole discretion. The stipulation may be documented by electronic mail and shall not be filed.

    b. If the parties jointly agree in writing to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending. If the mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional thirty (30) days following the completion of mediation and the filing of the mediator's report (the "Mediator's Report").

    c. Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion or by stipulation of the Trustee and Defendant, approved by order of the Court.

    d. No appearance shall be required at the status conference set forth in the summons issued by the clerk pursuant to Local Bankruptcy Rule 7016-1(a). Rather the status conference shall occur after Mediation if the Avoidance Action is not settled.

    e. All Defendants to an Avoidance Action will be served with a copy of the Procedures Order along with the Summons and the Complaint. Service of the

---

[1] These Procedures do not apply to the following parties: (1) CAVIC, (2) Bombardier Inc./Bombardier Aerospace Corporation, (3) JetCraft Corporation, (4) New Target/Linkage, and (5) Li Qi/Universal Leader Investment Ltd./Truly Great Global/Glove Assets Investment Ltd.

2129340

      Procedures Order shall indicate that an adversary proceeding is a Avoidance Action.

2. **<u>Stay of Discovery/Waiver of Discovery Requirements and Initial Status Conferences</u>**

   a. The deadline for entry of a scheduling order (the "<u>Scheduling Order</u>") pursuant to Federal Rule of Civil Procedure 16(b)(2) (made applicable by Bankruptcy Rule 7016(a)) shall be extended for good cause, in light of the mediation procedures set forth herein.

   b. If an Avoidance Action remains unresolved after Mediation (defined below), the Trustee shall file with the Court and serve on the Defendant a notice of status conference to take place in the Adversary Proceeding at the next scheduled omnibus hearing; provided, however, that a minimum of twenty-one (21) days' notice of the status conference is required.

   c. A status conference report shall be filed in accordance with Local Bankruptcy Rule 7016-1(a)

   d. The Court will enter a Scheduling Order after the status conference.

   e. Formal discovery, including Rule 26 disclosures, shall be stayed until after a Scheduling Order is entered; provided however, this stay of discovery shall in no way preclude the parties from informally exchanging documents and other information in an attempt to resolve an Avoidance Action in advance of, or during the mediation process.

   f. Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) (made applicable by Bankruptcy Rule 7026) are not required in any Avoidance Action.

   g. Federal Rule of Civil Procedure 26(f) (made applicable by Bankruptcy Rule 7026) shall not apply in the Avoidance Actions, and thus the requirement that parties meet and confer in advance of a scheduling conference or entry of a scheduling order is not applicable in the Avoidance Actions, except as otherwise ordered in a Scheduling Order.

   h. No status conferences will be held pursuant to Bankruptcy Rule 7016 and Local Bankruptcy Rule 7016-1, until after the filing of the Mediator's Report.

3. **<u>Stay of Filing Dispositive Motions Until After Mediation</u>**

   The parties are prohibited from filing any dispositive motions, including but not limited to any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012) and under Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056), until after the filing of a Mediator's Report stating that the Mediation has concluded and a settlement has not been reached.

**4.    Mediation Procedures and Requirements**

    a. The Trustee and Defendant may agree to participate in Mediation as set forth herein.

    b. To the extent an Avoidance Action is not resolved and/or settled within thirty (30) days after an answer is filed, then such Avoidance Action shall be referred to mandatory mediation (the "Mediation(s)") by filing with the Court the notice of the referral (the "Referral Notice") and serving the Referral Notice on the defendant. A copy of the Referral Notice is attached hereto as Exhibit "1."

    c. Upon referral of or agreement to participate in Mediation, any deadlines then in effect in such cases shall be tolled pending the filing of the Mediator's Report.

    d. The parties to the Mediations shall in good faith seek to mutually select a mediator within 21 days after referral to mediation (the "Mediation Deadline") from the list of mediators attached as Exhibit "2" hereto ("Mediator List") and Trustee's counsel shall promptly file a notice of such mutual selection on the docket of the related Adversary Action. If the Parties are unable to agree on a mediator from the Mediator List by the Mediation Deadline, the parties shall agree upon a mediator from the register of mediators maintained by the United States Bankruptcy Court for the Central District of California.

    e. Within 14 days of the filing of notice of selection of a mediator for the relevant Mediation (the "Mediator"), Trustee's counsel, working with the Mediator selected, will commence scheduling Mediations. The Mediator will provide to Trustee's counsel the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediator regarding the scheduling of mediations. Trustee's counsel shall contact the Defendant or the Defendant's counsel with a list of proposed dates for Mediation provided by the Mediator. The Mediation shall be conducted at a date and time acceptable to the parties and the Mediator.

    f. Trustee's counsel will give at least 21 days written notice of the date, time and place of the Mediation (the "Mediation Notice").

    g. The Mediation shall take place in Los Angeles County, California and shall be held at the law offices of Trustee's counsel, the Mediator's office or at another location agreed upon by the Mediator, the Trustee and the Defendant.

    h. Within 5 business days after the conclusion of each Mediation, the Mediator shall file the Mediator's Report on the docket of the Avoidance Action, which shall be limited to stating (i) whether the matter settled or did not settle; (ii) the date or dates of the Mediation; and (iii) the parties attending the Mediation.

    i. The parties to each Mediation will participate in the Mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party and a representative of the Defendant having full settlement authority shall attend the Mediation in person except that, upon the request of a party, a Mediator, in his or her discretion after conferring with the Defendant representative and their counsel, may allow a party representative to appear telephonically while its

2129340

      counsel appears in person.[2]  Any such request must be made prior to 7 days before the scheduled mediation date.  Should a party representative appear by telephone, counsel appearing in person for that party shall have full settlement authority.  To the extent a Mediator grants a party's request to appear telephonically, the requesting party is responsible for arranging for and paying any fees associated with teleconference services.

j. The Mediator will preside over the Mediation with full authority to determine the nature and order of the parties' presentations and the rules of evidence will not apply.  Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

k. The participants in the Mediation shall provide a confidential statement of position (to be shared with other parties) and a confidential settlement proposal (not to be shared with other parties) one week before the Mediation.

l. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location.  The Mediator may also continue a Mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

m. Upon notice and a hearing, a party's failure to appear at the Mediation or otherwise comply with the Procedures Order with respect to Mediation, may result in a default judgment against the Defendant or dismissal of the action.  The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in the Procedures Order.

n. The fees and reasonable expenses of the Mediator shall be shared equally by the parties on a per case basis.  The Mediator's fees shall be fixed as follows:

    i. Cases with a claim amount (as reflected in the complaint) less than $100,000: $2,000 per party, per case;

    ii. Cases with a claim amount (as reflected in the complaint) between $100,000 and $250,000: $3,000 per party, per case;

    iii. Cases with a claim amount (as reflected in the complaint) between $250,000 and $1,000,000: $3,500 per party, per case;

    iv. Cases with a claim amount (as reflected in the complaint) of over $1,000,000: $4,000 per party, per case.

o. If the Parties mutually request that the Mediator travel from Los Angeles County to some other location for mediation and the Mediator agrees to the location, the Mediator's fee shall increase by $800 per Party, per case.

p. The full fees and expenses of the Mediator shall be paid by any party that cancels or fails to appear at Mediation unless the party notifies the Mediator of

---

[2] Counsel for the Trustee may serve as the representative of the Trustee with full settlement authority alleviating the need for the Trustee to participate in-person at the Mediation.  The Trustee, however, will be available to participate telephonically in each Mediation.  The Trustee shall advise the Mediator and Defendant within 7 days before the scheduled mediation whether he will be available telephonically or will be appearing in person.

2129340

      the cancellation by facsimile or email no less than 3 days prior to the scheduled mediation date (not counting the day scheduled for mediation), subject to further restriction set by any selected Mediator.

q. Each party shall pay its portion of the Mediator's fee at least 3 days before the commencement of mediation. The parties shall each pay half (50%) of the Mediator's reasonable expenses, per case, within 14 days after billing by the Mediator; provided however, if a Defendant fails to timely pay a bill for a Mediator's fees or expenses, Trustee shall pay the bill and may recover such sum as part of a default judgment.

r. Without the prior written consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party to any of the Avoidance Actions.

s. The Mediator shall not be called as a witness by any party. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the Mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. However, a Mediator may be called as a witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the Procedures Order.

t. All proceedings and writings incident to the Mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing or responsibility.

u. Participation in Mediation will not act as a waiver of, or otherwise prejudice any of the parties claims, counter claims, defenses or other rights in connection with the Avoidance Actions or otherwise.

**5.** **Pretrial Scheduling Conferences / Motion Hearing Dates**

      The Court will schedule any post-mediation status conference and pre-trial conferences in the Avoidance Actions pursuant to a Scheduling Order. Further, the Court shall establish omnibus hearing dates applicable to the Avoidance Actions (or subsets thereof) ("Omnibus Hearing(s)"). Any pretrial motions filed by the parties in the Avoidance Actions must be set for hearing on one of the relevant Omnibus Hearing dates applicable to such Avoidance Action unless otherwise ordered by the Court.

**6.** **Pleadings Affecting all Avoidance Actions**

a. Any motions filed by Trustee that affect all the Avoidance Actions (or a subset thereof) shall be filed in the Zetta USA Case and not in each separately docketed Avoidance Action; provided however, that each affected Defendant shall receive notice of the filing of the same.

2129340

    b. A copy of the Procedures Order approving the Procedures shall be filed on the docket in the Zetta USA Case and Zetta PTE Case.

    c. A copy of the Procedures Order shall be served along with the Complaint and Summons and filed in each Avoidance Action.

**7. Settlements**

    a. The Trustee shall have the authority to settle claims set forth in demand letters and/or adversary proceedings seeking to avoid transfers as reflected in the demand letter and/or complaint in an amount less than $250,000 without the need to seek the approval of this Court.

    b. Motions to approve compromises of controversy for claims greater than $250,000 may be brought as omnibus settlement motions under Local Bankruptcy Rule 9013-1(o) (without the need for a hearing) and may include multiple settlements. If a hearing is requested, such hearing will be set on one of the Omnibus Hearing dates set by the Court.

**8. Avoidance Actions Omnibus Hearings**

The Court will schedule regular Omnibus Hearing dates in the Case, on which dates any post-mediation Status Conference will take place. Any pretrial motions filed by the Parties in the Avoidance Actions must be set for hearing on one of the Omnibus Hearing dates unless otherwise ordered by the Court.

**9. Status Reports**

Trustee will file with the Court quarterly status reports setting forth the Avoidance Actions settled and/or dismissed, whether the Avoidance Action has been referred to mediation and the status thereof, the applicable deadline for the defendant to answer or otherwise respond to the complaint, whether service of the summons and complaint has been accepted or otherwise completed, and any other information required to be included pursuant to a Scheduling Order. These quarterly status reports will be filed in the Zetta Jet USA case, Case No. 2:17-bk-21386-SK.

2129340

```
 1  STEVEN T. GUBNER – Bar No. 156593
    ROBYN B. SOKOL – Bar No. 159506
 2  COREY R. WEBER – Bar No. 205912
    BRUTZKUS GUBNER
 3  21560 Oxnard Street, Suite 500
    Woodland Hills, CA 91367
 4  Phone: (818) 827-9000
    Facsimile: (818) 827-9099
 5  Emails: rsokol@bg.law
            cweber@bg.law
 6
    Special Litigation Counsel
 7  for Jonathan D. King, Chapter 7 Trustee
    for Zetta Jet USA, Inc. and Zetta Jet PTE, LTD.
 8
 9
10              UNITED STATES BANKRUPTCY COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12                   LOS ANGELES DIVISION
```

| | |
|---|---|
| In re | Case No.: 2:17-bk-21386-SK |
| ZETTA JET USA, INC., a California corporation, | Jointly Administered with Case No. 2:17-bk-21387-SK |
| Debtor. | Chapter 7 |
| ZETTA JET PTE, LTD., a Singaporean corporation, | Adversary Proceeding No. __-____ |
| Debtor. | |
| Jonathan D. King, Chapter 7 Trustee for [Zetta Jet USA, Inc. **OR** Zetta Jet PTE, LTD.], | **NOTICE OF REFERRAL TO MEDIATION** |
| Plaintiff, | |
| vs. | |
| [_____], | |
| Defendant. | |

**PLEASE TAKE NOTICE** that pursuant to the *Order Approving Motion Of Chapter 7 Trustee For Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd. Establishing Procedures Governing*

**EXHIBIT "1"**

1

2112743

*Adversary Proceedings Pursuant To Sections 547, 548 And 550 Of The Bankruptcy Code* [D.I. __], dated _____, 2019 (the "<u>Procedures Order</u>") the above-referenced adversary proceeding is referred to mediation.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Procedures Order, [DEFENDANT] and Jonathan D. King, Chapter 7 Trustee for [Zetta Jet USA, Inc. **OR** Zetta Jet PTE, LTD.] ("<u>Trustee</u>"), must in good faith seek to mutually select a mediator within 21 days after referral to mediation (the "<u>Mediation Deadline</u>"). If the parties cannot agree on a mediator by the Mediation Deadline, the Trustee shall promptly file a motion seeking appointment of a mediator by the Court, on notice to you.

DATED:                                              BRUTZKUS GUBNER

                                                    [Draft]
                                                    By: _____
                                                        Robyn B. Sokol
                                                        Special Litigation Counsel for Jonathan D. King,
                                                        Chapter 7 Trustee for Zetta Jet USA, Inc. and
                                                        Zetta Jet PTE, LTD.

2

# EXHIBIT 2 TO AVOIDANCE ACTION PROCEDURES

## Mediator List

1. Kathy Bazoian Phelps, Esq.
   Diamond McCarthy LLP
   1999 Avenue of the Stars Suite 1100
   Los Angeles, CA 90067
   phone: 310.651.2997
   kphelps@diamondmccarthy.com

2. Geoffrey L. Berman
   333 South Grand Avenue Suite 4100
   Los Angeles, CA 90071
   gberman@DSIConsulting.com
   phone: 213.617.2717

3. Sara L. Chenetz, Esq.
   Perkins Coie LLP
   1888 Century Park East Suite 1700
   Los Angeles, CA 90067
   Email: schenetz@perkinscoie.com
   Telephone: 310.788.3218

4. John P. Reitman, Esq.
   Landau Gottfried & Berger LLP
   1801 Century Park East Suite 700
   Los Angeles, CA 90067
   phone: 310-557-0050
   jreitman@lgbfirm.com

**EXHIBIT "2"**