STEVEN T. GUBNER - Bar No. 156593
ROBYN B. SOKOL - Bar No. 159506
COREY R. WEBER - Bar No. 205912
TALIN KESHISHIAN - Bar No. 201830
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
rsokol@bg.law
cweber@bg.law
tkeshishian@bg.law

Special Litigation Counsel
for Jonathan D. King, Chapter 7 Trustee
for Zetta Jet USA, Inc. and Zetta Jet PTE, LTD.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ZETTA JET USA, INC., a California corporation,<br><br>Debtor.<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>Debtor. | Case No. 2:17-bk-21386-SK<br><br>Chapter 7<br><br>**MOTION FOR ORDER APPROVING COMPROMISES OF CONTROVERSIES BETWEEN THE TRUSTEE AND: (1) AIR BP LTD AND BP PRODUCTS, NA; (2) ASSOCIATED ENERGY GROUP LLC; AND (3) UNIVERSAL WEATHER & AVIATION, INC. PURSUANT TO BANKRUPTCY RULE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JONATHAN D. KING IN SUPPORT THEREOF**<br><br>[No Hearing To Be Set Unless Requested Pursuant to LBR 9013-1]<br><br>[Relates to Adv. Case Nos.: 2:19-ap-01303-SK, 2:19-ap-01328-SK and 2:19-ap-01337-SK] |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

By way of this *Motion for Order Approving Compromises of Controversies* ("Motion"), Jonathan D. King, Chapter 7 Trustee ("Trustee") for the above-captioned debtors, Zetta Jet USA, Inc. ("Zetta USA") and Zetta Jet PTE, LTD ("Zetta PTE" and collectively, "Debtors" or "Zetta") seeks Court approval of the settlements (the "Settlements" and individually the "Settlement") between the Trustee on behalf of the Zetta estates, and the following defendants of adversary proceedings which seek to avoid transfers received by each of the defendants from the Debtors during the 90 days prior to the commencement of the Debtors' bankruptcy cases:

- Air BP Limited, Air BP Ltd., and BP Products, NA (collectively, "Air BP");
- Associated Energy Group LLC (AEG Fuels) a/k/a AEG Fuels ( "AEG");
- Universal Weather & Aviation Inc. (UWA) ("Universal")

(Air BP and together with AEG and Universal, the "Defendants").

The Trustee believes that each of the Defendants received avoidable and recoverable transfers under 11 U.S.C. §§ 547(b), 548(a), 550. The Defendants each have raised various defenses to the transfers received from the Debtors. Each of the Defendants have reached separate settlement agreements with the Trustee that resolve the pending adversary proceedings naming them as defendants ("Settlement Agreements"). Attached hereto as **Exhibits A, B, and C** and incorporated herein by this reference are true and correct copies of each of the Settlements Agreements between the Trustee on behalf of the Zetta estates, on the one hand, and Air BP, AEG and Universal, on the other hand. This Motion is supported by the declaration of the Trustee, Jonathan D. King, ("Trustee Declaration") annexed hereto.

The Trustee and the Defendants evaluated each other's various arguments and positions and, without admitting any material facts or claims in dispute, reached the settlements described more fully below. The Trustee has determined that it is in the best interest of the Zetta estates to settle the claims against the Defendants given the risks and expense of litigation. Accordingly, the Trustee submits that the settlements are fair and reasonable and in the best interest of creditors of the Zetta estates.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409(a).

The statutory predicate for the relief requested herein is provided in section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019(a) of the Bankruptcy Rules and Rule 9019-1 of the Local Bankruptcy Rules of the Central District of California (the "Local Rules").

## II. RELEVANT FACTS

### A. Background

On September 15, 2017 (the "Petition Date"), Zetta filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the Bankruptcy Cases.

On December 4, 2017, the Bankruptcy Cases were converted to cases under chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(a).

On December 5, 2017, the Bankruptcy Court appointed Jonathan D. King to serve as chapter 7 interim trustee. Following the Section 341(a) meeting of creditors that was held on January 8, 2018, Mr. King became the permanent trustee (the "Trustee") for the Bankruptcy Cases. The Trustee commenced an analysis of all transfers made within the 90-days before the Petition Date (the "Preference Period").

On or about September 12, 2019, the Trustee initiated separate adversary proceedings against BP Air, AEG and Universal (Adversary Case Numbers 2:19-ap-01337-SK, 2:19-ap-01303-SK, 2:17-bk-21386-SK, respectively) to avoid and recover preferential and or fraudulent transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code and seeking to disallow proofs of claims filed by the Defendants, if any.

By way of this Motion, the Trustee requests that the Court approve the Settlement Agreements between the Trustee and the Defendants.

**B. Summary of the Settlements**

The basic terms of the Settlement Agreements are set forth below[1]:

1. The avoidance complaint against Air BP alleges that Air BP received payments from the Debtors during the Preference Period totaling $469,319.65. Air BP has filed proof of claim nos. 156 and 161 asserting general unsecured claims in the amount of $191,832.91 and $8,349.08, respectively. Air BP may be entitled to certain defenses for some of the transfers it received from the Debtors, including, but not limited to, both the new value and ordinary course of business defenses. The Trustee and Air BP have agreed to settle their disputes, whereby: Air BP will pay to the Trustee, on behalf of the estate, the sum of $150,000.00 and waive and withdraw proofs of claim nos. 156 and 161. A true and correct copy of the Settlement Agreement entered into between the Trustee and Air BP is attached hereto as **Exhibit A**.

2. The avoidance complaint against AEG alleges that AEG received payments from the Debtors during the Preference Period totaling $1,149.831.35. AEG has filed proof of claim no. 3 asserting an unsecured claim in the amount of $420,621.30 ($299,899.69 of which is a priority/administrative claim) and claim no. 6 asserting an unsecured claim in the amount of $127,759.13 (of which $50,282.90 is a priority/administrative claim). AEG may hold certain defenses for some of the transfers alleged in the adversary complaint, including, but not limited to, both the new value and ordinary course of business defenses. The Trustee and AEG have agreed to settle their disputes, whereby: AEG will pay to the Trustee, on behalf of the estate, the sum of $142,000.00 and provide a waiver and withdrawal of Claim nos. 3 and 6. A true and correct copy of the Settlement Agreement entered into between the Trustee and AEG is attached hereto as **Exhibit B**.

3. The avoidance complaint against Universal alleges that Universal received payments from the Debtors during the Preference Period totaling $631,537.28. Universal has filed proof of claims no. 116 asserting a general unsecured claim in the amount of $2,441,791.73 in the Zetta PTE case; proof of claim no. 128 asserting a general unsecured claim in the amount of $1,763,820.93 and

[1] The full terms and provisions of each of the settlements are set forth in the Settlement Agreements attached hereto as **Exhibits A, B and C**.

a secured claim of $346,309.73 in the Zetta USA case; and, proof of claim no. 195 asserting an administrative claim in the amount of $5,170.00 in the Zetta PTE case. Universal may hold defenses for some of the transfers alleged in the adversary complaint, including, but not limited to, both the new value and ordinary course of business defenses. The Trustee and Universal have agreed to settle their disputes, whereby: Universal will pay to the Trustee, on behalf of the estates, the sum of $326,500.00 and waive and withdraw all filed proofs of claim (claim nos. 116, 128 and 195). A true and correct copy of the Settlement Agreement entered into between the Trustee and Universal is attached hereto as **Exhibit C.**

The Trustee recognizes that it will require material legal expense and time to litigate the factual and legal issues involved concerning each of the adversary proceedings. After careful consideration of the expense, delay and risks of litigating matters to a final judgment, the Trustee in the exercise of his business judgment has entered into each of the Settlement Agreements. The Trustee believes that each of the Settlement Agreements is in the best interest of creditors of the Debtors' estates.

## III. RELIEF REQUESTED

By this Motion, the Trustee seeks the entry of an order pursuant to Bankruptcy Rule 9019(a), approving the attached Settlement Agreements.

## IV. BASIS FOR RELIEF REQUESTED

The Ninth Circuit has recognized that a bankruptcy court has great latitude in approving compromise agreements. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380–81 (9th Cir. 1986). "The purpose of a compromise agreement is to allow the debtor and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Id.*

Bankruptcy Rule 9019(a) provides, "On motion of the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

In approving a compromise under Bankruptcy Rule 9019, a bankruptcy court must find that the compromise is fair and equitable and that the negotiations between the parties were conducted in

good faith. *Joy v. Schwarz Publ'g Inc. (In re Schwarz Publ'g, Inc.)*, 398 Fed. Appx. 321, 321 (9th Cir. 2010). Nevertheless, a bankruptcy court need not conduct an exhaustive investigation or a mini-trial into the validity of the merits of the claims sought to be compromised. *United States v. Alaska Nat'l Bank of the North*, 669 F.2d 1325, 1328 (9th Cir. 1982); *SEC v. Ruderman*, 2011 U.S. Dist. LEXIS 134653, at *9-10 (C.D. Cal. Nov. 21, 2011). Rather, the bankruptcy court need only canvas the issues to determine whether the settlement falls below the lowest point of the range of reasonableness. *Marlow v. Zamora (In re Marlow)*, 2011 Bankr. LEXIS 892, at *21 (B.A.P. 9th Cir. Feb. 1, 2011); *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997). In determining the acceptability of a proposed compromise, the court should specifically consider the following factors:

a. the probability of success in litigation;

b. the difficulties, if any, to be encountered in the matter of collection;

c. the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

d. the paramount interest of the creditors and a proper deference to their reasonable views.

*A&C Properties*, 784 F.3d at 1381.

Applying the above-described standard to the Settlement Agreements, the Trustee believes that the settlements are each fair, equitable, in the best interests of the Debtors' estates, and well within the bounds of reasonableness.

The first *A&C Properties* factor weighs in favor of approving the Settlement Agreements because it fairly reflects the parties' litigation risk. The Trustee believes that the claims are strong but that Defendants each may provide substantial defenses to the claims which may significantly reduce the amount of the claims and which if litigated may be less than the settlement amount.

The second *A&C Properties* factor is not relevant with respect to the Defendants. The Trustee would likely not face difficulties in collection; however, this fact is of little import given the cost and risk associated with litigation of each of the Adversary Proceedings.

The third *A&C Properties* factor strongly supports approval of the Settlement Agreements. The Trustee's continued prosecution of each of the Adversary Proceedings will undoubtedly present additional cost and delay to the estates, with no likely increase in recovery to the estates beyond the settlement payments set forth in the Settlement Agreements. The costs and time associated with litigation will needlessly consume estate resources and delay resolution of the Bankruptcy Cases. Specifically, litigation regarding preferential transfers is often fact intensive, requiring significant and expensive discovery, including document production and depositions. The settlements are beneficial to the estates because they strike a fair compromise without requiring the Zetta estates to bear the burdens associated with further litigation. Additionally, the settlement amounts take into consideration the risks and costs associated with litigation.

Finally, the fourth *A&C Properties* factor also weighs in favor of approving the Settlement Agreements, as the interests of creditors will be enhanced. "This factor is thus interwoven with considerations of expense, delay, and risk." *In re Marples*, 266 B.R. 202, 207 (Bankr. D. Idaho 2001). The Settlements will conserve estate assets by avoiding litigation expenses, thereby avoiding erosion of the assets ultimately available for distribution to creditors. Additionally, the settlements will result in the withdrawal of approximately $4.95 million in unsecured claims filed in the Bankruptcy cases (of which approximately $355,352 are administrative claims) and will avoid further delays in administering the estates.

In light of the avoidance of litigation costs and delay and the economic benefit to the Debtors' estates and their creditors, the Settlement Agreements are in the best interests of the Debtors and their estates.

## V. CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

1. Finding that notice of the Motion is good and proper under the circumstances of the case;

2. Granting the Motion in its entirety;

3. Approving the Settlement Agreements attached hereto as **Exhibits A**, **B and C**;

4. Authorizing the Trustee to enter into and take all actions necessary to consummate each of the Settlement Agreements; and

5. Grant such other and further relief as is just and appropriate under the circumstances of the case.

DATED: February 19, 2020

BRUTZKUS GUBNER

By: /s/ Robyn B. Sokol
Robyn B. Sokol
Special Litigation Counsel for Jonathan D. King, Chapter 7 Trustee for Zetta Jet USA, Inc. and Zetta Jet PTE, LTD.

## DECLARATION OF JONATHAN D. KING[2]

I, Jonathan D. King, hereby declarant as follows:

1. I am over eighteen years of age. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would testify competently with respect thereto.

2. I am the Chapter 7 Trustee of Zetta Jet USA, Inc. ("Zetta USA") and Zetta Jet PTE, Ltd. ("Zeta PTE"), and together with Zetta USA, the "Debtors" or "Zetta" in the above-captioned jointly administered bankruptcy cases. I submit this Declaration in support of the *Motion for an Order Approving Compromises of Controversies*.

3. On September 15, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the Bankruptcy Cases.

4. On December 4, 2017, the Bankruptcy Cases were converted to cases under chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(a).

5. On December 5, 2017, I was appointed by the Bankruptcy Court to serve as chapter 7 interim trustee. Following the Section 341(a) meeting of creditors that was held on January 8, 2018, I became the permanent trustee for the Bankruptcy Cases and commenced an analysis of all transfers made within the 90-days before the Petition Date (the "Preference Period").

6. On or about September 12, 2019, I initiated through my counsel separate adversary proceedings against BP Air, AEG and Universal (Adversary Case Numbers 2:19-ap-01337-SK, 2:19-ap-01303-SK, 2:17-bk-21386-SK, respectively) to avoid and recover preferential and or fraudulent transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code.

7. After careful consideration of the expense, delay and risks of litigating matters to a final judgment, as well as the defenses raised by the Defendants and evidence provided to support such defenses, and in the exercise of my business judgment, I believe that entering into the settlements and each of the Settlement Agreements is in the best interest of the Zetta estates and Zetta's creditors.

---

[2] All initial capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

8. I believe in my business judgment that each of the Settlement Agreements is in the best interests of the Debtors and their estates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 20th day of February, 2020 at Chicago, Illinois.

Jonathan D. King, Chapter 7 Trustee for the Zetta Jet PTE, LLC and Zetta Jet USA, LLC

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Settlement Agreement**") is entered into between Jonathan D. King, solely in his capacity as the Chapter 7 Trustee (and the former Chapter 11 Trustee) (the "**Trustee**") for the Chapter 7 debtors, Zetta Jet USA, Inc. ("**Zetta USA**") and Zetta Jet PTE, Ltd. ("**Zetta PTE**," and together with Zetta USA, the "**Debtors**"), on the one hand, and Air BP LTD.; BP Products, NA ("**Defendants**") on the other hand. The Trustee and Defendants (together referred to as the "**Parties**"), agree as follows:

## RECITALS

A. The Debtors operated as a private flight operator for international business and luxury travel, operating a fleet of private luxury jet aircrafts which it owned and leased, employing professional pilots and crews to serve routes domestically across the United States and around the world to A-list celebrities and an ultra-wealthy clientele base.

B. Zetta USA maintained its main office and hangar in Burbank, California. Zetta PTE, which had its main office in Singapore, is the parent and sole shareholder of Zetta USA, and its management was located in Burbank, California.

C. The Debtors' bankruptcy cases (the "**Cases**") were commenced on or about September 15, 2017, (the "**Petition Date**"), when a voluntary petition was filed for relief under Chapter 11 of the Bankruptcy Code, Bankruptcy Case No. 2:17-bk-21386-SK for Zetta USA and Bankruptcy Case No. 2:17-bk-21387-SK for Zetta Jet PTE, which cases are currently pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**").

D. On or about October 11, 2017, Plaintiff Jonathan King was appointed the Chapter 11 Trustee. On December 4, 2017, this Court entered orders granting the Trustee's motions to convert the Debtors' Chapter 11 Cases to cases under Chapter 7 [Docket No. 452 for Zetta USA and Docket No. 52 for Zetta PTE].

E. On December 5, 2017, the *Notice of Appointment of Trustee and Fixing of Bond* was filed, indicating that the U.S. Trustee appointed Plaintiff Jonathan King to serve as the Chapter 7 Interim Trustee [Docket No. 458 for Zetta USA and Docket No. 53 for Zetta PTE]. After the Section 341(a) meeting of creditors that was held on January 8, 2018, Jonathan King became the permanent Trustee.

F. The Trustee commenced an adversary proceeding before the Court in Adv. No. 2:19-ap-01337-SK by the filing of the *Complaint To Avoid And Recover Preferential Transfers Pursuant To 11 U.S.C. §§ 547(b), 548(a), 550 and 502* (the "**Adversary Proceeding**") asserting that the Debtors made transfer(s) as set forth in Exhibit A to the complaint totaling $469,319.65 to Defendants (the "**Transfers**") that are avoidable under the provisions of Sections 547-550 of the Code for the benefit of the Debtors' estates ("**Estates**").

G. Following good faith negotiations, the Trustee and the Defendants desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of further litigation.

NOW, THEREFORE, in accordance with the *Order Granting Motion of Chapter 7 Trustee for Zetta Jet USA, Inc. and Zetta jet PTE, LTD. Establishing Procedures Governing Adversary Proceedings Pursuant To Sections 547, 548 and 550 of the Bankruptcy Code* [Docket No. 967] ("**Procedures Order**") and in consideration of the mutual terms and covenants to be performed by each party, the Parties agree as follows:

## AGREEMENT

1. Settlement Payment. In exchange for the release described in paragraph 6 of this Settlement Agreement, Defendants shall within ten (10) calendar days following the entry of a final non-appealable order of the Bankruptcy Court approving this Settlement Agreement ("**Settlement Effective Date**") pay, or cause to be paid, One Hundred Fifty Thousand Dollars, $150,000 (the "**Settlement Payment**") to the Trustee in accordance with the payment instructions set forth in Exhibit A hereto.

2. Bankruptcy Court. The Parties agree to promptly submit this Settlement Agreement to the Bankruptcy Court for approval pursuant to Bankruptcy Rule 9019 and to jointly cooperate using best commercial efforts to obtain the Bankruptcy Court's approval thereof. If the Bankruptcy Court does not approve the Settlement Agreement, then the rights and obligations of the Parties shall revert to the status applicable immediately preceding the Parties' execution of the Settlement Agreement (including providing Defendants an additional 30 days to respond to the Complaint, starting with the date on which the Bankruptcy Court declines to approve the Settlement Agreement), and the Settlement Agreement and all of the rights and obligations of the Parties thereunder shall automatically expire and be of no further force and effect.

3. Release and Waiver of Claim. Defendants hereby release and waive the following proofs of claim: Claim No. 156 filed on April 19, 2018 as an unsecured claim in the amount of $8,349.08 and Claim No. 161 filed on April 19, 2018 as an unsecured claim in the amount of $191,832.91. Defendants shall execute the Withdrawal of Proofs of Claim attached hereto and send them to the attention of Nikola Fields at Brutzkus Gubner, 21560 Oxnard Street, Suite 500, Woodland Hills, CA 91367 to be filed with the Bankruptcy Court once an order approving the Settlement Agreement by the Bankruptcy Court becomes a final non-appealable order.

4. On the Settlement Effective Date, Defendants shall be deemed to have waived and released any and all claims that it may have against the Debtors arising out of the facts set forth in the Adversary Proceeding, including any claim arising under section 502(h) of the Bankruptcy Code for, or on account of, its payment of the Settlement Payment.

5. Defendants shall not file any proofs of claim in the Debtors' bankruptcy cases in connection with the Settlement Payment, and any such claim shall be deemed immediately expunged without any further order of the Bankruptcy Court.

6. Mutual Releases. Both Parties acknowledge this Settlement Agreement is intended to fully resolve the Defendants' liabilities, if any, for the Transfers made by the Debtor(s) to the Defendants. On the Settlement Effective Date, Trustee and Defendants do forever release, acquit and forever discharge each other and all of their officers, directors, employees, representatives, agents and professionals, and all of their respective successors and assigns, from any and all liability for the Transfers made by the Debtor to Defendants.

7. Dismissal of Adversary Proceeding. After the Settlement Effective Date, counsel for the Trustee shall file a notice of dismissal with prejudice in the Adversary Proceeding.

8. No Admission of Liability. Each of the Parties acknowledge this Settlement Agreement as compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

9. Attorney Fees. Each Party shall bear its own attorneys' fees and costs relating to the Transfers settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement,

the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

10. Limitation of Trustee's Liability. Any obligation or liability whatsoever of Jonathan D. King, as Trustee that may arise at any time under this Settlement Agreement shall be solely in his official capacity as Trustee and not in his personal capacity, and shall be satisfied, if at all, out of the assets vested in the Estates. No such obligation or liability shall be personally binding upon Jonathan D. King, either individually or in any other professional capacity, or of any of his agents, employees, representatives or professionals, regardless of whether such obligation of liability is in the nature of contract, tort, or otherwise, and no resort for the enforcement thereof shall ever be had to any or all of their property or assets.

11. Integration. This is an integrated Settlement Agreement. The terms of this Settlement Agreement are contractual and are not merely recitals. This Settlement Agreement supersedes all prior representations and agreements, if any, between the parties or their legal counsel. This Settlement Agreement contains the entire and only understanding between the Parties. It may not be altered, amended or extinguished, except by a writing which expressly refers to this Settlement Agreement and which is signed subsequent to the execution of this Settlement Agreement by the party or parties to any such alteration, amendment or extinguishment, or their successors-in-interest. Any such alteration, amendment or extinguishment must be executed by the party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

12. Severability. If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

13. Construction. This Settlement Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of California and, where applicable, the United States Bankruptcy Code.

14. Jurisdiction. The Bankruptcy Court shall retain jurisdiction over this Settlement Agreement.

15. Miscellaneous. As used in this Settlement Agreement, the masculine, feminine or neuter gender, or the singular or plural number, shall be deemed to include the others, whenever the text so indicates. Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

16. Authority. Each of the signatories to this Settlement Agreement warrants that he or she has the authority to sign on behalf of those Parties for whom the signatory has signed and that no other signature is required.

17. Terms Read and Understood. The Parties to this Settlement Agreement hereby certify that they have read all of the terms of the foregoing Settlement Agreement, have conferred with counsel pertaining to same, or have had the full opportunity to do so, and fully understand all of the terms hereof, and the Parties hereby acknowledge and represent that they enter into this Settlement Agreement of their own free will and not from any representation, commitment, promise, pressure or duress from any of the other Parties.

18. Counterparts and Facsimile and Pdf Signatures. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become

effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart of this Settlement Agreement, subject to Court approval. All counterparts so executed shall constitute one Settlement Agreement binding on all the Parties hereto, subject to Court approval, notwithstanding that all Parties are not signatories to the same counterpart. A facsimile signature or electronically-imaged signature in "pdf" format shall, for purposes of this Settlement Agreement, be deemed to constitute an original signature and be binding as such.

**In Witness Whereof**, the Parties have caused this Settlement Agreement to be executed as of ________, 2020.

For Plaintiff/Trustee:

Brutzkus Gubner

By: ________________
Robyn B. Sokol

For Defendants:

_________________________________

By: ________________________________
Print Name: ____________________
Title: _____________________________

2240936

# EXHIBIT A: Settlement Payment Instructions

**If By Wire**
**Zetta Wire Instructions**

| | |
|---|---|
| Bank Name: | Signature Bank |
| Address | 950 Third Avenue<br>9th Floor<br>New York NY 10022 |
| ABA | 026013576 |
| SWIFT | SIGNUS33 |
| Account Name | Acumen Recovery Services LLC |
| Account Number | Redacted |

**If By Check**

**Payable To: Acumen Recovery Services, LLC with "Zetta Jet" in the memo**

**If By Check (Regular Mail)**

Acumen Recovery Services LLC
PO Box 40, FDR Station
New York, NY 10150

**If By Check (Overnight Mail)**

Acumen Recovery Services LLC
909 Third Avenue
#40
New York, NY 10150

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT ("**Settlement Agreement**") is entered into between Jonathan D. King, solely in his capacity as the Chapter 7 Trustee (and the former Chapter 11 Trustee) (the "**Trustee**") for the Chapter 7 debtors, Zetta Jet USA, Inc. ("**Zetta USA**") and Zetta Jet PTE, Ltd. ("**Zetta PTE**," and together with Zetta USA, the "**Debtors**"), on the one hand, and Associated Energy Group, LLC (AEG FUELS) a/k/a AEG Fuels ("**Defendant**") on the other hand. The Trustee and Defendant (together referred to as the "**Parties**"), agree as follows:

**RECITALS**

A. The Debtors operated as a private flight operator for international business and luxury travel, operating a fleet of private luxury jet aircrafts which it owned and leased, employing professional pilots and crews to serve routes domestically across the United States and around the world to A-list celebrities and an ultra-wealthy clientele base.

B. Zetta USA maintained its main office and hangar in Burbank, California. Zetta PTE, which had its main office in Singapore, is the parent and sole shareholder of Zetta USA, and its management was located in Burbank, California.

C. The Debtors' bankruptcy cases (the "**Cases**") were commenced on or about September 15, 2017, (the "**Petition Date**"), when a voluntary petition was filed for relief under Chapter 11 of the Bankruptcy Code, Bankruptcy Case No. 2:17-bk-21386-SK for Zetta USA and Bankruptcy Case No. 2:17-bk-21387-SK for Zetta Jet PTE, which cases are currently pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**").

D. On or about October 11, 2017, Plaintiff Jonathan King was appointed the Chapter 11 Trustee. On December 4, 2017, this Court entered orders granting the Trustee's motions to convert the Debtors' Chapter 11 Cases to cases under Chapter 7 [Docket No. 452 for Zetta USA and Docket No. 52 for Zetta PTE].

E. On December 5, 2017, the *Notice of Appointment of Trustee and Fixing of Bond* was filed, indicating that the U.S. Trustee appointed Plaintiff Jonathan King to serve as the Chapter 7 Interim Trustee [Docket No. 458 for Zetta USA and Docket No. 53 for Zetta PTE]. After the Section 341(a) meeting of creditors that was held on January 8, 2018, Jonathan King became the permanent Trustee.

F. The Trustee commenced an adversary proceeding before the Court in Adv. No. 2:19-ap-01303-SK by the filing of the *Complaint To Avoid And Recover Preferential Transfers Pursuant To 11 U.S.C. §§ 547(b), 548(a), 550 and 502* (the "**Adversary Proceeding**") asserting that the Debtors made transfer(s) as set forth in Exhibit A to the complaint totaling $1,149,831.35 to Defendant (the "**Transfers**") that are avoidable under the provisions of Sections 547-550 of the Code for the benefit of the Debtors' estates ("**Estates**").

G. Following good faith negotiations, the Trustee and the Defendant desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of further litigation.

NOW, THEREFORE, in accordance with the *Order Granting Motion of Chapter 7 Trustee for Zetta Jet USA, Inc. and Zetta jet PTE, LTD. Establishing Procedures Governing Adversary Proceedings Pursuant To Sections 547, 548 and 550 of the Bankruptcy Code* [Docket No. 967] ("**Procedures Order**") and in consideration of the mutual terms and covenants to be performed by each party, the Parties agree as follows:

**AGREEMENT**

1. Settlement Payment. In exchange for the releases described in paragraphs 3, 4, and 6 of this Settlement Agreement, Defendant shall within ten (10) calendar days following the entry of a final non-appealable order of the Bankruptcy Court approving this Settlement Agreement ("**Settlement Effective Date**") pay, or cause to be paid, One Hundred Forty-Two Thousand Dollars, $142,000.00 (the "**Settlement Payment**") to the Trustee in accordance with the payment instructions set forth in Exhibit A hereto.

2. Bankruptcy Court. The Parties agree to promptly submit this Settlement Agreement to the Bankruptcy Court for approval pursuant to Bankruptcy Rule 9019 and to jointly cooperate using best commercial efforts to obtain the Bankruptcy Court's approval thereof. If the Bankruptcy Court does not approve the Settlement Agreement, then the rights and obligations of the Parties shall revert to the status applicable immediately preceding the Parties' execution of the Settlement Agreement (including providing Defendant an additional 30 days to respond to the Complaint, starting with the date on which the Bankruptcy Court declines to approve the Settlement Agreement), and the Settlement Agreement and all of the rights and obligations of the Parties thereunder shall automatically expire and be of no further force and effect.

3. Release and Waiver of Claim. Defendant hereby releases and waives the following proofs of claim: Claim No. 3 filed on October 18, 2017 as a partial priority/administrative and unsecured claim in the amount of $420,621.30 ($299,899.69 of which is filed as a priority/administrative), and Claim No. 6 filed on October 18, 2017 as a partial priority/administrative and unsecured claim in the amount of $127,759.13 ($50,282.90 of which is filed as a priority/administrative) (collectively, "**AEG Claims**"). Defendant shall execute Withdrawals of the AEG Claims and send them to the attention of Nikola Fields at Brutzkus Gubner, 21560 Oxnard Street, Suite 500, Woodland Hills, CA 91367 to be filed with the Bankruptcy Court once an order approving the Settlement Agreement by the Bankruptcy Court becomes a final non-appealable order.

4. On the Settlement Effective Date, Defendant shall be deemed to have waived and released any and all claims that it may have against the Debtors arising out of the facts set forth in the Adversary Proceeding, including any claim arising under section 502(h) of the Bankruptcy Code for, or on account of, its payment of the Settlement Payment.

5. Defendant shall not file any proofs of claim in the Debtors' bankruptcy cases in connection with the Settlement Payment, and any such claim shall be deemed immediately expunged without any further order of the Bankruptcy Court.

6. Mutual Releases. Both Parties acknowledge this Settlement Agreement is intended to fully resolve the Defendant's liabilities, if any, for the Transfers made by the Debtor(s) to the Defendant, the Cases and the AEG Claims. On the Settlement Effective Date, Trustee and Defendant do forever release, acquit and forever discharge each other and all of their officers, directors, employees, representatives, agents and professionals, and all of their respective successors and assigns, from any and all liability related to the Transfers made by the Debtor to Defendant, the Cases, and the AEG Claims.

7. Dismissal of Adversary Proceeding. After the Settlement Effective Date, counsel for the Trustee shall file a notice of dismissal with prejudice in the Adversary Proceeding.

8. No Admission of Liability. Each of the Parties acknowledge this Settlement Agreement as compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

9. Attorney Fees. Each Party shall bear its own attorneys' fees and costs relating to the Transfers settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

10. Limitation of Trustee's Liability. Any obligation or liability whatsoever of Jonathan D. King, as Trustee that may arise at any time under this Settlement Agreement shall be solely in his official capacity as Trustee and not in his personal capacity, and shall be satisfied, if at all, out of the assets vested in the Estates. No such obligation or liability shall be personally binding upon Jonathan D. King, either individually or in any other professional capacity, or of any of his agents, employees, representatives or professionals, regardless of whether such obligation of liability is in the nature of contract, tort, or otherwise, and no resort for the enforcement thereof shall ever be had to any or all of their property or assets.

11. Integration. This is an integrated Settlement Agreement. The terms of this Settlement Agreement are contractual and are not merely recitals. This Settlement Agreement supersedes all prior representations and agreements, if any, between the parties or their legal counsel. This Settlement Agreement contains the entire and only understanding between the Parties. It may not be altered, amended or extinguished, except by a writing which expressly refers to this Settlement Agreement and which is signed subsequent to the execution of this Settlement Agreement by the party or parties to any such alteration, amendment or extinguishment, or their successors-in-interest. Any such alteration, amendment or extinguishment must be executed by the party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

12. Severability. If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

13. Construction. This Settlement Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of California and, where applicable, the United States Bankruptcy Code.

14. Jurisdiction. The Bankruptcy Court shall retain jurisdiction over this Settlement Agreement.

15. Miscellaneous. As used in this Settlement Agreement, the masculine, feminine or neuter gender, or the singular or plural number, shall be deemed to include the others, whenever the text so indicates. Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

16. Authority. Each of the signatories to this Settlement Agreement warrants that he or she has the authority to sign on behalf of those Parties for whom the signatory has signed and that no other signature is required.

17. Terms Read and Understood. The Parties to this Settlement Agreement hereby certify that they have read all of the terms of the foregoing Settlement Agreement, have conferred with counsel pertaining to same, or have had the full opportunity to do so, and fully understand all of the terms hereof, and the Parties hereby acknowledge and represent that they enter into this Settlement Agreement of their own free will and not from any representation, commitment, promise, pressure or duress from any of the other Parties.

18. Counterparts and Facsimile and Pdf Signatures. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart of this Settlement Agreement, subject to Court approval. All counterparts so executed shall constitute one Settlement Agreement binding on all the Parties hereto, subject to Court approval, notwithstanding that all Parties are not signatories to the same counterpart. A facsimile signature or electronically-imaged signature in "pdf" format shall, for purposes of this Settlement Agreement, be deemed to constitute an original signature and be binding as such.

**In Witness Whereof**, the Parties have caused this Settlement Agreement to be executed as of February 12, 2020.

For Plaintiff/Trustee:

Brutzkus Gubner

By: ____________________
Robyn B. Sokol

For Defendant:

ASSOCIATED ENERGY GROUP, LLC

____________________________________

By: ____________________________________
Print Name: _Christopher Clementi____________
Title: ___Chief Operating Officer____________

# EXHIBIT A: Settlement Payment Instructions

**If By Wire**
**Zetta Wire Instructions**

| | |
|---|---|
| Bank Name: | Signature Bank |
| Address | 950 Third Avenue<br>9th Floor<br>New York NY 10022 |
| ABA | 026013576 |
| SWIFT | SIGNUS33 |
| Account Name | Acumen Recovery Services LLC |
| Account Number | Redacted |

**If By Check**

**Payable To: Acumen Recovery Services, LLC with "Zetta Jet" in the memo**

**If By Check (Regular Mail)**

Acumen Recovery Services LLC
PO Box 40, FDR Station
New York, NY 10150

**If By Check (Overnight Mail)**

Acumen Recovery Services LLC
909 Third Avenue
#40
New York, NY 10150

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Settlement Agreement**") is entered into between Jonathan D. King, solely in his capacity as the Chapter 7 Trustee (and the former Chapter 11 Trustee) (the "**Trustee**") for the Chapter 7 debtors, Zetta Jet USA, Inc. ("**Zetta USA**") and Zetta Jet PTE, Ltd. ("**Zetta PTE**," and together with Zetta USA, the "**Debtors**"), on the one hand, and Universal Weather & Aviation, Inc. ("**UWA**"), on the other hand. The Trustee and UWA (together referred to as the "**Parties**"), agree as follows:

## RECITALS

A. The Debtors operated as a private flight operator for international business and luxury travel, operating a fleet of private luxury jet aircrafts which it owned and leased, employing professional pilots and crews to serve routes domestically across the United States and around the world to A-list celebrities and an ultra-wealthy clientele base.

B. Zetta USA maintained its main office and hangar in Burbank, California. Zetta PTE, which had its main office in Singapore, is the parent and sole shareholder of Zetta USA, and its management was located in Burbank, California.

C. The Debtors' bankruptcy cases (the "**Bankruptcy Cases**") were commenced on or about September 15, 2017, (the "**Petition Date**"), when a voluntary petition was filed for relief under Chapter 11 of the Bankruptcy Code, Bankruptcy Case No. 2:17-bk-21386-SK for Zetta USA and Bankruptcy Case No. 2:17-bk-21387-SK for Zetta Jet PTE, which cases are currently pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**").

D. On or about October 11, 2017, Plaintiff Jonathan King was appointed the Chapter 11 Trustee. On December 4, 2017, this Court entered orders granting the Trustee's motions to convert the Debtors' Chapter 11 Cases to cases under Chapter 7 [Docket No. 452 for Zetta USA and Docket No. 52 for Zetta PTE].

E. On December 5, 2017, the *Notice of Appointment of Trustee and Fixing of Bond* was filed, indicating that the U.S. Trustee appointed Plaintiff Jonathan King to serve as the Chapter 7 Interim Trustee [Docket No. 458 for Zetta USA and Docket No. 53 for Zetta PTE]. After the Section 341(a) meeting of creditors that was held on January 8, 2018, Jonathan King became the permanent Trustee.

F. Prior to the Petition Date, pursuant to written agreements between UWA and each of the Debtors, UWA and its subsidiaries and divisions, including Universal Fuels, Inc., UVair, and Uvair European Fuelling Services Limited (collectively, the "**UWA Parties**"), provided, coordinated, procured, and arranged business aviation services, including without limitation, trip support services, fuel services, ground support services, and trip tools, for the Debtors and the aircraft vehicles that the Debtors owned, leased, and operated (collectively, the "**UWA Services**").

G. The Trustee commenced an adversary proceeding before the Court in Adv. No. 2:19-ap-01328-SK by the filing of the *Complaint To Avoid And Recover Preferential Transfers Pursuant To 11 U.S.C. §§ 547(b), 548(a), 550 and 502* (the "**Adversary Proceeding**") asserting that the Debtors made transfer(s) as set forth in Exhibit A to the complaint totaling $631,537.28 to UWA (the "**Transfers**") that are avoidable under the provisions of Sections 547-550 of the Code for the benefit of the Debtors' estates ("**Estates**").

H. In addition to the claims alleged in the Adversary Proceeding, the Trustee has asserted that he may have claims, causes of action, rights and remedies, if any, that may be available to the Trustee in the High Court of the Republic of Singapore (the "Singaporean Claims").

I. Following good faith negotiations, the Trustee and UWA desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of further litigation.

NOW, THEREFORE, in accordance with the *Order Granting Motion of Chapter 7 Trustee for Zetta Jet USA, Inc. and Zetta Jet PTE, LTD. Establishing Procedures Governing Adversary Proceedings Pursuant To Sections 547, 548 and 550 of the Bankruptcy Code* [Docket No. 967] ("**Procedures Order**") and in consideration of the mutual terms and covenants to be performed by each party, the Parties agree as follows:

**AGREEMENT**

1. Settlement Payment. In exchange for the waivers and releases described in paragraphs 3, 4, 6, 7, and 8 of this Settlement Agreement, UWA shall, within ten (10) business days following the Settlement Effective Date (defined in paragraph 2 below), pay, or cause to be paid, Three Hundred Twenty-Six Thousand Five Hundred Dollars, $326,500.00 (the "**Settlement Payment**") to the Trustee in accordance with the payment instructions set forth in Exhibit A hereto.

2. Bankruptcy Court. The Trustee shall file with the Bankruptcy Court a motion seeking an order approving this Settlement Agreement pursuant to Bankruptcy Rule 9019, which order shall be in a form reasonably acceptable to UWA. The Parties will jointly cooperate using best commercial efforts to obtain the Bankruptcy Court's approval thereof. This Settlement Agreement is subject to and conditioned upon the approval of the Bankruptcy Court and shall not become effective until the date that the order approving the Settlement Agreement becomes final and non-appealable ("**Settlement Effective Date**"). If the Bankruptcy Court does not approve the Settlement Agreement, then the rights and obligations of the Parties shall revert to the status applicable immediately preceding the Parties' execution of the Settlement Agreement (including providing UWA an additional 30 days to respond to the Complaint, starting with the date on which the Bankruptcy Court declines to approve the Settlement Agreement), and the Settlement Agreement and all of the rights and obligations of the Parties thereunder shall automatically expire and be deemed void and of no further force and effect.

3. Release and Waiver of Claims. The UWA Parties hereby release and waive the following proofs of claim: Claim No. 116 filed on April 16, 2018 in the Zetta PTE case as an unsecured claim in the amount of $2,441,791.73; Claim No. 128 filed on April 16, 2018 in the Zetta USA case as an unsecured claim in the amount of $1,763.820.93 and secured claim in the amount of $346,309.73, totaling $2,110,130.66; and Claim No. 195 filed in the Zetta PTE Case as an administrative claim in the amount of $5,170. UWA shall execute and cause to be filed with the Bankruptcy Court withdrawals of the above-referenced claims within 10 business days of the Settlement Effective Date.

4. On the Settlement Effective Date, UWA shall be deemed to have waived and released any and all claims that it may have against the Debtors arising out of the facts set forth in the Adversary Proceeding, including any claim arising under section 502(h) of the Bankruptcy Code for, or on account of, its payment of the Settlement Payment.

5. UWA shall not file any proofs of claim in the Debtors' Bankruptcy Cases in connection with the Settlement Payment, and any such claim shall be deemed immediately expunged without any further order of the Bankruptcy Court.

6. Release of Claims by the Trustee/Debtors. Except for claims and obligations arising under this Settlement Agreement, upon performance of the obligations set forth in Paragraph 1 of this

Settlement Agreement, the Trustee, on behalf of each of the Debtors and their respective bankruptcy Estates (collectively, the "**Debtor Releasing Parties**"), shall be deemed to and does hereby irrevocably and fully withdraw, release, remise, forgive, acquit, settle, compromise and forever discharge the UWA Parties and their divisions, parents, subsidiaries, brands and affiliates, and each of their officers, directors, members, partners, shareholders, employees, contractors, attorneys, agents, representatives, successors, and assigns (collectively the "**UWA Released Parties**") from any and all claims, demands, debts, liabilities, contracts, obligations, accounts, torts, causes of action, or claims for relief of whatever kind or nature, whether known or unknown, suspected or unsuspected, or asserted or unasserted, by the Debtor Releasing Parties or any of them, which the Debtor Releasing Parties or any of them have, may have, claim to have, at any time heretofore had or claimed to have, or may hereafter have or claim to have, against the UWA Released Parties by reason of any transaction, conduct, occurrence, act, omission, fact, or circumstance, including without limitation any claims or causes of action alleged in, arising from, related to, or connected with the UWA Services, the Transfers, the Adversary Proceeding, the Singaporean Claims, the Debtors' Bankruptcy Cases, and/or the Debtors' Estates, by whomever asserted, whether at this time asserted or unasserted, known or suspected, unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, pre-petition or post-petition in the Bankruptcy Cases, that may presently exist or arise in the future, in law or in equity (collectively, the "**Debtor Released Claims**"). The Debtor Releasing Parties agree that this release of the Debtor Released Claims shall operate as a complete bar to any such Debtor Released Claims.

7. Release of Claims by the UWA Parties. Except for claims and obligations arising or preserved under this Settlement Agreement, upon performance of the obligations set forth in Paragraph 1 of this Settlement Agreement, UWA, on its own behalf and on behalf of the UWA Parties ("**UWA Releasing Parties**"), shall be deemed to and does hereby withdraw, release, remise, forgive, acquit, settle, compromise and forever discharge the Debtors, their bankruptcy Estates, the Trustee, and the Trustee's and the Estates' successors, assigns, attorneys, agents, and legal representatives (the "**Trustee/Debtor Released Parties**"), from any and all claims, demands, debts, liabilities, contracts, obligations, accounts, torts, causes of action, or claims for relief of whatever kind or nature, whether known or unknown, suspected or unsuspected, or asserted or unasserted, by the UWA Releasing Parties or any of them, which the UWA Releasing Parties or any of them have, may have, claim to have, at any time heretofore had or claimed to have, or may hereafter have or claim to have, against the Trustee/Debtor Released Parties by reason of any transaction, conduct, occurrence, act, omission, fact, or circumstance, including without limitation any claims or causes of action alleged in, arising from, related to, or connected with the UWA Services, the Transfers, the Adversary Proceeding, the Singaporean Claims, the Debtors' Bankruptcy Cases, and/or the Debtors' Estates, by whomever asserted, whether at this time asserted or unasserted, known or suspected, unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, pre-petition or post-petition in the Bankruptcy Cases, that may presently exist or arise in the future, in law or in equity (collectively, the "**UWA Released Claims**"). The UWA Releasing Parties agree that this release of the UWA Released Claims shall operate as a complete bar to any such UWA Released Claims.

8. Waiver of Statutory Rights. In connection with the releases granted herein, each of the Parties hereby waives all rights which may exist under California Civil Code Section 1542 and/or any similar state or federal law. California Civil Code Section 1542 provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of**

**executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties hereto understand and acknowledge the significance and consequence of their waiver of Section 1542 of the California Civil Code, as well as any other federal or state statute or common law principle of similar effect, and acknowledge that this waiver is a material inducement to and consideration for each Party's execution of this Settlement Agreement. Notwithstanding the provisions of Section 1542 or any similar law of any other jurisdiction, and for purposes of implementing a full and complete release and discharge of each other as set forth above, the Parties expressly agree and acknowledge that they have had full opportunity to investigate the facts before entering into this Settlement Agreement, and that this Settlement Agreement is intended to include and does include in its effect, without limitation, all claims which they do not know or suspect to exist in their favor at the moment of execution hereof, and that this Settlement Agreement expressly contemplates the extinguishment of all such claims.

9. Ownership and Non-Assignment of Released Claims. Each of the Parties represents and warrants to the other that he or it is the sole owner of the rights, claims and interests that are the subject of this Settlement Agreement and that no party or its predecessors has assigned, transferred or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Settlement Agreement.

10. Dismissal of Adversary Proceeding. After the Settlement Effective Date, counsel for the Trustee shall file a notice of dismissal with prejudice in the Adversary Proceeding.

11. No Admission of Liability. Each of the Parties acknowledge this Settlement Agreement is a compromise of disputed claims and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

12. Attorney Fees. Each Party shall bear its own attorneys' fees and costs relating to the settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

13. Limitation of Trustee's Liability. Any obligation or liability whatsoever of Jonathan D. King, as Trustee that may arise at any time under this Settlement Agreement shall be solely in his official capacity as Trustee and not in his personal capacity, and shall be satisfied, if at all, out of the assets vested in the Estates. No such obligation or liability shall be personally binding upon Jonathan D. King, either individually or in any other professional capacity, or of any of his agents, employees, representatives or professionals, regardless of whether such obligation of liability is in the nature of contract, tort, or otherwise, and no resort for the enforcement thereof shall ever be had to any or all of their property or assets.

14. Integration. This is an integrated Settlement Agreement. The terms of this Settlement Agreement are contractual and are not merely recitals. This Settlement Agreement supersedes all prior representations and agreements, if any, between the parties or their legal counsel. This Settlement

Agreement contains the entire and only understanding between the Parties. It may not be altered, amended or extinguished, except by a writing which expressly refers to this Settlement Agreement and which is signed subsequent to the execution of this Settlement Agreement by the party or parties to any such alteration, amendment or extinguishment, or their successors-in-interest. Any such alteration, amendment or extinguishment must be executed by the party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

15. Severability. Each provision of this Settlement Agreement shall be valid and enforceable to the fullest extent provided by law. If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the Settlement Agreement shall remain in full force and effect and shall not be affected, impaired or invalidated, unless the provision that is deemed invalid, void or unenforceable was a material inducement to or material consideration for the execution of this Settlement Agreement.

16. Construction. This Settlement Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of California and, where applicable, the United States Bankruptcy Code.

17. Jurisdiction. The Bankruptcy Court shall retain jurisdiction over this Settlement Agreement.

18. Miscellaneous. As used in this Settlement Agreement, the masculine, feminine or neuter gender, or the singular or plural number, shall be deemed to include the others, whenever the text so indicates. Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

19. Authority. Each of the signatories to this Settlement Agreement warrants that he or she has the authority to sign on behalf of those Parties for whom the signatory has signed and that no other signature is required.

20. Terms Read and Understood. The Parties to this Settlement Agreement hereby certify, represent and warrant that they have read all of the terms of the foregoing Settlement Agreement, have conferred with counsel pertaining to same, or have had the full opportunity to do so, and fully understand all of the terms hereof, and the Parties hereby acknowledge and represent that they enter into this Settlement Agreement of their own free will and not from any representation, commitment, promise, pressure or duress from any of the other Parties.

21. Survival of Warranties. The representations and warranties contained in this Settlement Agreement are deemed to and do survive the execution hereof.

22. Counterparts and Facsimile and Pdf Signatures. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart of this Settlement Agreement, subject to Court approval. All counterparts so executed shall constitute one Settlement Agreement binding on all the Parties hereto, subject to Court approval,

notwithstanding that all Parties are not signatories to the same counterpart. A facsimile signature or electronically-imaged signature in "pdf" format shall, for purposes of this Settlement Agreement, be deemed to constitute an original signature and be binding as such.

**In Witness Whereof**, the Parties have caused this Settlement Agreement to be executed as of ________, 2020.

Plaintiff/Trustee:

______________________
Jonathan D. King, as chapter 7 trustee for the bankruptcy estates of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.

Dated: 2/20/20

For UWA:

______________________

By: ______________________
Print Name: ______________________
Title: ______________________
Dated: ______________________

notwithstanding that all Parties are not signatories to the same counterpart. A facsimile signature or electronically-imaged signature in "pdf" format shall, for purposes of this Settlement Agreement, be deemed to constitute an original signature and be binding as such.

**In Witness Whereof**, the Parties have caused this Settlement Agreement to be executed as of ________, 2020.

Plaintiff/Trustee:

____________________
Jonathan D. King, as chapter 7 trustee for the bankruptcy estates of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.

Dated: ________________

For UWA:

____________________

By: ____________________
Print Name: Omar Fahel
Title: Senior VP and General Counsel
Dated: 2/18/20

# EXHIBIT A: Settlement Payment Instructions

**If By Wire**
**Zetta Wire Instructions**

| | |
|---|---|
| Bank Name: | Signature Bank |
| Address | 950 Third Avenue<br>9th Floor<br>New York NY 10022 |
| ABA | 026013576 |
| SWIFT | SIGNUS33 |
| Account Name | Acumen Recovery Services LLC |
| Account Number | Redacted |

**If By Check**

**Payable To: Acumen Recovery Services, LLC with "Zetta Jet" in the memo**

**If By Check (Regular Mail)**

Acumen Recovery Services LLC
PO Box 40, FDR Station
New York, NY 10150

**If By Check (Overnight Mail)**

Acumen Recovery Services LLC
909 Third Avenue
#40
New York, NY 10150

Main Document Page 29 of 33

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **Brutzkus Gubner, 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.**

A true and correct copy of the foregoing document entitled: **Motion For Order Approving Compromises Of Controversies Between The Trustee And: (1) Air BP Ltd And BP Products, NA; (2) Associated Energy Group LLC; And (3) Universal Weather & Aviation, Inc. Pursuant To Bankruptcy Rule 9019; Memorandum Of Points And Authorities; Declaration Of Jonathan D. King In Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by [LBR 5005-2(d)]; and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 20, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 20, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra R. Klein
United States Bankruptcy Court
for the Central District of California
255 East Temple Street, Suite 1582
Los Angeles, California 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February ____, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2020 | JENNIFER WARNER | /s/ Jennifer Warner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

29

Main Document Page 30 of 33

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Tanya Behnam** tbehnam@polsinelli.com, tanyabehnam@gmail.com
- **Ron Bender** rb@lnbyb.com
- **Stephen F Biegenzahn** efile@sfblaw.com
- **Jonathan Boustani** jboustani@btlaw.com
- **Michael D Breslauer** mbreslauer@swsslaw.com, wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com
- **Brian K Condon** Brian.Condon@arnoldporter.com
- **Dawn M Coulson** dcoulson@eppscoulson.com, cmadero@eppscoulson.com
- **Aaron S Craig** acraig@kslaw.com, mtunson@kslaw.com;eripley@kslaw.com;mciatti@kslaw.com
- **Scott D Cunningham** scunningham@condonlaw.com, epatmore@condonlaw.com
- **Robert W Davis** robert.davis@hklaw.com, pauline.nye@hklaw.com;leizl.hinajon@hklaw.com
- **Cecily A Dumas** Cecily.dumas@pillsburylaw.com
- **Jamie L Edmonson** jedmonson@rc.com, lshaw@rc.com
- **Scott Ewing** contact@omnimgt.com, sewing@omnimgt.com;ecf@omnimgt.com;docketalarm-ecf-cacb-5715976304852992@inbound.docketalarm.com
- **Alan W Forsley** alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **John-Patrick M Fritz** jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Amir Gamliel** amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Jonathan L Gerber** jgerber@millermenthelaw.com, sjohal@millermenthelaw.com
- **Robert P Goe** kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Debra I Grassgreen** dgrassgreen@pszyjw.com
- **Michael S Greger** mgreger@allenmatkins.com, kpreston@allenmatkins.com
- **David M. Guess** guessd@gtlaw.com
- **Brian D Huben** hubenb@ballardspahr.com, carolod@ballardspahr.com
- **William W Huckins** whuckins@allenmatkins.com, clynch@allenmatkins.com
- **Tiffany M Ikeda** tiffany.ikeda@arnoldporter.com, vicky.apodaca@arnoldporter.com;natasha.brunstein@arnoldporter.com;mary.aertker@arnoldporter.com
- **Robbin L. Itkin** robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com
- **Lawrence M Jacobson** lmj@gfjlawfirm.com
- **Jeanne M Jorgensen** jjorgensen@pj-law.com, cpage@pj-law.com
- **Michael D Kibler** Mkibler@stblaw.com, Janie.franklin@stblaw.com;raul.duran@stblaw.com
- **Jonathan D King (TR)** jonathan.king@dlapiper.com
- **Robert Labate**
- **Paul J Laurin** plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- **Dare Law** dare.law@usdoj.gov
- **Matthew A Lesnick** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Blake J Lindemann** Blake@lawbl.com, Nataly@lawbl.com
- **Michael B Lubic** michael.lubic@klgates.com, jonathan.randolph@klgates.com
- **John W Lucas** jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **John K Lyons** , john-lyons-7790@ecf.pacerpro.com
- **John K Lyons** john.lyons@us.dlapiper.com, john-lyons-7790@ecf.pacerpro.com
- **Ron Maroko** ron.maroko@usdoj.gov
- **Daniel J McCarthy** dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- **Michael McCollum** michael@mccollumcounsel.com
- **Thor D McLaughlin** tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- **David W. Meadows** david@davidwmeadowslaw.com
- **Joshua M Mester** jmester@jonesday.com
- **Malcolm D Minnick** dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Daniel T Moss** dtmoss@jonesday.com, dstorborg@JonesDay.com
- **Sabari Mukherjee** notices@becket-lee.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

30

Main Document Page 31 of 33

- **Alan I Nahmias** anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- **Juliet Y Oh** jyo@lnbrb.com, jyo@lnbrb.com
- **Scott H Olson** solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **R Gibson Pagter** gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- **Douglas A Plazak** dplazak@rhlaw.com
- **Jeffrey N Pomerantz** jpomerantz@pszjlaw.com
- **Samuel Price** sprice@pooleshaffery.com, mvalenti@pooleshaffery.com
- **Oscar D Ramallo** oramallo@kayescholer.com
- **Michael B Reynolds** mreynolds@swlaw.com, kcollins@swlaw.com
- **David J Richardson** drichardson@bakerlaw.com, aagonzalez@bakerlaw.com
- **Paul A Rigali** prigali@larsonobrienlaw.com, hpark@larsonobrienlaw.com;UNiv@larsonobrienlaw.com;YGutierrez@larsonobrienlaw.com
- **David M Riley** david.riley@dlapiper.com, david-riley-8770@ecf.pacerpro.com
- **Mary H Rose** mrose@buchalter.com
- **Daniel H Slate** dslate@buchalter.com, smartin@buchalter.com;ifs_filing@buchalter.com
- **Alan D Smith** adsmith@perkinscoie.com, DocketLA@perkinscoie.com,ecf-3ac9070a3959@ecf.pacerpro.com,al-smith-9439@ecf.pacerpro.com
- **Robyn B Sokol** ecf@bg.law, rsokol@bg.law
- **Randye B Soref** rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Nolan Thomas** nolan.thomas@klgates.com, klgatesbankruptcy@klgates.com
- **Andrew Troop** andrew.troop@pillsburylaw.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Victor A Vilaplana** vavilaplana@foley.com, rhurst@foley.com
- **Matthew S Walker** matthew.walker@pillsburylaw.com, renee.evans@pillsburylaw.com,docket@pillsburylaw.com
- **Philip S Warden** philip.warden@pillsburylaw.com, thomas.loran@pillsburylaw.com;kathy.stout@pillsburylaw.com;deirdre.campino@pillsburylaw.com;candy.kleiner@pillsburylaw.com
- **Alan J Watson** alan.watson@hklaw.com, rosanna.perez@hklaw.com
- **Corey R Weber** ecf@bg.law, cweber@bg.law
- **Rebecca J Winthrop** rebecca.winthrop@nortonrosefulbright.com, evette.rodriguez@nortonrosefulbright.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

31

Main Document Page 32 of 33

**3. SERVED BY EMAIL**

| | |
|---|---|
| Air BP Ltd, BP Products<br>c/o Michael J. Venditto<br>Reed Smith LLP<br>Email: mvenditto@reedsmith.com | Associated Energy Group<br>c/o Heather Reis<br>Fox Rothschild<br>Email: HRies@foxrothschild.com |
| Universal Weather & Aviation Inc.<br>c/o Jeanne M. Jorgensen<br>Page & Jorgensen LLP<br>Email: jjorgensen@pj-law.com | |

| **20 Largest Creditors Served via Electronic Mail** | |
|---|---|
| Bombardier Aerospace Corporation<br>c/o Matthew S. Walker<br>Email: matthew.walker@pillsburylaw.com<br>c/o Andrew Troop<br>Email: andrew.troop@pillsburylaw.com | Rolls-Royce Deutschland Ltd & Co KG<br>c/o Paul Laurin<br>Email: paul.laurin@btlaw.com<br>c/o Michael K. McCrory<br>Email: mmccrory@btlaw.com<br>c/o Jonathan Sundheimer<br>Email: jsundheimer@btlaw.com |
| World Fuel Services (Singapore) Pte. Ltd.<br>Attn.: Calvin Chia<br>cchia@wfscorp.com | Universal Fuels, Inc. (UVAir)<br>c/o Jeanne M. Jorgensen<br>Email: jjorgensen@pj-law.com |
| Rainbow Aviation Limited<br>Attn.: Benedict Tan<br>benedicttan@stamfordland.com | CAE Simuflite, Inc.<br>c/o Rebecca J. Winthrop<br>Email: rebecca.winthrop@nortonrosefulbright.com |
| Hongkong & Shanghai Banking Corp Ltd<br>c/o Jennifer W. Crastz<br>jcrastz@hrhlaw.com | Scout Aviation II, LLC<br>c/o Dawn M. Coulson<br>Email: dcoulson@eppscoulson.com |
| Universal Weather & Aviation Inc. (UWA)<br>c/o Jeanne M. Jorgensen<br>Email: jjorgensen@pj-law.com | Corporate Jet Support<br>Attn.: Whitne Keenan<br>Email: wkeenan@corpjetsupport.com |
| Hanergy [Yoda Aviation]<br>Attn.: John Zhang<br>Email: zhangbin@hanergy.com | Associated Energy Group, LLC (AEG Fuel)<br>Attn.: Christopher Clementi<br>Email: cclementi@aegfuels.com<br>c/o Jack Praetzellis<br>Email: jpraetzellis@foxrothschild.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

32

| | |
|---|---|
| Eurocontrol<br>Attn.: Nancy Coveliers<br>Email: nancy.coveliers@eurocontrol.int<br>r4.crco@eurocontrol.int | Wex Bank<br>Attn.: Kiran Patel<br>kiran.patel@wexinc.com |
| Tongda Air Service<br>Attn.: Fuhua Mansion<br>tongda@tdas-intl.com | UVAir European Fuelling Services Ltd<br>c/o Jeanne M. Jorgensen<br>Email: jjorgensen@pjlaw.com |
| ARINC Direct<br>c/o Victor A. Vilaplana<br>Email: vavilaplana@foley.com<br>c/o Erika L. Morabito<br>Email: emorabito@foley.com<br>c/o Brittany J. Nelson<br>Email: bnelson@foley.com | Festin Management, SN 1360 LLC, SN 1372 LLC<br>c/o Daniel J. McCarthy, Esq.<br>Email: dmccarthy@hillfarrer.com<br>c/o James Torrey at Jimmy Jets<br>Email: jimt@jimmyjets.net |
| Jeppesen Sanderson, Inc.<br>Attn.: Doris Fuller<br>Doris.fuller@jeppesen.com | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

33