PILLSBURY WINTHROP SHAW PITTMAN LLP
Claire K. Wu (CA Bar No. 295966)
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone:     213-488-3655
Facsimile:     213-629-1033

Eric Fishman (admitted *pro hac vice*)
Andrew M. Troop (admitted *pro hac vice*)
Carolina A. Fornos (admitted *pro hac vice*)
31 West 52nd Street
New York, NY 10019-6131
Telephone:     212-858-1000
Facsimile:     212-858-1500

*Attorneys for Bombardier Aerospace Corporation,*
*Bombardier, Inc., and Learjet, Inc.*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ZETTA JET USA, INC., a California corporation,<br><br>　　　　Debtor and Debtor in Possession. | Lead Case No.: 2:17-bk-21386-SK<br><br>Chapter 7<br><br>Jointly administered with 2:17-bk-21387-SK |
| In re<br><br>ZETTA JET PTE Ltd., a Singaporean corporation,<br><br>　　　　Debtor and Debtor in Possession. | **BOMBARDIER AEROSPACE CORPORATION, BOMBARDIER, INC., AND LEARJET, INC.'S OPPOSITION TO TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND JETCRAFT CORPORATION, JETCRAFT GLOBAL, INC., JETCOAST 5000-5 LLC, ORION AIRCRAFT HOLDINGS LTD., JETCRAFT ASIA LIMITED, FK GROUP LTD, FK PARTNERS LIMITED, AND JAHID FAZAL-KARIM** |
| ☒　　Affects Both Debtors<br><br>☐　　Affects Zetta Jet USA, Inc., a California corporation only<br><br>☐　　Affects Zetta Jet PTE, Ltd., a Singaporean corporation only | Date:　　February 15, 2023<br>Time:　　9:00 a.m. PT<br>Place:　　Courtroom 1575<br>　　　　　255 East Temple Street<br>　　　　　Los Angeles, CA 90012 |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ............................................................................................ 1

II.  RELEVANT PROCEDURAL BACKGROUND.................................................. 3

   A.  The Jetcraft Adversary Proceeding.......................................................3

   B.  The Settlement and the Proposed Order ...............................................3

   C.  The November 30 Status Conference ....................................................6

III. ARGUMENT ................................................................................................. 7

   A.  THE MOTION FAILS TO COMPLY WITH THE FEDERAL RULES OF
      BANKRUPTCY PROCEDURE REGARDING INJUNCTIONS ....................7

   B.  EVEN IF CONSIDERED ON THE MERITS, THE REQUEST FOR THE "CLAIMS
      BAR" MUST BE DENIED ....................................................................9

      1.  The California Law "Claims Bar" in the Settlement Cannot Be Binding on
         BAC/BI/LI as a Non-Party to that Agreement................................................9

         a.  This Court Found New York Law Applies to the Tort Claims Against
            BAC/BI/LI ..................................................................................... 10

         b.  New York Contribution Law Apportions Liability in Accordance With
            Relative Share of Culpability.............................................................. 11

         c.  Even if California Law is Applicable, the "Claims Bar" Seeks to Bar
            Claims Beyond the Scope of Cal. Code Civ. P. §§ 877 and 877.6 ...................... 13

         d.  Even if the Relief Sought by the Trustee Was Limited to What California
            Law Permits, the Trustee Has Not and Cannot Satisfy the Good Faith
            Factors....................................................................................... 14

      2.  The Relief Sought By the "Claims Bar" is Beyond the Jurisdiction of the
         Bankruptcy Court.....................................................................................17

      3.  The Settlement Provides a *De Facto* Nonconsensual Third-Party Release Which is
         Prohibited Under Applicable Ninth Circuit Law .........................................19

IV. CONCLUSION............................................................................................. 21

i

# TABLE OF AUTHORITIES

Page(s)

## Cases

*In re Arter & Hadden, LLP,*
   373 B.R. 31 (Bankr. N.D. Ohio 2007) ............................................................................18, 19

*Blixseth v. Credit Suisse,*
   961 F.3d 1074 (9th Cir. 2020) .................................................................................................20

*C. L. Peck Contractors v. Superior Ct.,*
   159 Cal. App. 3d 828 (Ct. App. 1984)....................................................................................14

*Celotex Corporation v. Edwards,*
   514 U.S. 300 (1995)..................................................................................................................18

*City of Colton v. Am. Promotional Events, Inc.,*
   No. ED-CV-0901864 (PSG) (SSX), 2012 WL 13013154 (C.D. Cal. Sept. 7, 2012)..............17

*Cooper v. Meridian Yachts, Ltd.,*
   575 F.3d 1151 (11th Cir. 2009) ...............................................................................................11

*In re Cresta Technology Corp.,*
   2018 WL 2422415 (Bankr. N.D. CA 2018)..............................................................................20

*In re CS DIP, LLC,*
   No. 12-01573, 2015 WL 5920892 (Bankr. M.D. Tenn. Oct. 9, 2015) ....................................19

*Feld v. Zale Corp. (In Re Zale Corp.),*
   62 F.3d 746 (5th Cir. 1995) .........................................................................................7, 18, 19

*In re Flashcom, Inc.,*
   503 B.R. 99 (C.D. Cal. 2013), *aff'd,* 647 F. App'x 689 (9th Cir. 2016) ................................10

*King v. Jetcraft Corporation et al.,*
   Adv. No. 2:19-ap-01382-SK ......................................................................................................3

*Koch v. Greenberg,*
   14 F. Supp.3d 247 (S.D.N.Y. 2014)..........................................................................................12

*KST Data, Inc. v. DXC Tech. Co.,*
   836 F. App'x 484 (9th Cir. 2020) .............................................................................................10

*Lindsay v. Beneficial Reinsurance Co. (In re Lindsay),*
   59 F.3d 942 (9th Cir. 1995) ......................................................................................................10

*Lippes v. Atl. Bank of New York*,
    69 A.D.2d 127, 419 N.Y.S.2d 505 (1979) ............................................................................12

*Mann v. GTCR Golder Rauner, L.L.C.*,
    351 B.R. 685 (D. Ariz. 2006) ..............................................................................................10

*Mattco Forge, Inc. v. Arthur Young and Co.*,
    38 Cal. App. 4th 1337 (1995) .............................................................................................17

*Medina v. Countrywide Home Loans, Inc.*,
    No. C 06-06774 JW, 2008 WL 11398994 (N.D. Cal. Aug. 27, 2008) .................................14

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ..............................................................................................................8

*Navarro v. Hamilton*,
    No. 516-CV-01856 (CAS)(SPX), 2018 WL 6242155 (C.D. Cal. Apr. 9, 2018)..................15

*In re Nucorp Energy Sec. Litig.*,
    661 F. Supp. 1403 (S.D. Cal. 1987) ....................................................................................10

*Ramirez v. Whelan (In re Ramirez)*,
    188 B.R. 413 (B.A.P. 9th Cir. 1995)......................................................................................7

*Resorts Int'l v. Lowenschuss (In Re Lowenschuss)*,
    67 F.3d 1394 (9th Cir. 1995) ...............................................................................................20

*In re Signature Apparel Grp. LLC*,
    577 B.R. 54 (Bankr. S.D.N.Y. 2017).....................................................................................12

*In re Stratasec, Inc.*,
    375 B.R. 1 (Bankr. D.D.C. 2007) ........................................................................................18

*In re Substantively Consol. Bankr. Ests. of Midland Euro Exch. Inc.*,
    No. AD 04-01390-GM, 2006 WL 2080683 (Bankr. C.D. Cal. July 6, 2006) ........................15

*Tech-Bilt, Inc. v. Woodward-Clyde & Associates*,
    38 Cal. 3d 488 (1985) ....................................................................................................15, 17

*Tighe v. Mora (In re Nieves)*,
    290 B.R. 370 (Bankr. C.D. Cal. 2003)...................................................................................7

*U.S. Bank, N.A. v. Ocean Towers Hous. Coporation*,
    No. CV 18-5965 DSF (EX), 2019 WL 13067066 (C.D. Cal. Oct. 1, 2019)...........................14

*E.E.O.C. v. Waffle House, Inc.*,
    534 U.S. 279 (2002).............................................................................................................9

*Zahnleuter v. Lenhart*,
No. 2:20-CV-02492 (KJM) (KJN), 2021 WL 4975393 (E.D. Cal. Oct. 26, 2021) .....15, 16, 17

### Statutes and Codes

United States Code
Title 11, Section 105 .............................................................................................................18
Title 11, Section 524(e).........................................................................................................20

California Code of Civil Procedure
Section 877.................................................................................................................4, 10, 13
Section 877.6.................................................................................................................. *passim*

New York General Obligations Law
Section 15-108 ......................................................................................................................12

### Rules and Regulations

Federal Rules of Bankruptcy Procedure
Rule 2002(a)(3).......................................................................................................................7
Rule 7001.................................................................................................................................7
Rule 7004.................................................................................................................................8
Rule 9019.........................................................................................................................4, 18

Local Bankruptcy Rule
Rule 9013-1(o)....................................................................................................................2, 6

### Other Authorities

Restatement (Second) of Conflict of Laws.................................................................................10

1    Bombardier Aerospace Corporation, Bombardier, Inc., and Learjet, Inc. (together,

2  "BAC/BI/LI") hereby oppose the *Chapter 7 Trustee's Notice of Motion and Motion for Order*

3  *Approving Settlement Agreement by and Among the Chapter 7 Trustee and Jetcraft Corporation,*

4  *Jetcraft Global, Inc., Jetcoast 5000-5 LLC, Orion Aircraft Holdings Ltd., Jetcraft Asia Limited,*

5  *FK Group Ltd, FK Partners Limited, and Jahid Fazal-Karim* [Dkt. No. 1995] (the "Motion").[1]

6  **I.    INTRODUCTION**

7    The Trustee filed the Motion seeking approval of a settlement agreement (the "Settlement")

8  with Jetcraft Corporation, Jetcraft Global, Inc., Jetcoast 5000-5 LLC, Orion Aircraft Holdings Ltd.,

9  Jetcraft Asia Limited, FK Group Ltd, FK Partners Limited, and Jahid Fazal-Karim (collectively,

10  the "Jetcraft/FK Defendants") seemingly in the ordinary course.  But even a cursory review makes

11  clear the Settlement and Motion are anything but ordinary.  The Settlement and Motion go far

12  beyond settling the claims asserted by the Trustee against the Jetcraft/FK Defendants.  The

13  Settlement is conditioned on the Court imposing, and the Motion thus seeks, an affirmative

14  ***permanent injunction*** barring ***any person, all parties to the Chapter 7 Cases, and current and***

15  ***currently unknown (future) defendants*** in the Litigation, including BAC/BI/LI, from pursuing

16  any claim related to the Debtors against the Jetcraft/FK Defendants, not just contribution claims

17  based on alleged joint torts, and to limit the reduction of the Trustee's claims against those known

18  and unknown defendants to the consideration paid by the Jetcraft/FK Defendants regardless of

19  how that payment relates to their actual proportionate liability.  This expansive relief against third

20  parties simply is not available to the Trustee and the Jetcraft/FK Defendants.

21

22

23

24  [1]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

25    1

1    Specifically, the Trustee seeks this relief (1) without complying with the procedural

2    requirements of the Federal Rules of Bankruptcy Procedure regarding injunctions, (2) without

3    providing Constitutionally required notice to parties whose claims against non-debtors would be

4    extinguished without their agreement or consent, (3) by forcing non-parties to the Settlement to be

5    bound by the settling parties' choice of California law with respect to any direct claims they may

6    have against the Jetcraft/FK Defendants under otherwise applicable law, (4) by having the Court

7    impose an apportionment method that cannot be applied against BAC/BI/LI under New York law,

8    even though this Court has found that New York law applies to the torts asserted by the Trustee

9    against BAC/BI/LI, (5) by barring claims for, among others, contractual indemnification, which is

10    beyond the scope of California law if California law were even to apply, (6) by requesting good

11    faith findings under California's contribution bar statute (assuming it applies) without any showing

12    of the proportionate liability of the Jetcraft/FK Defendants in comparison to the Trustee's total

13    claims and the proportionate liability of others, (7) by requesting the Court preemptively enjoin

14    litigation between non-debtor third parties, which is beyond the jurisdiction of this Court, and (8)

15    by providing a *de facto* third party release, which is prohibited under applicable Ninth Circuit law.

16    BAC/BI/LI do not take issue with the Trustee reaching a negotiated resolution with the

17    Jetcraft/FK Defendants, provided it is limited to his claims against those defendants.[2]  BAC/BI/LI,

18    however, do take issue with the overbroad, overreaching, and unsupported relief required by the

19    Settlement and sought by the Motion and the way in which the significant impact of that requested

20    relief has been minimized by the Trustee.  (For example, in addition to the deficiencies identified

21    above and detailed below, the Trustee originally filed the Motion on negative notice under Local

22

23    [2]  Based on this Court's rulings, BAC/BI/LI have no liability to the Trustee for the claims with the
     Jetcraft/FK Defendants being settled, but they oppose the Motion to protect their rights in the
24    unlikely event the Court's rulings are reversed on appeal.

25                                                    2

Bankruptcy Rule 9013-1(o), notwithstanding the sweeping scope of the relief sought.)  This effort

to obtain an affirmative permanent injunction and other relief and findings to bind third parties

with insufficient process and contrary to applicable law is improper.

For these reasons as set forth in more detail below, the Motion should be denied.

## II.    RELEVANT PROCEDURAL BACKGROUND

### A.    The Jetcraft Adversary Proceeding

On September 13, 2019, the Trustee commenced the adversary proceeding *King v. Jetcraft Corporation et al.*, Adv. No. 2:19-ap-01382-SK, against defendants BAC/BI/LI and the Jetcraft/FK Defendants, defined as the "Litigation" in the Settlement.[3]

On June 23, 2022, this Court dismissed all claims against BAC/BI/LI without leave to amend,  Adv. Dkt. No. 383, 383-1, and on September 7, 2022, it entered a final judgment in favor of BAC/BI/LI.  Adv. Dkt. No. 433.  The Trustee filed a notice of appeal on September 15, 2022. Adv. Dkt. No. 438.  The Trustee's appeal against BAC/BI/LI remains pending.

On June 24, 2022, this Court dismissed all but three claims against the Jetcraft/FK Defendants.  Adv. Dkt. Nos. 384-1 and 385-1; *see also* Adv. Dkt. No. 390-1 (clarifying the Court's prior decision in Adv. Dkt. No. 384-1).

On July 7, 2022, the Court entered an order directing the Trustee and the Jetcraft/FK Defendants to mediation.  Adv. Dkt. No. 401.

### B.    The Settlement and the Proposed Order

On November 29, 2022, the mediator filed a certificate reflecting that the Trustee and the Jetcraft/FK Defendants settled (the "Mediator Report").  Adv. Dkt. No. 453.  Shortly thereafter

---

[3]  All references to the docket in the adversary proceeding are cited as "Adv. Dkt. No."  All references to the docket in the main bankruptcy case are cited as "Dkt. No."

(within about 3 hours), the Trustee filed the Motion, attaching the Settlement dated as of November 16, 2022, thirteen days prior to its filing, supported by a declaration dated November 19, 2022, ten days prior to its filing.  Dkt. No. 1995.  The Motion and Settlement were filed less than 24 hours prior to the status conference in the Litigation scheduled for November 30, 2022.

The Motion is styled as a straightforward motion under Federal Rule of Bankruptcy Procedure 9019 ("9019").  However, as highlighted below, the Trustee is really seeking Court approval of an affirmative permanent injunction and other expansive relief under the guise of a 9019 settlement.  Specifically, the Settlement provides:

> 1.   The Rule 9019 Approval Order.  The Trustee shall file with the Court a motion seeking entry of an order (a) approving this Agreement as fair and in the best interests of creditors pursuant to section 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, **(b) finding that California law governs the settlement agreement and any dispute related to the settlement agreement or the order, (c) making all the necessary findings required to conclude that the settlement is in good faith pursuant to, and that the Settling Defendants are entitled to all the protections provided by, Cal. Code Civ. P. § 877.6, (d) <u>ordering that all parties to the Chapter 7 Cases, and all current or future defendants in the Litigation, are barred, enjoined and prohibited from seeking contribution or indemnity in any respect from the Settling Defendants on account of claims asserted in the Litigation (the "Claims Bar")</u>**, and (e) retaining exclusive jurisdiction to (i) decide any dispute arising from or related to the settlement or the order, and (ii) enforce the terms of the order (the "*Approval Order*").  The Parties expressly acknowledge that this Agreement is contingent upon the entry of the Approval Order.  The effective date (the "*Effective Date*") of this Agreement shall occur on the date when the Approval Order becomes final and non-appealable.  The 9019 motion and any form of the Approval Order attached to the 9019 motion must be in form and substance fully acceptable to the Settling Defendants.

> * * *

> 5.   Allocation of Settlement Payments.  The Parties agree that the Settlement Amount shall be allocated as follows for the purposes of Cal. Code Civ. P. § 877(a): $500,000 to counts 8-11, 24, and 25 in the FAC (the "*Alleged Bankruptcy Claims*"); and $9,000,000 to counts 1, 2, 3, 6, and 7 of the FAC (the "*Alleged Tort Claims*").  **The Trustee agrees**

4

**that he will affirmatively support, and not take any position inconsistent with, the allocation in this paragraph with respect to any defendant in the Litigation other than the Settling Defendants** (each a "*Non-Settling Defendant*"), whether in the Litigation or in any subsequent complaint or litigation.

\* \* \*

7.    Additional Trustee Undertakings.    If any Non-Settling Defendant violates the Claims Bar, **the Trustee agrees to cooperate with the Settling Defendants to enforce the Claims Bar against the Non-Settling Defendant.  Furthermore, upon written request by the Settling Defendants, the Trustee shall file the Approval Order, once entered, in the Superior Court (Commercial Division), Province of Quebec, District of Montreal, in the case styled *In re* Zetta Jet USA, Inc. and Zetta Jet PTE LTD, No 500-11-056832-195 (the "*Quebec Ancillary Proceeding*"), and undertake best efforts to obtain an order in the Quebec Ancillary Proceeding recognizing and agreeing to enforce the Approval Order (the "*Recognition Order*").**

Motion, Ex. C. (emphasis added).

The proposed order (the "9019 Approval Order") approving the Settlement seeks the following findings and conclusions, in relevant part:

8.    **California law governs** the Settlement Agreement and **the effect of the Settlement Agreement on** the parties thereto and **any parties alleged to be joint tortfeasors with the Settling Defendants in the Litigation**.

\* \* \*

14. **Based on the Court's determination of good faith**, the Court finds that, pursuant to Cal. Code Civ. P. § 877.6, **the Settling Defendants are discharged from any liability for contribution or indemnity** to any other alleged tortfeasor in accordance with and to the fullest extent permitted by law.

15. This Court and the State of California have substantial interests in promoting good-faith settlements and protecting the rights and benefits afforded to parties settling in good faith under California law.  Accordingly, **pursuant to Cal. Code Civ. P. § 877.6 and the common law, the Court hereby orders the following relief (the "Bar Order"), which is intended to bind all parties to this case, including all defendants in the Litigation, to the fullest extent**

5

**permitted by law, including, without limitation, persons who are asserted to be or who may be joint tortfeasors or wrongdoers, however denominated, with the Settling Defendants in the Litigation,** and any person acting on their behalf or under them, including insurers, subrogees, or assigns.

16. **The Court completely and permanently bars, enjoins, restrains, and extinguishes any and all claims in any state or federal jurisdiction or any other forum or tribunal by any person against the Settling Defendants for (i) contribution; (ii) indemnification; or (iii) any other claim for "disguised contribution or indemnification" under applicable law (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, fraud, misrepresentation, conspiracy, unjust enrichment or aiding and abetting) related to the Litigation**.

17. The Bar Order is intended to apply to the fullest extent allowable by applicable law.  **If any portion of the Bar Order is subsequently held to be unenforceable, that provision shall be substituted with whatever other provision is necessary to afford all of the Settling Defendants the fullest protection permitted by law**.

Motion, Ex. B (emphasis added).

## C. The November 30 Status Conference

The Motion was filed on November 29, 2022, pursuant to Local Bankruptcy Rule 9013-1(o), as a "Motion Determined After Notice of Opportunity to Request Hearing."  Motion at 2. Notice of the Motion was only provided to the Court, the Jetcraft/FK Defendants, the United States Trustee, and parties entitled to notice under the *Order Granting Motion for Entry of an Order Limiting Notice and Related Relief* (the "Limit Notice Order").  *Id.* at 3.

At the status conference held on November 30, 2022, BAC/BI/LI identified certain preliminary procedural and substantive objections to the Motion.  In response, the Court set the Motion for hearing on February 15, 2023, and established a briefing schedule.  *See* Dkt. No. 1998 (Transcript Regarding Hearing Held November 30, 2022).

# III.    ARGUMENT

## A.    THE MOTION FAILS TO COMPLY WITH THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REGARDING INJUNCTIONS

Federal Rule of Bankruptcy Procedure 7001(7) requires that injunctive relief be sought by complaint. Fed. R. Bankr. P. 7001(7).  "Courts have been near universal in reversing injunctions which have been issued without compliance with FRBP 7001." 2 Collier on Bankruptcy ¶ 105.03 (16th ed. 2022) (citing *Ramirez v. Whelan (In re Ramirez)*, 188 B.R. 413, 416 (B.A.P. 9th Cir. 1995)); *Tighe v. Mora (In re Nieves)*, 290 B.R. 370, 380 (Bankr. C.D. Cal. 2003).  Clothing an injunction in a 9019 motion does not exempt the relief requested by the Trustee in the Motion from this requirement.  Courts have denied injunctive relief embedded in settlement motions for failing to be brought by adversary proceeding as well.  *See Feld v. Zale Corp. (In Re Zale Corp.)*, 62 F.3d 746, 763 (5th Cir. 1995) ("Including a matter governed by Rule 7001 in another matter already before the court . . . does not satisfy the procedural rules required by Rule 7001").  Here, the Trustee seeks injunctive relief by filing a motion in the main bankruptcy case rather than complying with the Federal Rules of Bankruptcy Procedure and commencing an adversary proceeding.[4]  Based on this procedural defect alone, the Court should deny the Motion.

The Trustee also has failed to provide Constitutionally required notice of the relief sought. Relying on Federal Rule of Bankruptcy Procedure 2002(a)(3) and the Limit Notice Order, the Trustee provided notice of the Motion to only a limited number of parties, even though the Motion seeks to permanently enjoin *any person, all parties in the Chapter 7 Cases* and *all current and future defendants* in the Litigation.

As reflected in the proof of service filed by the Trustee's counsel and the Court's electronic

---

[4]  The Trustee also filed the Motion using the notice of opportunity to request a hearing procedure. However, Local Bankruptcy Rule 9013-1(o)(2)(N) specifically prohibits motions for issuance of an injunction from being sought in such manner.

service list, notice of the Motion was provided to less than approximately 100 individuals and

entities (excluding counsel for the Trustee, the Debtors, mediators, the fee examiner and counting

lawyers just once, as well as creditors or defendants just once).  Dkt. No. 1995-4.  Although the

Trustee is much better able to identify persons who might be affected by the Motion, BAC/BI/LI

note that there are 459 proofs of claim on file in the Chapter 7 Cases, a number far exceeding the

number of parties served with the Motion.  *See* Proofs of Claim Docket.  In addition, the Trustee

has not identified the "future defendants" in the Litigation, even though including them as parties

to be bound suggests that the Trustee has identified parties he at least is considering trying to add

as defendants.

Providing notice calculated to reach potentially affected parties is a fundamental tenant of

due process and by limiting notice, that has not happened here.  *Mullane v. Central Hanover Bank

& Trust Co.,* 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due

process in any proceeding which is to be accorded finality is notice reasonably calculated, under

all the circumstances, to apprise interested parties of the pendency of the action and afford them

an opportunity to present their objections."); *see also*  2 Collier on Bankruptcy ¶ 102.02 (16th ed.

2022) ("[A]n adversely affected party is entitled, consistent with due process requirements of the

Constitution . . . to notice reasonably calculated to apprise it of the proposed action and an

opportunity to be heard").

The Limit Notice Order cannot conceivably apply to a request to enjoin every party in

interest in the Chapter 7 Cases and the Litigation, much less, any person, as part of a settlement or

otherwise.  Moreover, the Limit Notice Order does not apply to adversary proceedings, where the

specific notice, summons and service requirements of Federal Rule of Bankruptcy Procedure 7004

apply before parties can be bound.  The Trustee cannot extinguish third party claims without

commencing an adversary proceeding and providing fulsome, Constitutionally mandated notice.

Because he has done neither, the Motion must be denied.

**B.    EVEN IF CONSIDERED ON THE MERITS, THE REQUEST FOR THE "CLAIMS BAR" MUST BE DENIED**

If the Court were to consider the merits, the "Claims Bar" requested by the Trustee and required by the Settlement cannot be approved.  The Claims Bar impermissibly seeks to bind non-parties to California law, even though none are parties to the Settlement.   It seeks to bind BAC/BI/LI to the California contribution bar statute, even though this Court has found that the (dismissed) tort claims against BAC/BI/LI sound in New York law.   New York's contribution bar framework differs from California's in that, among other things, under New York law, claims against non-settling joint tortfeasors are reduced by the *greater of* the full amount of the allocated share of liability for settling tortfeasors or the amount paid in settlement, not just the amount paid. Even if the California contribution bar were to apply, the Claims Bar exceeds California's statutory limits by including all claims against the Jetcraft/FK Defendants, not just contribution claims based on (alleged) comparative fault, and the Motion is not supported by facts sufficient for the Court to make a good faith finding even under California law.  The Motion fails to demonstrate that, among other things, the amount being paid in settlement by the Jetcraft/FK Defendants is roughly proportionate to their share of any alleged joint liability.

**1.    The California Law "Claims Bar" in the Settlement Cannot Be Binding on BAC/BI/LI as a Non-Party to that Agreement**

"It goes without saying that a contract cannot bind a nonparty." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 293 (2002).  BAC/BI/LI are not parties to the Settlement, in no way participated in its negotiation, and did not (and does not) agree to the California choice of law provision or inclusion of the California Claims Bar, as is true for every party the Trustee and the Jetcraft/FK Defendants seek to bind other than themselves.  The choice of California law and the California

9

Claims Bar by the Trustee and the Jetcraft/FK Defendants do not apply to BAC/BI/LI because the

Settlement cannot bind non-parties like BAC/BI/LI. *See Mann v. GTCR Golder Rauner, L.L.C.*,

351 B.R. 685, 695 (D. Ariz. 2006) (choice of law in settlement agreement not binding on non-

party); *KST Data, Inc. v. DXC Tech. Co.*, 836 F. App'x 484, 488 (9th Cir. 2020) (non-party to

agreement not bound by choice of law provision); *In re Flashcom, Inc.*, 503 B.R. 99, 112–13 (C.D.

Cal. 2013), *aff'd*, 647 F. App'x 689 (9th Cir. 2016) ("Nonsettling defendants should not be bound

by a settlement in which they took no part.").

The Trustee's contention that California law must apply "to contribution and good faith

settlement issues" as a way to obtain an injunction from this Court to apply California's

contribution bar prospectively against non-parties, particularly BAC/BI/LI, thus is incorrect,

Motion at 9, and his reliance on *In re Nucorp Energy Sec. Litig.*, 661 F. Supp. 1403, 1413 (S.D.

Cal. 1987) is misplaced.  In that non-bankruptcy case, the *Nucorp* court applied California's

governmental interest choice of law test to determine substantive law in the absence of a prior

choice of law agreement applicable to the non-settling defendants.  Using California choice of law

principles fails here, however, as bankruptcy courts in the Ninth Circuit apply the Restatement

(Second) of Conflict of Laws to determine applicable substantive law.  *Lindsay v. Beneficial

Reinsurance Co. (In re Lindsay),* 59 F.3d 942 (9th Cir. 1995).  As it relates to BAC/BI/LI, the

(dismissed) tort claims against it are governed by New York law, as this Court has found properly

applying the Restatement.

        **a.**       **This Court Found New York Law Applies to the Tort Claims
Against BAC/BI/LI**

The Settlement concerns the same tort claims alleged against BAC/BI/LI.  *Compare*

Settlement at 3 ("The Parties agree that the Settlement Amount shall be allocated as follows for

the purposes of Cal. Code Civ. P. 877(a): . . .  $9,000,000 to ***counts 1, 2, 3, 6, and 7*** of the FAC

(the 'Alleged Tort Claims')") *with* Adv. Dkt. No. 383-1 at 35 ("[T]he Court finds that New York

law applies to the Tort Claims" asserted against BAC/BI/LI (***counts 1, 2, 3, 6, and 7***)) (emphasis

added).

This Court has already rejected the Trustee's argument that California law applies to these

tort claims against BAC/BI/LI, finding instead that New York law applies.  Adv. Dkt. No. 383-1

at 23-29.  In dismissing with prejudice the Trustee's complaint against BAC/BI/LI, the Court found

that the choice of law provision in the Zetta-BAC APAs requires the application of New York law

to all tort claims against BAC/BI/LI.  *Id*. at 29, 32-33.  Specifically, the Court found that the "Zetta-

BAC APAs' choice-of-law provisions are broad, governing not only the routine aspects of a

contractual relationship (such as formation, performance, termination, and enforcement), but also

any related claims arising under common law or statute, *including claims sounding in tort*."  Adv.

Dkt. No. 383-1 at 33 (emphasis in original).  The APA's broad choice of law provision also

encompasses BAC/BI/LI's contribution claims.  *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151,

1162 (11th Cir. 2009) (broad choice of law provision that applied to "all disputes arising out of or

in connection with" the agreement also applied to contribution action).

In sum, this Court's ruling regarding New York law applies with equal force to any

potential contribution action arising from any tort liability BAC/BI/LI may face in the Litigation.

There is no basis to engraft California law onto the New York tort claims asserted (albeit

unsuccessfully) against BAC/BI/LI.

**b.    New York Contribution Law Apportions Liability in
Accordance With Relative Share of Culpability**

The imposition of California law onto BAC/BI/LI's contribution claims, if any, is

consequential.  Significantly, and in contrast to California law,[5] the New York General Obligations

Law provides that when a joint tortfeasor settles, the claim of the plaintiff (here the Trustee) against

non-settling tortfeasors is reduced "to the extent of any amount stipulated by the release . . . or in

the amount of the released tortfeasor's equitable share of the damages under article fourteen of the

civil practice law and rules, *whichever is the greatest*."  NY Gen. Oblig. Law § 15-108 (emphasis

added).  New York courts have applied this reduction in actions based on commercial transactions

as well as personal injury actions.  *Lippes v. Atl. Bank of New York*, 69 A.D.2d 127, 135–41, 419

N.Y.S.2d 505, 510–13 (1979).  As the New York Supreme Court Appellate Division has held:

"[A]ny manner of commercial torts have been found to be within the purview of 'injury to

property" for the purpose of the contribution-related provisions of the CPLR.  *Id.*.  *See Koch v.

Greenberg*, 14 F. Supp.3d 247, 269 - 272 (S.D.N.Y. 2014) (holding that a plaintiff's claims against

a non-settling defendant for the same economic injuries suffered as the result of the sale of

counterfeit wine had to be reduced by the settling defendant's proportionate share of liability for

the total damages.); *In re Signature Apparel Grp. LLC*, 577 B.R. 54, 119 (Bankr. S.D.N.Y. 2017)

((i) holding, based on § 15-108, that "[a] tortfeasor's equitable share [of liability for claims of

fraud, negligent misrepresentation, breach of fiduciary duty, or tortious interference with

contractual relations in, among other things, wrongly causing the transfer of an intellectual

property license] is determined in accordance with the tortfeasor's relative culpability" and (ii)

reducing claims against non-settling defendants by amounts paid by settling defendants to the

extent those payments roughly reflected the settling defendant's share of liability).

---

[5]  Similar to California law, New York law does not impose a "claims bars" protecting settling joint tortfeasors, except where their settlement payment reflects their proportionate share of total liability, that is, the settlement is in good faith.  NY Gen. Oblig. Law § 15-108(b).

Thus, under New York law, regardless of the settlement amount, the Trustee can never recover from BAC/BI/LI more than BAC/BI/LI's equitable share of the damages, because the Trustee's claim will necessarily be reduced by the *greater of* the Jetcraft/FK Defendants' relative share of fault or amount paid.

### c.    Even if California Law is Applicable, the "Claims Bar" Seeks to Bar Claims Beyond the Scope of Cal. Code Civ. P. §§ 877 and 877.6

What is more, the proposed "Claims Bar" overreaches beyond what California law provides *even if* California law were to apply.  The Trustee seeks an order where:

> The Court completely and permanently bars, enjoins, restrains, and extinguishes any and all claims in any state or federal jurisdiction or any other forum or tribunal by any person against the Settling Defendants for (i) contribution; (ii) indemnification; or (iii) any other claim for "disguised contribution or indemnification" under applicable law (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, fraud, misrepresentation, conspiracy, unjust enrichment or aiding and abetting) related to the Litigation.

9019 Approval Order, ¶ 16.  As written, the "Claims Bar" would bar, enjoin, restrain, and extinguish any claim BAC/BI/LI or *any person* has against the Jetcraft/FK Defendants—even claims not based on comparative fault, like (by way of example only) contractual indemnity.

The Trustee seeks this broad protection for the Jetcraft/FK Defendants, in part, by asking this Court to make a good faith finding that satisfies the California contribution bar statute.  *See* Motion, ¶¶ 24, 25 and 31; 9019 Approval Order, ¶ 14.  In relevant, part, that statute provides as follows:

> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

13

Cal. Civ. Proc. Code § 877.6(c).

Comparing the plain language of the statute to the relief requested by the Trustee makes clear the Trustee's overreach.  California's Claims Bar does not apply, for example, to contractual indemnity claims, to claims for fraud committed by the settling party against a non-settling party, or to a breach of contract claim, even if related to the tort claims being settled.  It applies only to claims based on "equitable *comparative* contribution … *comparative* negligence or *comparative* fault." *Id.* (emphasis added).  "By its own terms, § 877.6 only concerns equitable indemnification, not contractual indemnification." *U.S. Bank, N.A. v. Ocean Towers Hous. Coporation*, No. CV 18-5965 DSF (EX), 2019 WL 13067066, at *1 (C.D. Cal. Oct. 1, 2019). *See also C. L. Peck Contractors v. Superior Ct.*, 159 Cal. App. 3d 828, 834 (Ct. App. 1984) (holding "that an indemnity claim against a codefendant based on express contract survives a good faith section 877.6 settlement"); *Medina v. Countrywide Home Loans, Inc*., No. C 06-06774 JW, 2008 WL 11398994, at *2 (N.D. Cal. Aug. 27, 2008) ("Further, Countrywide and Westmort have a Wholesale Broker Agreement which states that Westmort 'agrees to indemnify and hold Countrywide and its officers, directors, employees, agents, shareholders and representatives harmless from and against any and all claims, demands, liabilities, causes of action and expenses, including attorneys' fees actually incurred, relating to, arising out of or in connection with [Westmort's] breach or alleged breach of any representation, warranty or covenant herein.' . . . Explicit in these provisions is that a finding of good faith settlement does not bar any express claims for indemnification that Countrywide may have against Westmort and Nguyen.").

>      **d.**      **Even if the Relief Sought by the Trustee Was Limited to What California Law Permits, the Trustee Has Not and Cannot Satisfy the Good Faith Factors**

In California, before a settlement agreement involving one or more joint tortfeasors can be approved, the Court must make a "good faith" determination.  Cal. Civ. Proc. Code § 877.6(c)

("§ 877.6").  The California Supreme Court has articulated six factors for courts to consider when

an application for a determination of a good faith settlement is contested.  *See generally Tech-Bilt,*

*Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488, 499 (1985).  Specifically, the court must

consider: (1) a rough approximation of plaintiffs' total recovery and the settlor's proportionate

liability, (2) the amount paid in settlement, (3) the allocation of settlement proceeds among

plaintiffs, (4) recognition that a settlor should pay less in settlement than he would if he were found

liable after a trial, (5) the settling party's financial conditions, (6) the insurance policy limits of

settling defendants, and (7) any evidence as to whether the settlement was the result of collusion,

fraud, or tortious conduct between the settling party and the plaintiff aimed at requiring the non-

settling parties to pay more than their fair share.  *Id.*

California courts consistently hold that the first factor, proportionate liability, is "one of

the most important factors a court must examine when determining whether a settlement has been

made in good faith under section 877.6."  *Zahnleuter v. Lenhart*, No. 2:20-CV-02492 (KJM) (KJN),

2021 WL 4975393, at *2 (E.D. Cal. Oct. 26, 2021).  *See also Navarro v. Hamilton*, No. 516-CV-

01856 (CAS)(SPX), 2018 WL 6242155, at *4 (C.D. Cal. Apr. 9, 2018) ("In determining whether

a settlement was reached in good faith, 'one of the most important factors' is the settling party's

proportionate liability.") (internal citations and quotations omitted).

Courts therefore regularly deny motions to approve settlements when the moving party

fails to demonstrate that a settling party's proportionate liability for the total amount of the

plaintiff's approximate recovery is roughly consistent with the amount being paid.  *See In re*

*Substantively Consol. Bankr. Ests. of Midland Euro Exch. Inc.*, No. AD 04-01390-GM, 2006 WL

2080683, at *9–10 (Bankr. C.D. Cal. July 6, 2006) (declining to find settlement entered in good

faith under § 877.6 where the settlement agreement "would be prejudicial and harmful to the non-

settling parties" because the "Trustee was forced to settle for far less than the settling defendants'

potential liability"; "[I]f the Trustee succeeds in proving his claims, the non-settling defendants

could end up being liable for approximately $8 million, an amount disproportionate to their role

in the scheme"); *Zahnleuter v. Lenhart*, No. 2:20CV02492KJMKJN, 2021 WL 4975393, at *2

(E.D. Cal. Oct. 26, 2021) (denying motion to approve settlement where, "[o]n the record before it,

the court cannot determine the settlement value does properly take account of the settling

defendants' proportionate liability").

Here, the Trustee's analysis of the good faith factors spans a mere half page, *see* Motion at

12-13, fails to fully address all the elements of good faith, and most egregiously, in glossing over

the first factor regarding proportionate liability, misapplies it.  The Trustee only contends that

"[a]s to the first two factors, the Trustee alleges that the Settling Defendants' liability for the claims

asserted in the Adversary Complaint exceeds the US$9,500,000.00 settlement amount."  *See*

Motion at 12.  But it is only partially relevant that the Jetcraft/FK Defendants' liability exceeds

the settlement amount.  Most importantly, the settlement amount also must roughly approximate

the Jetcraft/FK Defendants' proportionate liability for the tort claims being settled.  If it does not,

BAC/BI/LI could be prejudiced if the Trustee's dismissed tort claims against BAC/BI/LI are

revived on appeal.  Simply put, BAC/BI/LI could be left "holding the bag," even if the comparative

fault of the Jetcraft/FK Defendants far exceeds any comparative fault of BAC/BI/LI (which fault

by BAC/BI/LI is expressly denied).[6]

Because the Trustee puts forward "no substantial evidence to support a critical assumption

as to the nature and extent" of the Jetcraft/FK Defendants' proportionate liability and the

---

[6]  The Trustee's required analysis should also include the proportionate liability of (unidentified)
"future defendants."

approximate total amount of the joint tort claims, this Court should not make the requested good

faith finding. *Mattco Forge, Inc. v. Arthur Young and Co.*, 38 Cal. App. 4th 1337, 1346 (1995)

("[I]f there is no substantial evidence to support a critical assumption as to the nature and extent

of a settling defendant's liability, then a determination of good faith based upon such assumption

is an abuse of discretion.").

Furthermore, the Trustee's apparent exclusive reliance on the Mediator Report to

demonstrate good faith to support a finding under § 877.6 fails. *See* Motion at 12-13. *Tech-Bilt*

requires more. It requires specifics about the settlement negotiations, as well as comparative fault

and total approximate recovery, which are not addressed in the Mediator Report. Indeed, if this

information is not forthcoming, BAC/BI/LI are entitled to "discovery regarding the nature of the

settlement negotiations" which is "critical in assessing whether the settlement was fair and entered

into in good faith." *City of Colton v. Am. Promotional Events, Inc.*, No. ED-CV-0901864 (PSG)

(SSX), 2012 WL 13013154, at *1–2 (C.D. Cal. Sept. 7, 2012); *see also Zahnleuter v. Lenhart*, No.

2:20-CV-02492 (KJM) (KJN), 2021 WL 4975393, at *2 (E.D. Cal. Oct. 26, 2021) ("Formal

discovery is sometimes required to produce the evidence allowing a court to fully assess the *Tech-*

*Bilt* factors, as the court needs some evidentiary basis for evaluating proportionate liability and

total approximate recovery"). To the extent necessary, this opposition is intended as notice by

BAC/BI/LI that, if the Court intends to reach the merits of applying the California claims bar and

rule on good faith in response to the Motion, they request that the Court do so only after a full

evidentiary hearing, based on a developed record, in accordance with § 877.6(a)(1).

### 2. The Relief Sought By the "Claims Bar" is Beyond the Jurisdiction of the Bankruptcy Court

In addition to the barriers to approval of the Motion detailed above, a bankruptcy court

does not have jurisdiction to issue permanent injunctions to effectuate overbroad claims bars as

part of settlements, because they restrict claims between non-debtor parties that do not affect the

debtor's estate.  *Celotex Corporation v. Edwards*, 514 U.S. 300, 308-310 (1995) (holding that

while non-debtor injunctions may issue under 11 U.S.C. § 105, the power is limited to matters

"related to" to the debtor's bankruptcy estate); *Feld v. Zale Corp. (In Re Zale Corp.)*, 62 F.3d 746,

752 (5th Cir. 1995) ("We begin our analysis by noting that a large majority of cases reject the

notion that bankruptcy courts have 'related to' jurisdiction over third-party actions"); *In re Arter*

*& Hadden, LLP*, 373 B.R. 31, 34 (Bankr. N.D. Ohio 2007) ("Where a bankruptcy court is asked

to adjudicate matters between non-debtor parties, the court's 'related-to' jurisdiction must

necessarily be invoked.").

   In *Arter*, the court found that it lacked subject matter jurisdiction to enter a "bar order" in

a settlement that enjoined claims by "any person" against non-debtor parties:

> Although it is fully recognized that the law favors compromise and
> Congress has enacted a procedure under Rule 9019 for the Court's
> application, such is not without limitation.  The language of the
> several provisions addressing the effect of the proposed Bar Order are
> too pervasive and, effectively, requests relief far in excess of this
> Court's jurisdiction, where it seeks to enjoin actions by any person
> against non-debtor parties.

*Id.* at 37-39; *see also In re Stratasec, Inc.,* 375 B.R. 1, 4 (Bankr. D.D.C. 2007) ("[Trustee] has not

shown that granting the requested Bar Order – enjoining third parties (identified as only 'all

persons') from pursuing claims for contribution or indemnification from the released parties –

would have an impact on the administration of the bankruptcy estate.").  Similarly, here, the

Trustee's "Claims Bar" seeks to enjoin "any person."  *See* 9019 Approval Order, ¶ 16 ("The Court

completely and permanently bars, enjoins, restrains, and extinguishes any and all claims in any

state or federal jurisdiction or any other forum or tribunal ***by any person*** against the Settling

Defendants . . .")[7] (emphasis added).  Moreover, it is the Trustee's burden to establish that this

Court has jurisdiction to enter the "Claims Bar" and the Trustee has not met his burden.  *In re*

*Arter & Hadden, LLP*, 373 B.R. at 39.

The Trustee's requested "Claims Bar" also exceeds the Court's jurisdiction because it bars

all claims, including direct actions, that cannot be estate property.  Courts have held that settlement

agreements step over the "related to" line by including a bar to "all actions."  *In re CS DIP, LLC*,

No. 12-01573, 2015 WL 5920892, at *10 (Bankr. M.D. Tenn. Oct. 9, 2015); *Feld v. Zale Corp.*

*(In Re Zale Corp.)*, 62 F.3d 746, 756–57 (5th Cir. 1995) (reversing settlement injunction imposed

by bankruptcy court that enjoined bad faith claims against non-debtors).  Here, the Trustee's

"Claims Bar" seeks to enjoin all actions, including direct claims such as breach of contract.  *See*

9019 Approval Order, ¶ 16 ("The Court completely and permanently bars, enjoins, restrains, and

extinguishes . . . any other claim for "disguised contribution or indemnification" under applicable

law (***including, without limitation, claims for breach of contract, negligence, professional***

***liability, breach of fiduciary duty, fraud, misrepresentation, conspiracy, unjust enrichment or***

***aiding and abetting***) related to the Litigation") (emphasis added).

> **3.    The Settlement Provides a *De Facto* Nonconsensual Third-Party**
> **Release Which is Prohibited Under Applicable Ninth Circuit Law**

Practically, the Trustee's "Claims Bar" would operate as a *de facto* third-party release of

claims between non-debtors.  Because applicable Ninth Circuit law prohibits nonconsensual third-

party releases, the Claims Bar cannot be approved.  The Ninth Circuit historically and categorically

has held that there is no authority to restrain third parties from pursuing independent claims, like

contribution, reimbursement, or contractual indemnity by non-debtors against other non-debtors.

---

[7]  The Claims Bar by its proposed terms also applies to unidentified "future defendants," all parties
to the Chapter 7 Cases, and to all successors and assigns, broad and vaguely (at best) described
groups.  9019 Approval Order, ¶¶ 15, 16; Motion, Ex. C, ¶ 1.

1   *See Resorts Int'l v. Lowenschuss (In Re Lowenschuss)*, 67 F.3d 1394, 1401 (9th Cir. 1995) (holding

2   "without exception, that Section 524(e) precludes bankruptcy courts from discharging the

3   liabilities of nondebtors").   Although corporate debtors do not receive discharges in Chapter 7

4   cases like this one, it is illogical that the ability to impose involuntary releases of third-party claims

5   is broader when a corporation ceases to exist but does not get a discharge than when it reorganizes

6   and wants third-party releases to further that effort.  *But see In re Cresta Technology Corp.*, 2018

7   WL 2422415 (Bankr. N.D. CA 2018).[8]  This Court, therefore, lacks the ability to grant the Trustee

8   the protections he seeks for the Jetcraft/FK Defendants from third-party claims.

9        The Ninth Circuit's recent decision in *Blixseth v. Credit Suisse*, 961 F.3d 1074 (9th Cir.

10  2020) does not change this conclusion.  Although the Ninth Circuit in *Blixseth* arguably narrowed

11  its absolute prohibition on third party releases, it has done so only where the third-party release is

12  part of a Chapter 11 plan of reorganization *and* the release covers only claims arising out of the

13  bankruptcy filing or actions occurring during the bankruptcy proceeding.  *See Blixseth v. Credit

14  Suisse*, 961 F.3d 1074, 1082 (9th Cir. 2020) (approving "narrow" exculpation clause in global

15  settlement agreement releasing creditors from liability other than claims for willful misconduct or

16  gross negligence in connection with plan approval process).

17       Neither limited condition for third-party protections recently approved by the Ninth Circuit

18  exists here.  This is a Chapter 7 case (converted to Chapter 7 on the Trustee's request), *see* Dkt.

19  No. 444; there is no plan of reorganization, just a settlement in a pair of Chapter 7 cases; and the

20  claims being affected are not claims arising out of the filing or the result of acts or omissions that

21  occurred during the bankruptcy.  Accordingly, the Court cannot grant the requested Claims Bar

22

23  [8]  *Cresta Technology* also is distinguishable because it involved modification of a sale order
    entered during the Chapter 7 case that created the to-be-released claim against the purchaser and
24  not litigation brought by a trustee against alleged joint tortfeasors based on prepetition conduct.

25                                          20

that is a condition to the Settlement.

## IV.    CONCLUSION

**WHEREFORE**, BAC/BI/LI respectfully request that the Court deny the Motion in its entirety, or if the Court concludes that it will reach the merits of the Motion and consider the issue of good faith, the Court schedule a further evidentiary hearing and afford BAC/BI/LI sufficient opportunity to take discovery.

Dated: December 21, 2022                    Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Andrew M. Troop*
ERIC FISHMAN (*pro hac vice*)
ANDREW M. TROOP (*pro hac vice*)
CAROLINA A. FORNOS (*pro hac vice*)
CLAIRE K. WU (CA Bar No. 295966)

*Attorneys for Bombardier Aerospace Corporation, Bombardier, Inc., and Learjet, Inc.*

21