J. Scott Bovitz (#93548)

bovitz@bovitz-spitzer.com

Bovitz & Spitzer

1100 Wilshire Boulevard, Suite 2403

Los Angeles, California 90017-1961

(213) 346-8300; fax (213) 928-4174

Attorneys for

Nancy B. Rapoport, fee examiner

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC.,<br>Debtor.<br>_____<br><br>In re:<br>ZETTA JET PTE, LTD.,<br>Debtor.<br>_____ | Case No.:  2:17-bk-21386-SK<br>Chapter 7<br><br>Jointly administered with case:<br>2:17-bk-21387-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NANCY B. RAPOPORT'S "11th INTERIM APPLICATION FOR PAYMENT OF INTERIM FEES AND/OR EXPENSES (11 U.S.C. §331)"**<br><br>December 18, 2024<br>10:00 a.m.<br>Courtroom 1575<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

- THE BANKRUPTCY PROCEEDINGS … 5
- THE EMPLOYMENT AND CONTINUING ROLE OF NANCY B. RAPOPORT (THE FEE EXAMINER) … 6
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(A) … 11
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(B) … 12
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(C) … 12
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(D) … 15
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(E) … 15
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(F) … 16
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(G) … 18
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(H) … 19
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(I) … 21
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(J) … 22
- STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(K) … 22
- LOCAL BANKRUPTCY RULE 2016-1(a)(2)(A) … 23
- LOCAL BANKRUPTCY RULE 2016-1(a)(2)(B) … 23
- LOCAL BANKRUPTCY RULE 2016-1(a)(2)(C) … 24
- PRAYER … 24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

11 U.S.C. §331 … 4
Local Bankruptcy Rule 2016-1 … seriatim

**To: Hon. Sandra R. Klein, U.S. Bankruptcy Judge**

11 U.S.C. §331 provides:

> … an examiner … or any professional person employed under
> section 327 … of this title may apply to the court not more than once
> every 120 days after an order for relief in a case under this title, or
> more often if the court permits, for such compensation for services
> rendered before the date of such an application or reimbursement for
> expenses incurred before such date as is provided under section 330
> of this title. After notice and a hearing, the court may allow and
> disburse to such applicant such compensation or reimbursement.

Concurrently herewith, Prof. Nancy B. Rapoport is filing her *11th Application for Payment of Interim Fees And/Or Expenses (11 U.S.C. §331)*. In support of that application, Prof. Rapoport has filed these points and authorities and her declaration (with time records).

For Prof. Rapoport's services as fee examiner in these active bankruptcies, she is seeking an award of interim fees of $13,050.00 for May through October 2024. *Declaration Of Nancy B. Rapoport In Support Of Her "11th Interim Application For Payment Of Interim Fees And/Or Expenses (11 U.S.C. §331)"* ("Rapoport Declaration"), ¶ 2.

Prof. Rapoport is also seeking reimbursement of expenses (charges for computer analysts at Legal Decoder) of $29,700.00 for May through October 2024. Under the direction of Prof. Rapoport, Legal Decoder provides the summaries and charts needed for Rapoport's detailed analysis of the multiple fee applications presented to the Court. Rapoport Declaration, ¶ 3.

Finally, Prof. Rapoport is seeking an award of $500.00 a month for six months ($3,000.00) so that Rapoport may reimburse her employer (the University of Nevada, Las Vegas, William S. Boyd School of Law) for any inadvertent use of university resources during her service as a fee examiner to this Court. Rapoport Declaration, ¶ 4.

Thus, Prof. Rapoport is asking for a total interim award of $45,750.00 for May through October 2024: $13,050.00 (hourly fees); $29,700.00 (costs for Legal Decoder); and reimbursement to UNLV ($3,000.00). Rapoport Declaration, ¶ 5.

If the Court grants the application and awards the requested fees and costs, but then directs the trustee to hold back 20% from the awarded fees, the payment to Prof. Rapoport on her 11th interim fee application would be $43,140.00: $10,440.00 (80% of $13,050.00 in requested fees); plus $29,700.00 (100% of costs for Legal Decoder); plus, reimbursement to UNLV (100% of $3,000.00).

## THE BANKRUPTCY PROCEEDINGS

On September 15, 2017, Zetta Jet USA, Inc. filed a chapter 11 petition. Docket #1, 2:17-bk-21386-SK.

On September 15, 2017, Zetta Jet PTE Ltd. filed its own chapter 11 petition. Docket #1, 2:17-bk-21387-SK.

On December 4, 2017, this Court converted the chapter 11 bankruptcies to chapter 7. Docket #452, 2:17-bk-21386-SK; and see, Docket #52, 2:17-bk-21387-SK.

On April 21, 2020, counsel for Jonathan D. King (chapter 7 trustee) provided this Court with a detailed early history of the two Zetta Jet bankruptcies. See, ***First Interim Application Of DLA Piper For Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses As Counsel To The Chapter 7 Trustee For The Period From December 4, 2017 Through January 31, 2020*** (Docket #1219, pp. 9-24, using PACER's pagination).

In November 2024, trustee's counsel (DLA Piper) will file its ***12th Interim Application Of DLA Piper For Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses Incurred As Counsel To The Chapter 7 Trustee (***"12th DLA Application"). In the 12th DLA Application, the trustee will provide an updated snapshot of the procedural posture of the chapter 7 cases, the associated adversary proceedings, and appeals.

### THE EMPLOYMENT AND CONTINUING ROLE OF
### NANCY B. RAPOPORT (THE FEE EXAMINER)

Local Bankruptcy Rule 2016-1(d) provides for appointment of fee examiners:

> Fee Examiner. The court may, either on its own motion or on the motion of a party in interest, with or without a hearing, exercise its discretion to appoint a fee examiner to review fee applications and make recommendations to the court for approval.

On July 8, 2020, this Court appointed "Nancy B. Rapoport as the Fee Examiner in these cases." ***Order Appointing a Fee Examiner***, Docket #1285, p. 2, l. 5, 2:17-bk-21386-SK.

The role of Prof. Rapoport is spelled out in the ***Order Appointing a Fee***

1
2

*Examiner*. Docket #1285, 2:17-bk-21386-SK.

3
4
5
6
7

Prof. Rapoport "is deemed to be a party in interest in these cases for all matters related to the discharge of the Fee Examiner's duties and shall have standing to object to the allowance of fees and expenses of any retained professional on any ground." *Order Appointing a Fee Examiner*, Docket #1285, p. 2, ll. 6-8, 2:17-bk-21386-SK.

8
9
10
11
12

Prof. Rapoport's job is to "review and assess, as appropriate, all interim fee applications, and final fee applications submitted for approval to this Court." *Order Appointing a Fee Examiner*, Docket #1285, p. 2, ll. 15-16, 2:17-bk-21386-SK. Prof. Rapoport is the clearinghouse for fee applications.

13
14
15
16
17

"After reviewing each fee application," Prof. Rapoport is to "prepare a preliminary report that shall be sent to the fee applicant, but not filed with the Court, setting forth any objection or issue." *Order Appointing a Fee Examiner*, Docket #1285, p. 3, ll. 24-26, 2:17-bk-21386-SK. This authorizes Prof. Rapoport to raise issues, privately, with fee applicants.

18
19
20
21
22
23

On July 17, 2020, Prof. Rapoport filed her *Notice To All Retained Professionals Of: (i) The Fee Examiner's Guidelines, Procedures, And Protocol; (ii) Retention Of Legal Decoder As A Consultant To The Fee Examiner*. Docket #1293 (providing notice of "guidelines, procedures, and protocol … to facilitate the review of fee applications filed by the trustee's counsel and the other professionals").

24
25
26
27
28

After discussions and negotiations between the fee applicants and Prof. Rapoport, "the Fee Examiner may file her Final Reports or fee objections with the Court … The Fee Examiner may, but is not required to, include a summary in the Final Reports of any objections previously raised and

resolved before filing the Final Reports." ***Order Appointing a Fee Examiner***, Docket #1285, p. 4, ll. 1-5, 2:17-bk-21386-SK. Prof. Rapoport's reports have been (and will be) drafted to facilitate the Court's review of the pending fee applications, with the hope of reducing the workload of this Court.

The Court invited fee applicants to address their "concerns" (if any) regarding Prof. Rapoport's preliminary report on fee applications. ***Order Appointing a Fee Examiner***, Docket #1285, p. 3, l. 28, p. 4, l. 1, 2:17-bk-21386-SK.

Since her employment (including May through October 2024), Prof. Rapoport has closely monitored the active chapter 7 proceedings, maintained a dialogue with professionals regarding their budgets and billing, and reviewed materials in connection with the prior round and next round of fee applications. Rapoport Declaration, ¶ 7.

After her employment, Prof. Rapoport played a role in the first 11 rounds of fee applications filed by the chapter 7 trustee's professionals. Rapoport Declaration, ¶ 8.

In the time covered by Prof. Rapoport's current fee application (May through October 2024), Rapoport communicated and negotiated with the professionals regarding the prior rounds of fee applications, analyzed the fee applications, filed her 11th report as the fee examiner (Docket #2370), reviewed objections to the fee applications, monitored developments in the adversary proceedings that might relate to fee applications and awards, and laid the groundwork for the 12th round of general fee applications to be heard on December 18 2024. Rapoport Declaration, ¶ 9.

Prof. Rapoport reviewed the proposed and entered orders on the 11th

round of professional fee applications. Rapoport Declaration, ¶ 10.

Prof. Rapoport completed her review of the prior round of professional fee applications, communicated with estate professionals, and drafted her 11th report as a fee examiner. Rapoport Declaration, ¶ 11.

In November 2024, Rapoport will file her next fee examiner's report, to be attached to the ***Notice of Filing of 12th Report of Nancy B. Rapoport, Fee Examiner***. Rapoport Declaration, ¶ 12.

During the application period, Prof. Rapoport reviewed billing records and shared preliminary reports with estate professionals. Prof. Rapoport raised issues and omissions that she identified in the accounting supporting the prior and pending fee applications. When needed, the fee applicants and Prof. Rapoport met and conferred regarding potential problems or misunderstandings. Rapoport communicated with the trustees' professionals and other parties about their budgets and projections (to match projected legal work against the likely return to the bankruptcy estate from that work). Rapoport Declaration, ¶ 13.

For Prof. Rapoport's services as a fee examiner, she is "entitled to reasonable, actual, and necessary compensation and reimbursement of expenses under the same standards and procedures which apply to other fee applicants." ***Order Appointing a Fee Examiner***, Docket #1285, p. 4, ll. 11-12, 2:17-bk-21386-SK.

Prof. Rapoport has kept "reasonably detailed time records and shall submit them with her application along with a narrative summary of services rendered." ***Order Appointing a Fee Examiner***, Docket #1285, p. 4, ll. 14-15, 2:17-bk-21386-SK. Rapoport Declaration, ¶ 14, Exhibits A-G (summary and

1

2

monthly invoices for services).

3

4

5

6

7

8

9

10

In the ***Declaration of Disinterestedness of Nancy B. Rapoport*** (Docket #1280, p. 9, ll. 17-23, 2:17-bk-21386-SK), Prof. Rapoport stated that her "current monthly rate for fee review work of a case of this complexity is $12,500, and my current hourly rate is $900/hour." Prof. Rapoport is billing $900.00 an hour for this segment of the engagement (May through October 2024), because her flat monthly rate ($12,500.00 a month, times six months, or $75,000.00) would be higher than her hourly fees at $900.00 an hour ($13,050.00). Rapoport Declaration, ¶ 15.

11

12

13

14

15

16

On January 1, 2024, Prof. Rapoport's regular hourly rate for other clients and new matters increased to $1,100.00 an hour (to reflect her continuing scholarship, publications, achievements, comparable hourly rates in the bankruptcy community, and inflation). However, for the balance of the present chapter 7 cases, she will continue to bill at her initial hourly rate ($900.00) as a courtesy. Rapoport Declaration, ¶ 16.

17

18

19

20

21

Prof. Rapoport has requested that the Court continue to award an additional $500.00 a month to permit her to reimburse UNLV for any inadvertent use of state resources as a part of this engagement. Rapoport Declaration, ¶ 17.

22

23

24

25

26

In Prof. Rapoport's ***11th Application for Payment of Interim Fees And/Or Expenses (11 U.S.C. §331)***, filed herewith, Rapoport is seeking an interim award of $45,750.00 for May through October 2024: $13,050.00 (hourly fees); $29,700.00 (costs for Legal Decoder); and reimbursement to UNLV ($3,000.00). Rapoport Declaration, ¶ 5.

27

28

# STATEMENTS REQUIRED BY
## LOCAL BANKRUPTCY RULE
### 2016-1(a)(1)(A)

Local Bankruptcy Rule 2016-1 addresses compensation of professional persons.

Local Bankruptcy Rule 2016-1(a)(1)(A)(ii) states that, "An application for interim fees incurred or costs advanced by … professional person … or examiner must contain the following … the status of administration of the estate, discussing the actions taken to liquidate property of the estate, the property remaining to be administered, the reasons the estate is not in a position to be closed, and whether it is feasible to pay an interim dividend to creditors."

Local Bankruptcy Rule 2016-1(a)(1)(A)(iii) states that, "Applicant must disclose the amount of money on hand in the estate and the estimated amount of other accrued expenses of administration."

Prof. Rapoport does not have sufficient information to provide a "brief narrative history and report concerning the status of the case" (Local Bankruptcy Rule 2016-1(a)(1)(A)) or the monies held by the trustee. Instead, Prof. Rapoport will rely upon the forthcoming summary in the 12th DLA Application.

See, Local Bankruptcy Rule 2016-1(a)(1)(A)(iv) ("If more than 1 application for interim fees in a case is noticed for hearing at the same date and time [December 18, 2024], the narrative history provided in one of the applications [by DLA Piper] may be incorporated by reference into the other interim fee applications [from Prof. Rapoport] to be heard contemporaneously by the court.").

1

2

## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE
### 2016-1(a)(1)(B)

3

4    Local Bankruptcy Rule 2016-1(a)(1)(B) asks for, "The date of entry of the

5    order approving the employment of the individual … for whom payment of

6    fees or expenses is sought, and the date of the last fee application for the

7    professional."

8
     On July 8, 2020, this Court appointed "Nancy B. Rapoport as the Fee

9    Examiner in these cases." *Order Appointing a Fee Examiner*, Docket #1285,

10   p. 2, l. 5, 2:17-bk-21386-SK.

11

12   While other professionals are seeking fees with their 12th applications

13   during this round of fee applications, this is Prof. Rapoport's 11th

14   application for interim fees and expenses.

15

16   On May 21, 2024, Prof. Rapoport filed her *Tenth Application for Payment of*

17   *Interim Fees And/Or Expenses (11 U.S.C. §331)*. Docket #2341. This was the

     most recent prior fee application for Prof. Rapoport.
18

19   On June 18, 2024, the Court entered its order awarding fees and costs to

20   Prof. Rapoport. Docket #2388.

21

22   ## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE
23   ### 2016-1(a)(1)(C)

24

25   Local Bankruptcy Rule 2016-1(a)(1)(C) asks for, "A listing of the amount of

26   fees and expenses previously requested, those approved by the court, and

27   how much has been received."

28

On July 7, 2021, the Court awarded the interim fees ($81,960.00) and costs ($59,450.00) requested in Prof. Rapoport's first application. Docket #1555. The Court authorized the trustee to pay $65,568.00 (80%) of the allowed fees and $59,450.00 (100%) of the allowed costs. The trustee paid this award. Rapoport Declaration, ¶ 19.

On December 6, 2021, the Court awarded the interim fees ($37,170.00) and costs ($32,700.00) requested in Prof. Rapoport's second application. Docket #1693. The Court authorized the trustee to pay $29,736.00 (80%) of the allowed fees and $32,700.00 (100%) of the allowed costs on Prof. Rapoport's second interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 20.

On March 8, 2022, the Court awarded the interim fees ($17,910.00) and costs ($16,350.00) requested in Prof. Rapoport's third application. Docket #1802. The Court authorized the trustee to pay $14,328.00 (80%) of the allowed fees and $16,350.00 (100%) of the allowed costs on Prof. Rapoport's third interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 21.

On June 30, 2022, the Court awarded the interim fees ($13,500.00) and costs ($16,350.00) requested in Rapoport's fourth application. Docket #1922. The Court authorized the trustee to pay $10,824.00 (80%) of the allowed fees and $16,350.00 (100%) of the allowed costs on Rapoport's fourth interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 22.

On November 14, 2022, the Court awarded the interim fees ($20,610.00) and costs ($27,250.00) requested in Rapoport's fifth application. Docket #1983. The Court authorized the trustee to pay $16,488.00 (80%) of the allowed fees and $27,250.00 (100%) of the allowed costs on Rapoport's fifth interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 23.

On January 30, 2023, the Court awarded the interim fees ($13,695.00) and costs ($10,900.00) requested in Rapoport's sixth application. Docket #2060. The Court authorized the trustee to pay $10,956.00 (80%) of the allowed fees and $10,900.00 (100%) of the allowed costs on Rapoport's sixth interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 24.

On May 24, 2023, the Court awarded the interim fees ($19,620.00) and costs ($21,800.00) requested in Rapoport's seventh application. Docket #2129. The Court authorized the trustee to pay $15,696.00 (80%) of the allowed fees and $21,800.00 (100%) of the allowed costs on Rapoport's seventh interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 25.

On September 21, 2023, the Court awarded the interim fees ($7,110.00) and costs ($21,800.00) requested in Rapoport's eighth application. Docket #2240. The Court authorized the trustee to pay $5,688.00 (80%) of the allowed fees and $21,800.00 (100%) of the allowed costs on Rapoport's eighth interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 26.

On February 6, 2024, the Court awarded the interim fees ($16,470.00) and costs ($27,250.00) requested in Rapoport's ninth application. Docket #2240. The Court authorized the trustee to pay $13,176.00 (80%) of the allowed fees and $27,250.00 (100%) of the allowed costs on Rapoport's ninth interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 27.

On June 18, 2024, the Court awarded the interim fees ($7,650.00) and costs ($21,800.00) requested in Rapoport's tenth application. Docket #2388. The Court authorized the trustee to pay $6,120.00 (80%) of the allowed fees and $21,800.00 (100%) of the allowed costs on Rapoport's tenth interim fee application. The trustee paid this award. Rapoport Declaration, ¶ 28.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE
### 2016-1(a)(1)(D)

Local Bankruptcy Rule 2016-1(a)(1)(D) asks for, "A brief narrative statement of the services rendered, and the time expended during the period covered by the application."

Prof. Rapoport is the fee examiner. A narrative of Rapoport's work is found above. See above, ***The Employment And Continuing Role Of Nancy B. Rapoport (The Fee Examiner)***.

During May through October 2024, Prof. Rapoport logged fees of $13,050.00, billed at her previous hourly rate of $900.00. From May through October 2024, Prof. Rapoport continued to use the services of Legal Decoder. Legal Decoder's charges for May through October 2024 are $29,700.00 (a fixed fee of $4,950.00 a month). Rapoport Declaration, ¶ 29.

During May through October 2024, Prof. Rapoport has continued her service as a law professor (and so she is requesting a $500.00 a month -- a total of $3,000.00 -- for any inadvertent use of university resources at the University of Nevada, Las Vegas). Rapoport Declaration, ¶ 30.

## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE
### 2016-1(a)(1)(E)

Local Bankruptcy Rule 2016-1(a)(1)(E) states that:

… the application must contain a detailed listing of all time spent by the professional on matters for which compensation is sought, including the following:

(i) Date Service was Rendered;

(ii) Description of Service. It is not sufficient to merely state "Research," "Telephone Call," "Court Appearance," etc. Applicant must refer to the particular person, motion, discrete task performed, and other matters related to such service. A summary that lists a number of services under only 1 time period is not satisfactory;

(iii) Amount of Time Spent. A summary is not adequate. Time spent must be accounted for in tenths of an hour and broken down in detail by the specific task performed. Lumping of services is not satisfactory; and

(iv) Identification of Person who Rendered Service. If more than 1 person's services are included in the application, applicant must identify the person who performed each item of service.

Prof. Rapoport has attached her detailed billing records (for May through October 2024) as exhibits to her declaration. Rapoport Declaration, ¶ 31, Exhibits B-G.

## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(F)

Local Bankruptcy Rule 2016-1(a)(1)(F) provides that, "[a]n application that seeks reimbursement of actual and necessary expenses must include a summary listing of all expenses by category (i.e., long distance telephone, photocopy costs, facsimile charges, travel, messenger and computer research). As to each unusual or costly expense item, the application must

state: (i) The date the expense was incurred; (ii) A description of the expense; (iii) The amount of the expense; and (iv) An explanation of the expense."

Prof. Rapoport has incurred minor charges for postage or shipping, as shown on her monthly invoices. Prof. Rapoport is not seeking reimbursement for these out of pocket expenses. However, Prof. Rapoport is seeking expense reimbursement for charges from Legal Decoder ($29,700.00) and $500.00 a month to her employer (University of Nevada, Las Vegas) for any inadvertent use of state resources ($3,000.00). Rapoport Declaration, ¶ 32.

In the ***Notice To All Retained Professionals Of: (i) The Fee Examiner's Guidelines, Procedures, And Protocol; (ii) Retention Of Legal Decoder As A Consultant To The Fee Examiner*** (Docket #1293), Prof. Rapoport described the significant role of Legal Decoder:

> Also, as discussed in the courtroom at the hearing regarding appointment of the Fee Examiner on July 8, 2020, and as explained below, the Fee Examiner has employed Legal Decoder, 105 North Virginia Avenue, Suite 204, Falls Church, Virginia 22046 (https://www.legaldecoder.com) to assist her with the detailed analysis of fee applications from Retained Professionals. Joseph R. Tiano, Jr., Esq., is the lead representative of Legal Decoder on this consulting engagement. See, July 1, 2020 Declaration of Disinterestedness of Nancy B. Rapoport, Docket #1280, p. 10, ¶29 ("I wish to affiliate the following additional independent contractor in this case with the following proposed compensation: Legal Decoder, an automated invoice review technology and data analytics/fee benchmarking provider. Legal Decoder has proposed to charge a one-

1
2
3
4
5

time, initial set-up fee (which will include a retrospective analysis of
fees from inception to date) equal to $9,900 and an ongoing flat rate of
$4,950/month, plus $400/hour for testimony and in-person meetings
and preparation for testimony and in person meetings (with travel
time billed at 50% of the hourly rate).").

6
7
8
9

For Legal Decoder's services, Prof. Rapoport is seeking $4,950.00 a month
for May through October 2024. Rapoport Declaration, ¶ 33 and Exhibits
H-M (Legal Decoder invoices).

10
11

## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE
## 2016-1(a)(1)(G)

12
13

Local Bankruptcy Rule 2016-1(a)(1)(G) provides that:

14
15
16
17
18
19
20
21

… the application must contain a listing of the hourly rates charged
by each person whose services form a basis for the fees requested in
the application. The application must contain a summary indicating
for each attorney by name:
    (i) The hourly rate and the periods each rate was in effect;
    (ii) The total hours in the application for which compensation is
    sought; and
    (iii) The total fee requested in the application.

22
23
24

Prof. Rapoport is the only professional seeking compensation in this fee
application.

25
26
27
28

Prof. Rapoport has billed 14.5 hours during her service as fee examiner
from May through October 2024. Throughout this engagement, Prof.
Rapoport has charged her previous normal hourly rate of $900.00. Rapoport

1
2

Declaration, ¶ 34.

3

In her *11th Application for Payment of Interim Fees And/Or Expenses (11*

4

*U.S.C. §331),* filed herewith, Prof. Rapoport is seeking an interim award of

5

$13,050.00 (for her hourly fees). Rapoport Declaration, ¶ 35.

6

7

## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE
## 2016-1(a)(1)(H)

8

9

Local Bankruptcy Rule 2016-1(a)(1)(H) asks for, "A description of the

10

professional education and experience of each of the individuals rendering

11

services, including identification of the professional school attended, year of

12

graduation, year admitted to practice, publications or other achievements,

13

and explanation of any specialized background or expertise in bankruptcy-

14

related matters."

15

16

Prof. Rapoport is the only billing professional in this fee application.

17

18

In 1982, Prof. Rapoport received a degree from Rice University, B.A., *summa*

19

*cum laude,* in Legal Studies and Honors Psychology. Rapoport Declaration,

20

¶ 36.

21

In 1985, Prof. Rapoport received a degree from Stanford Law School.

22

Rapoport Declaration, ¶ 37.

23

24

Prof. Rapoport has been admitted and is in good standing in the following

25

jurisdictions: United States District Court, District of Nevada (2009);

26

Nevada Supreme Court (2008); United States District Court, Northern

District of Texas (2003); Texas Supreme Court (2001); United States Supreme

27

Court (2000); Nebraska Supreme Court (1999; inactive status); Ohio

28

Supreme Court (1993; inactive status); United States District Court for the District of Hawaii (1988); California Supreme Court (1987; inactive status); and United States Court of Appeals for the Ninth Circuit (1987). Rapoport Declaration, ¶ 38.

Rapoport's detailed curriculum vitae is attached to the *Declaration of Disinterestedness of Nancy B. Rapoport*, Docket #1280, pp. 12-39. Prof. Rapoport has posted her up-to-date CV (with current 2024 entries) at https://law.unlv.edu/sites/default/files/05.14.2024_Rapoport_CV.pdf. Rapoport Declaration, ¶ 39.

Prof. Rapoport is a Fellow of the American College of Bankruptcy. Rapoport Declaration, ¶ 40.

In 2024, Aspen Publishing will be printing its second edition of Prof. Rapoport's 2021 book (with Bernard A. Burk and Veronica J. Finkelstein), *Ethical Lawyering: A Guide for the Well-Intentioned*. Rapoport Declaration, ¶ 41.

Prof. Rapoport is a University of Nevada, Las Vegas Distinguished Professor, the Garman Turner Gordon Professor of Law, William S. Boyd School of Law, and an Affiliate Professor of Business Law and Ethics, Lee Business School. Rapoport Declaration, ¶ 42.

Prof. Rapoport: was tied (with Professor Jean Sternlight) for "Faculty Member of the Year" in 2024; was named "Faculty Member of the Year" (and faculty commencement speaker) by Boyd law students in 2021; and was named "Dean of the Year" by Boyd law students in 2013. Rapoport Declaration, ¶ 43.

Prof. Rapoport has specialized experience that aids in her service as a fee examiner. Rapoport's research areas involve the intersection of ethics with various fields: the behavior of bankruptcy lawyers; employment and fees of bankruptcy professionals; the behavior of lawyers generally; the ways that lawyers and legal ethics are portrayed in popular culture; the changes in the legal profession; the dynamics of law firms; the relationship of social science to the behavior of lawyers and other professionals; possible changes to legal education; the ethics of corporate governance; and the interaction of artificial intelligence with the reasonableness of professional fees. Rapoport served as one of two Reporters for the American Bankruptcy Institute's Task Force on National Ethics Rules, which suggested changes to certain ethics rules relating to the practice of bankruptcy lawyers and related professionals. Rapoport has also testified in several cases involving ethics issues. Rapoport Declaration, ¶ 44.

Prof. Rapoport served as an expert witness or consultant in fee-related cases. Prof. Rapoport has experience as a fee examiner in complex bankruptcies, including *Toys R Us, Caesars, Station Casinos, Pilgrim's Pride,* and *Mirant*. Rapoport Declaration, ¶ 45.

### STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE 2016-1(a)(1)(I)

Local Bankruptcy Rule 2016-1(a)(1)(I) states, "If the hourly rate changed during the period covered by the application, the application must specify the rate that applies to the particular hours for which compensation is sought."

Prof. Rapoport's hourly rate (formerly $900.00) increased to $1,100.00 in 2024, but Rapoport continues to bill the bankruptcy estate at the $900.00

1

2

rate. Rapoport Declaration, ¶ 46.

3

4

## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE
## 2016-1(a)(1)(J)

5

6

7

8

9

10

Local Bankruptcy Rule 2016-1(a)(1)(J) asks for, "A separately filed declaration from the client indicating that the client has reviewed the fee application and has no objection to it. If the client refuses to provide such a declaration, the professional must file a declaration describing the steps that were taken to obtain the client's declaration and the client's response thereto."

11

12

13

14

Prof. Rapoport will not be submitting a client declaration in support of her fee application because Prof. Rapoport's "client" is the Court. Rapoport will continue to communicate with the U.S. Trustee regarding Rapoport's role.

15

16

17

## STATEMENTS REQUIRED BY LOCAL BANKRUPTCY RULE
## 2016-1(a)(1)(K)

18

19

20

Local Bankruptcy Rule 2016-1(a)(1)(K) asks for, "A statement that the applicant has reviewed the requirements of this rule and that the application complies with this rule."

21

22

23

24

Prof. Rapoport has been advised of the requirements of Local Bankruptcy Rule 2016-1 and believes that the application complies with that Rule. Rapoport Declaration, ¶ 47.

25

26

27

28

1

2

## LOCAL BANKRUPTCY RULE 2016-1(a)(2)(A)

3

4    Local Bankruptcy Rule 2016-1(a)(2)(A) provides that, "In all cases where the

employment of more than one professional person has been authorized by

5    the court, a professional person who files an application for interim fees

6    must give other professional persons employed in the case not less than 45

7    days' notice of the date and time of the hearing."

8

9    On June 18, 2024, DLA Piper (counsel to the chapter 7 trustee) filed and

served the *Notice of Hearing on Interim Fee Applications*. Docket #2382

10    (providing the required notice to other billing professionals on page 3, lines

11    12 through 16).

12

13    ## LOCAL BANKRUPTCY RULE 2016-1(a)(2)(B)

14

15    Local Bankruptcy Rule 2016-1(a)(2)(B) provides that:

16

17    > Applicant must serve not less than 21 days' notice of the hearing on

the debtor or debtor in possession, the trustee (if any), the creditors'

18    committee or the 20 largest unsecured creditors if no committee has

19    been appointed, any other committee appointed in the case, counsel

20    for any of the foregoing, the United States trustee, and any other party

21    in interest entitled to notice under FRBP 2002. The notice must

identify the professional person requesting fees, the period covered

22    by the interim application, the specific amounts requested for fees and

23    reimbursement of expenses, the date, time and place of the hearing,

24    and the deadline for filing and serving a written opposition.

25

26    Prof. Rapoport will file and serve her own notice of hearing on the extensive

27    electronic master mailing list.

28

# LOCAL BANKRUPTCY RULE 2016-1(a)(2)(C)

Local Bankruptcy Rule 2016-1(a)(2)(C) provides that:

> In addition to the notice, a copy of the application, together with all
> supporting documents, must be served on the debtor or debtor in
> possession, the trustee (if any), any committee appointed in the case,
> counsel for any of the foregoing, and the United States trustee. A copy
> of the complete application must also be promptly furnished upon
> specific request to any other party in interest.

Through the electronic master mailing list, Prof. Rapoport will be serving
the notice of hearing, her *11th Application for Payment of Interim Fees
And/Or Expenses (11 U.S.C. §331)*, these points and authorities, and
Rapoport's supporting declaration. Rapoport's counsel (Bovitz & Spitzer)
will provide copies of her filings upon request from a party in interest.
Rapoport Declaration, ¶ 48.

## PRAYER

Prof. Rapoport prays for the Court to approve her *11th Application for
Payment of Interim Fees And/Or Expenses (11 U.S.C. §331)*, awarding a total
interim award of $45,750.00 for May through October 2024: $13,050.00
(hourly fees); $29,700.00 (costs for Legal Decoder); and reimbursement to
UNLV ($3,000.00).

If the Court grants the application and awards the requested fees and costs,
but then directs the trustee to hold back 20% from the awarded fees, the
payment to Prof. Rapoport on her 11th interim fee application would be
$43,140.00: $10,440.00 (80% of $13,050.00 in requested fees); plus $29,700.00

(100% of costs for Legal Decoder); plus, reimbursement to UNLV (100% of $3,000.00).

November 7, 2024

<u>/s/ J. Scott Bovitz</u>
J. Scott Bovitz
Attorneys for Nancy B. Rapoport, fee examiner

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Wilshire Boulevard, Suite 2403, Los Angeles, California 90017-1961

A true and correct copy of the foregoing document entitled (*specify*): _____
POINTS AND AUTHORITIES IN SUPPORT OF NANCY B. RAPOPORT'S "11th INTERIM
APPLICATION FOR PAYMENT OF INTERIM FEES AND/OR EXPENSES (11 U.S.C. §331)"

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/12/2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/12/2024 | J. Scott Bovitz | /s/ J. Scott Bovitz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

**Mailing Information for Case 2:17-bk-21386-SK**
**Electronic Mail Notice List**

- **Kristina S Azlin**   Kristina.Azlin@hklaw.com,
  ericka.mendez@hklaw.com;hapi@hklaw.com
- **Tanya Behnam**   tbehnam@polsinelli.com,
  tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Ron Bender**   rb@lnbyg.com
- **Stephen F Biegenzahn**   steve@sfblaw.com
- **J Scott Bovitz**   bovitz@bovitz-spitzer.com
- **Michael D Breslauer**   mbreslauer@swsslaw.com,
  wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;sdurazo@swsslaw.com
- **Sara Chenetz**   schenetz@perkinscoie.com,
  docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz
  -sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
- **Brian K Condon**   Brian.Condon@arnoldporter.com,
  edocketscalendaring@arnoldporter.com
- **Dawn M Coulson**   dawn@eppscoulson.com, ecfnotices@eppscoulson.com
- **Aaron S Craig**   acraig@kslaw.com,
  mciatti@kslaw.com;kobrien@kslaw.com;mcadavid@kslaw.com;jseufert@kslaw.com
- **Scott D Cunningham**   scunningham@condonlaw.com, hbeck-kilps@condonlaw.com
- **Cecily A Dumas**   cdumas@bakerlaw.com, hhammonturano@bakerlaw.com
- **Michael J Edelman**   mjedelman@vedderprice.com,
  ecfladocket@vedderprice.com;michael-jedelman-7401@ecf.pacerpro.com
- **Jamie L Edmonson**   jedmonson@rc.com, lshaw@rc.com
- **Scott Ewing**   contact@omnimgt.com,
  sewing@omnimgt.com;ecf@omnimgt.com;docketalarm-ecf-cacb-
  5715976304852992@inbound.docketalarm.com
- **John-Patrick M Fritz**   jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Jonathan L Gerber**   jgerber@millermenthelaw.com, sjohal@millermenthelaw.com
- **Robert P Goe**   kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnsto
  n@goeforlaw.com
- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Michael S Greger**   mgreger@allenmatkins.com, kpreston@allenmatkins.com
- **David M. Guess**   dguess@buchalter.com, david-guess-9268@ecf.pacerpro.com
- **Brian D Huben**   hubenb@ballardspahr.com, carolod@ballardspahr.com
- **William W Huckins**   whuckins@allenmatkins.com,
  clynch@allenmatkins.com;igold@allenmatkins.com
- **Allison B Hudson**   ahudson@vedderprice.com, ecfladocket@vedderprice.com;allison-
  hudson-3974@ecf.pacerpro.com

- **Tiffany M Ikeda**   tiffany.ikeda@arnoldporter.com,
  vicky.apodaca@arnoldporter.com;natasha.brunstein@arnoldporter.com;mary.aertker@arnoldporter.com
- **Robbin L. Itkin**   ritkin@sklarkirsh.com,
  mduran@sklarkirsh.com;KFRAZIER@SKLARKIRSH.COM
- **Lawrence M Jacobson**   lmj@gfjlawfirm.com
- **Jeanne M Jorgensen**   jjorgensen@pj-law.com, cpage@pj-law.com
- **Talin Keshishian**   tkeshishian@bg.law, ecf@bg.law
- **Michael D Kibler**   Mkibler@stblaw.com,
  Janie.franklin@stblaw.com;raul.duran@stblaw.com
- **Jonathan D King (TR)**   jonathan.king@dlapiper.com
- **Robert Labate**
- **Paul J Laurin**   plaurin@btlaw.com,
  slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
- **Dare Law**   dare.law@usdoj.gov
- **Matthew A Lesnick**   matt@lesnickprince.com,
  matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Blake J Lindemann**   Blake@lawbl.com, Nataly@lawbl.com
- **Michael B Lubic**   michael.lubic@klgates.com,
  jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **John K Lyons**   , john-lyons-7790@ecf.pacerpro.com;docketingchicago@dlapiper.com
- **John K Lyons**   john.lyons@us.dlapiper.com, john-lyons-7790@ecf.pacerpro.com;docketingchicago@dlapiper.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Daniel J McCarthy**   dmccarthy@hillfarrer.com,
  spadilla@hillfarrer.com;dflowers@hfbllp.com
- **Michael McCollum**   michael@mccollumcounsel.com
- **Thor D McLaughlin**   tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Joshua M Mester**   jmester@jonesday.com
- **Malcolm D Minnick**   dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Daniel T Moss**   dtmoss@jonesday.com, dstorborg@JonesDay.com
- **Sabari Mukherjee**   notices@becket-lee.com
- **Alan I Nahmias**   anahmias@mbn.law, jdale@mbn.law
- **Juliet Y. Oh**   jyo@lnbyg.com, jyo@lnbyb.com
- **Scott Olson**   scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **R Gibson Pagter**   gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **Kathy Bazoian Phelps**   kphelps@raineslaw.com, hchoi@raineslaw.com
- **Douglas A Plazak**   dplazak@rhlaw.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Samuel Price**   sprice@edzantprice.com

- **Oscar D Ramallo**    oramallo@kayescholer.com
- **Michael B Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **David J Richardson**    drichardson@bakerlaw.com, aagonzalez@bakerlaw.com
- **Paul A Rigali**    prigali@larsonllp.com, hpark@larsonllp.com;YGutierrez@larsonllp.com
- **David M Riley**    david.riley@us.dlapiper.com, davidzriley@gmail.com;DLAPiper@ecfxmail.com
- **Mary H Rose**    mrose@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **Caroline A Sayers**    caroline.sayers@lathropgpm.com
- **Daniel H Slate**    dslate@buchalter.com, smartin@buchalter.com;ifs_filing@buchalter.com
- **Alan D Smith**    adsmith@perkinscoie.com, DocketLA@perkinscoie.com,ecf-3ac9070a3959@ecf.pacerpro.com,al-smith-9439@ecf.pacerpro.com
- **Robyn B Sokol**    rsokol@leechtishman.com, rsokol@leechtishman.com;lmoya@leechtishman.com;dmulvaney@leechtishman.com;NArango@LeechTishman.com;dbender@leechtishman.com;nmeyers@leechtishman.com;mmocciaro@leechtishman.com
- **Randye B Soref**    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Nolan Thomas**    nolan.thomas@klgates.com, klgatesbankruptcy@klgates.com
- **Andrew Troop**    andrew.troop@pillsburylaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Victor A Vilaplana**    victor.vilaplana@practus.com, smoreno@foley.com
- **Philip S Warden**    philip.warden@pillsburylaw.com, thomas.loran@pillsburylaw.com;kathy.stout@pillsburylaw.com;yvonne.chan@pillsburylaw.com;docket@pillsburylaw.com;david.stanton@pillsburylaw.com
- **Alan J Watson**    alan.watson@hklaw.com, rosanna.perez@hklaw.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law
- **Claire K Wu**    claire.wu@pillsburylaw.com, renee.evans@pillsburylaw.com;docket@pillsburylaw.com