HOLLAND & KNIGHT LLP
Robert J. Labate (SBN 313847)
*robert.labate@hklaw.com*
Kristina S. Azlin (SBN 235238)
*kristina.azlin@hklaw.com*
Andrew M. Cummings (SBN 305081)
*andrew.cummings@hklaw.com*
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Facsimile: 213.896.2450

*Attorneys for CAVIC Aviation Leasing (Ireland) 22 Co. DAC*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC., a California corporation,<br><br>    Debtor.<br>_____<br><br>In re:<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>    Debtor.<br>_____ | Lead Case No.: 2:17-bk-21386-SK<br>Chapter 7<br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-SK<br><br>**LIMITED OPPOSITION OF CAVIC AVIATION LEASING (IRELAND) 22 CO. DAC TO CHAPTER 7 TRUSTEE'S 9019 MOTION FOR APPROVAL OF SETTLEMENT [DKT. NOS. 2519, 2521]**<br><br>Date: May 20, 2025<br>Time: 10:00 a.m. PST<br>Place: Courtroom 1668<br>       255 East Temple Street<br>       Los Angeles, CA 90012<br><br>Judge: Honorable Barry Russell,<br>       United States Bankruptcy Judge |

#520835159_v9

**COMPLAINT**

# LIMITED OPPOSITION AND OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT

CAVIC Aviation Leasing (Ireland) 22 Co. DAC ("**CALI**" or "**CAVIC**") respectfully submits this limited opposition (the "**Opposition**") to the *Chapter 7 Trustee's Notice of Motion and Motion for Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedures Approving Settlement Agreement by and Between Chapter 7 Trustee and Defendants* [Dkt. No. 2519] (the "**9019 Motion**") and Settlement Agreement [Dkt. No. 2521] (the "**Settlement Agreement**").

## 1. INTRODUCTION

CALI, a creditor in this jointly administered bankruptcy and a non-settling party in the related CAVIC Adversary proceeding[1]—as currently on appeal to the Ninth Circuit, does not object to the Settlement Agreement *as a whole*, or to the Court's approval of the settlement of the claims by and between the Settlement Parties.[2]

CALI *does object*, however, to any attempt by the Settlement Parties—whether express or implied—to predetermine or limit *the legal impact* of the Settlement (and related dismissals) on the claims against *CALI* and/or *CALI's* defenses thereto. The Settlement Parties do not have authority to bind either CALI or the relevant courts—including the Ninth Circuit, which currently has jurisdiction over the claims against CALI—with their "agreement", and the legal impact of the Settlement on the claims

---

[1] The "**CAVIC Adversary**" refers to the action captioned as *Jonathan D. King, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Jetta Jet PTE, Ltd., v. CAVIC Aviation Leasing Irland 22 Co., Designated Activity Company and Bombardier Aerospace Corporation*, CACB Case 2:19-ap-01147, as currently pending in the United States Court of Appeals for the Ninth Circuit (the "**Ninth Circuit Court**") as Case No. 24-2676 (the "**Ninth Circuit Appeal**").

[2] The Settlement is by and among (i) Jonathan D. King, solely in his capacity as the Chapter 7 trustee (the "**Trustee**") in the above-captioned jointly administered bankruptcy on behalf of the Debtors' estates, and (ii) Jetcraft Corporation; Jetcraft Global, Inc.; Jetcoast 5000-5 LLC; Jetcraft Asia Limited; Orion Aircraft Holdings, Ltd.; FK Group Ltd.; FK Partners Limited; and Jahid Fazal-Karim (collectively, the "**Jetcraft Defendants**"), and Bombardier Inc.; Bombardier Aerospace Corporation; and Learjet, Inc. (collectively, the "**Bombardier Defendants**," and, together with the Jetcraft Defendants, and the Trustee, the "**Settlement Parties**")

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

against CALI, if any, is a legal issue for the Ninth Circuit to decide (in the first instance).

For these reasons, as more fully set forth below, CALI respectfully requests that the Court (1) limit all portions of the Settlement Agreement and related papers purporting to limit and/or determine the impact of the Settlement as to CALI, including Section 12 of the Settlement Agreement thereto, and/or (2) expressly clarify in its order approving the settlement that (i) the legal impact of the settlement and/or the related dismissals on the claims asserted by, or against, CALI, in the CAVIC Adversary proceeding or elsewhere is beyond the scope of the Settlement Parties to agree to, and (ii) the legal impact of the settlement, if any, on the claims asserted by or against CALI in the CAVIC Adversary proceeding or elsewhere is not before or being decided by this Court.

## 2. BRIEF SUMMARY OF THE RELEVANT PROCEDURAL HISTORY

On May 21, 2019, the Trustee filed a complaint (the "**CAVIC Complaint**") against CALI, an airplane leasing company, and Bombardier Aerospace Corporation in the Bankruptcy Court entitled *King v. CAVIC Aviation Leasing (Ireland) 22 Co. Designated Activity Company*, Case No.: 2:19-ap- 01147 (the "**CAVIC Adversary Proceeding**"). According to the Trustee, he filed the CAVIC Adversary Proceeding to (i) avoid an alleged unperfected security assignment to avoid and recover a $30 million progress payment involving a specific aircraft that was never delivered to Debtors, and (ii) sought to recharacterize certain finance leases as disguised financing agreements rather than true or operating leases. Dkt. No. 2519, Motion at ¶14.

After the Bankruptcy Court granted CALI's initial motion to dismiss, the Trustee filed a First Amended Complaint on July 28, 2021. After the Trustee's failed attempts to consolidate the CAVIC and Jetcraft Adversary proceedings and amend the claims again CALI, CALI again moved to dismiss. On March 8, 2022, the Bankruptcy Court dismissed the claims against CAVIC with prejudice and on

-3-

CALI's OPPOSITION TO TRUSTEE'S MOTION FOR ORDER APPROVING
JETCRAFT/FK DEFENDANTS SETTLEMENT AGREEMENT

multiple grounds—which the Trustee appealed to the District Court. Dkt. No. 2519, Motion at ¶¶17-18, 21.

On March 26, 2024, in a ninety-one page decision addressing the Trustee's consolidated appeals related to his various adversary proceedings, including the CAVIC Adversary, the District Court affirmed the dismissal of the Complaint against CALI in its entirety.[3] Dkt. No. 2519, Motion at ¶22.

Relevant to this Opposition, the District Court held that, *inter alia*: The Trustee's Declaratory Relief claim (for recharacterization of the delivered aircraft leases) was properly dismissed because (1) English law applied and under English law, the leases in question were hire purchase agreements, which is a "lease with an option to purchase provided at the end of the term of the lease," in which "the lessor retains ownership of the goods" "[u]nless the option is exercised"; and, regardless, (2) the Trustee did not have standing to pursue the recharacterization claim under the Declaratory Judgment Act because the Trustee did not demonstrate "any possible future dispute is of 'sufficient immediacy and reality' to provide him with Article III standing." District Court CAVIC Order at 45-52 (quoting *Maryland Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Notably, the Trustee repeatedly acknowledged in that proceeding (and elsewhere) that "he only 'seeks recharacterization to support claims against Bombardier in *Jetcraft*,' a different action against a different defendant." *Id.* at 45 (quoting Trustee's Opening Brief at 60).

The Trustee has appealed the District Court's ruling to the Ninth Circuit, which is still pending as to CALI. Dkt. No. 2519, Motion at ¶23.[4]

---

[3] Case 2:22-cv-2004-JAK, Dkt. 105 ("**District Court CAVIC Order**").
[4] Ninth Circuit Case No. 24-2676.

-4-

CALI's OPPOSITION TO TRUSTEE'S MOTION FOR ORDER APPROVING
JETCRAFT/FK DEFENDANTS SETTLEMENT AGREEMENT

### 3. CALI OBJECTS TO ANY ORDER THAT PURPORTS TO DICTATE OR LIMIT THE IMPACT OF THE SETTLEMENT ON THE CLAIMS BY OR AGAINST CALI

#### a. The Settlement Parties Do Not Have the Authority or Ability to Bind CALI or This Court—But Attempt to Do So.

CALI is not a party to the Settlement Agreement, nor do the Settlement Parties have the authority or ability to "agree" what the legal impact of the Settlement Agreement is on the claims by or against CALI. Despite this, several sections of the Settlement Agreement and related papers purport to do just that. For instance, Section 12 of the Settlement Agreement states in relevant part:

> **CAVIC**. Notwithstanding anything herein to the contrary, or that might be construed or interpreted as being to the contrary, ***nothing in this Settlement Agreement, including without limitation, the dismissals and releases provided in paragraphs 6, 9 and 10 above, affects limits or modifies any claims, defenses, rights obligations as between the Trustee and CAVIC*** and its divisions, parents, subsidiaries, affiliates, and each of its respective current and former officers, directors, members, partners, shareholders, employees, heirs, assignees, trustees, beneficiaries, successors, agents, attorneys, and representatives, ***including as asserted in the CAVIC Adversary Proceeding and CAVIC Ninth Circuit Appeal***.

Settlement Agreement, Section 12 (emphasis added) [Dkt. No. 2521].

Likewise, this same language is mirrored in the proposed Stipulations of Partial of Dismissal of the CAVIC Adversary Proceeding and the CAVIC Ninth Circuit Appeal:

> **CAVIC Adversary Proceeding:**
>
> Notwithstanding anything herein to the contrary, or that might be construed or interpreted as being to the contrary, ***nothing in this Stipulation of Partial Dismissal affects the Trustee's prosecution of this adversary proceeding, including any appeal, with respect to CAVIC or otherwise limits or modifies any claims, defenses, rights obligations as between the Trustee and CAVIC*** and its divisions, parents, subsidiaries, affiliates, and each of its respective current and former officers, directors, members, partners, shareholders, employees, heirs,

assignees, trustees, beneficiaries, successors, agents, attorneys, and representatives, ***including as asserted in this adversary proceeding, including any appeal.***

Proposed Stipulation of Partial Dismissal (emphasis added) [Dkt. No. 2521-1 at 71].

**CAVIC Ninth Circuit Appeal:**

Notwithstanding anything herein to the contrary, or that might be construed or interpreted as being to the contrary, ***nothing in this Voluntary Partial Dismissal with Prejudice affects the Trustee's prosecution of the underlying adversary proceeding or this appeal with respect to CAVIC or otherwise limits or modifies any claims, defenses, rights obligations as between the Trustee and CAVIC*** and its divisions, parents, subsidiaries, affiliates, and each of its respective current and former officers, directors, members, partners, shareholders, employees, heirs, assignees, trustees, beneficiaries, successors, agents, attorneys, and representatives, ***including as asserted in the underlying adversary proceeding and this appeal.***

Proposed Stipulation of Partial Dismissal of CAVIC Ninth Circuit Appeal (emphasis added) [Dkt. No. 2521-1 at 76].

Paragraph 6 of the attached Proposed Order then asks the Court to "approve" the Settlement Agreement, including ostensibly Section 12, allow the Trustee to take any actions necessary to effectuate the terms of the Settlement Agreement, and to make the Order binding on "all creditors"—***including CALI***:

> 2. The Settlement Agreement, attached as Exhibit 2 to the Motion, is approved.
>
> …
>
> 5. The Trustee is authorized to execute any documents and take any actions reasonably necessary to effectuate the terms of the Settlement Agreement.
>
> …
>
> 6. This Order shall be binding upon and govern the acts of all persons and entities including, without limitation, all creditors and stakeholders, any parties in interest, the Debtors and the Settling Defendants, and their respective successors and assigns, filing agents, recording agencies, secretaries of state and all other persons and entities who may be required by operation of law to

-6-

> accept, file, register or otherwise record or release any documents or instruments.

Proposed Order, para. 2, 5, 6 [Dkt. No. 2519, Exhibit 1].

To be clear, CALI does not object to the Court's approval of the settlement as a whole. However, CALI has not agreed to limit the impact of the settlement on the claims against CALI or release any defenses that it may have to such claims, nor was it ever asked to participate in this settlement. This is not an academic exercise, as this might have real consequences in light of the fact that half of the claims against CALI in the CAVIC Adversary were expressly stated so that the Trustee could assert *different* claims, in *different* venues, against *different* parties—including against some of the Settlement Parties.

As such, CALI's Opposition is limited to Section 12 of the Settlement Agreement and the related proposed Stipulations of Dismissal and Proposed Order to the extent the Settlement Parties or the Settlement Agreement attempt to bind or affect CALI, this Court or any Court regarding the impact of the Settlement Agreement on CALI, its claims, rights, and/or defenses to the claims stated against it in the CAVIC Adversary, or otherwise. The impact of the release of claims and the scope of the release in the Settlement Agreement as it relates to CALI is not for the Settling Parties to decide and they have no authority to do so.

**b.    This Court Does Not Presently Have Jurisdiction Over The Claims Against CALI.**

The claims against CALI in the CAVIC Adversary proceeding are currently before the Ninth Circuit, meaning that this Court does not presently have jurisdiction over those claims. As the United States Supreme Court has explained, the "filing of a notice appeal is an event of jurisdictional significance." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). It confers exclusive jurisdiction on the appellate court while divesting the lower court "of its control over those aspects of

-7-

CALI's OPPOSITION TO TRUSTEE'S MOTION FOR ORDER APPROVING
JETCRAFT/FK DEFENDANTS SETTLEMENT AGREEMENT

the case involved in the appeal." *Id.* "This rule applies with equal force to bankruptcy cases" as it does to civil litigation. *In re Transtexas Gas Corp.*, 303 F.3d 571, 579 (5th Cir. 2002).

Nor can it issue any order that modifies, amends, reconsiders, or vacates the prior Orders dismissing the claims alleged against CALI in the CAVIC Adversary, even if indirectly. *See, e.g., Transtexas Gas*, 303 F.3d at 579–80 (holding that bankruptcy court was without authority to enter order in nature of Rule 59(e) relief that restated interest rate provisions of plan on appeal); *In re Bialac*, 694 F.2d 625, 627 (9th Cir. 1982) (bankruptcy court may not vacate or modify an order while an appeal is pending); *see also In re Southold Dev. Corp.*, 129 B.R. 18, at 19 (E.D.N.Y. 1991) ( "[E]ven if not an express issue on the . . . appeal, [the plan amendment] so impacted the issues on appeal that the Bankruptcy Court was divested of jurisdiction over that issue.")

Accordingly, this Court should not issue any order that can be construed or interpreted as binding CALI or as dictating or determining the potential impact of the settlement on CALI, its claims, rights, and/or defenses to the claims stated against it in the CAVIC Adversary.

   c. **The Impact of the Settlement on the Claims By or Against CALI, if Any, Is An Issue of Law For the Ninth Circuit—or, if Remanded, This Court—To Decide at a Later Date.**

As outlined above, the Trustee attempted to assert two categories of claims against CALI in the CAVIC Adversary. One of those claims were asserted only to "seek[] recharacterization to support claims against Bombardier in *Jetcraft*." District Court CAVIC Order at 45 (quoting Trustee's Opening Brief at 60). The District Court dismissed that claim because the Trustee did not have standing and because the Trustee did not plausibly plead a recharacterization claim. District Court CAVIC Order at 45-52.

-8-

CALI's OPPOSITION TO TRUSTEE'S MOTION FOR ORDER APPROVING
JETCRAFT/FK DEFENDANTS SETTLEMENT AGREEMENT

Now that the claims against Bombardier in the *Jetcraft* case have been resolved through this proposed settlement, and are to be dismissed with prejudice, this provides an additional ground for why the District Court's ruling should be affirmed in the pending CAVIC Ninth Circuit Appeal. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007) ("The court may also affirm on any ground supported by the record even if the district court did not consider the issue."). Indeed, since the relief sought in the Declaratory Judgement claim against CALI was for the sole purpose of supporting claims against Bombardier in the *Jetcraft* case, those claims are now moot. *Shell Offshore Inc.v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016) (An "appellate court lacks jurisdiction and must dismiss the appeal" when it is moot; "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (quoting *City of Eriev. Pap's A.M.*, 529 U.S. 277 (2000)). "When events change such that the appellate court can no longer grant 'any effectual relief whatever to the prevailing party,' any resulting opinion would be merely advisory." *Id.* (quoting same).

The Settlement Parties cannot limit CAVIC's ability to assert that argument, or any other, by including Paragraph 12 in the Settlement Agreement or purporting to dismiss the non-CALI portions of either the CAVIC Adversary or the CAVIC Appeal subject to such terms.

## 4. CONCLUSION

WHEREFORE, for the foregoing reasons, CALI respectfully requests that the Court (1) limit all portions of the Settlement Agreement and related papers purporting to limit and/or determine the impact of the Settlement as to CALI, including Section 12 of the Settlement Agreement thereto, and/or (2) expressly clarify in its order approving the settlement that (i) the legal impact of the settlement and/or the related dismissals on the claims asserted by, or against, CALI, in the CAVIC Adversary proceeding or elsewhere is beyond the scope of the Settlement Parties to agree to, and

-9-

(ii) the legal impact of the settlement, if any, on the claims asserted by or against CALI in the CAVIC Adversary proceeding or elsewhere is not before or being decided by this Court.[5]

Dated: May 6, 2025                HOLLAND & KNIGHT LLP

By: /s/ *Kristina S. Azlin*
Robert J. Labate
Kristina S. Azlin
Andrew M. Cummings

*Attorneys for CAVIC Aviation Leasing (Ireland) 22 Co. Designated Activity Company*

---

[5] Interpretation of the Settlement Agreement, as with any contract, is an issue of law to be decided by the Court. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) ("Under California law, the interpretation of a contract is a question of law" and "[t]he construction and enforcement of settlement agreements are governed by principles of local law.").

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled *LIMITED OPPOSITION OF CAVIC AVIATION LEASING (IRELAND) 22 CO. DAC TO CHAPTER 7 TRUSTEE'S 9019 MOTION FOR APPROVAL OF SETTLEMENT [DKT. NOS. 2519, 2521]* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 6, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| Name | Party | Email |
|---|---|---|
| John-Patrick M. Fritz | Zetta Jet USA, Inc. | jpf@lnbyb.com |
| Juliet Y. Oh | Zetta Jet USA, Inc. | jyo@lnbyb.com |
| Ron Bender | Zetta Jet USA, Inc. | rb@lnbyb.com |
| Jeanne M. Jorgensen | Universal Weather & Aviation, Inc. | jjorgensen@pj-law.com |
| Jeanne M. Jorgensen | Universal Fuels, Inc. | jjorgensen@pj-law.com |
| Dawn M. Coulson | Scout Aviation II, LLC | dcoulson@eppscoulson.com |
| William W. Huckins | Ample United Limited | whuckins@allenmatkins.com |
| Michael S. Greger | Ample United Limited | mgreger@allenmatkins.com |
| Andrew Troop | Bombardier Aerospace | andrew.troop@pillsburylaw.com |
| Alan I. Nahmias | NEF Request | anahmias@mbnlawyers.com |
| Mary H. Rose | NEF Request | mrose@buchalter.com |
| Michael D. Breslauer | Big Fly LLC | mbreslauer@swsslaw.com |
| Stephen F. Biegenzahn | NEF Request | sbiegenzahn@mbnlawyers.com |
| David W. Meadows | NEF Request | david@davidwmeadowslaw.com |
| Dare Law | U.S. Trustee | dare.law@usdoj.gov |
| Tiffany M. Ikeda | Li Entities | tiffany.ikeda@aarnoldporter.com; vicky.apodaca@arnoldporter.com; natasha.brunstein@arnoldporter.com; mary.aertker@arnoldporter.com |
| Michael B. Lubic | New Target Investments Limited | michael.lubic@klgates.com |
| Nolan Thomas | New Target Investments Limited | nolan.thomas@klgates.com |
| Victor A. Vilaplana | ARINC Direct, LLC | vavilaplana@foley.com |
| Jeffrey N. Pomerantz | Creditor Committee | jpomerantz@pszjlaw.com |
| John W. Lucas | Creditor Committee | jlucas@pszjlaw.com |
| Paul Laurin | Rolls-Royce Deutschland | paul.laurin@btlaw.com |
| Scott M. Ewing | Rust Consulting/Omni Bankruptcy | sewing@omnimgt.com; ecf@omnimgt.com |
| Kristina S. Azlin | | Kristina.azlin@hklaw.com; ericka.mendez@hklaw.com |
| Jonathan Boustani | | jboustani@btlaw.com |
| J. Scott Bovitz | Fee Examiner | bovitz@bovitz-spitzer.com |
| Brian K. Condon | | brian.condon@arnoldporter.com |
| Jamie L. Edmonson | | jedmonson@rc.com; lshaw@rc.com |

☒  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                                                        **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On May 6, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Festin Management Corp., SN 1360 LLC, SN 1372 LLC
Attn.:  Daniel J. McCarthy, Esq.
Hill, Farrer & Burrill LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, California 90071

Festin Management Corp., SN 1360 LLC, SN 1372 LLC
Attn.:  James Torrey
Jimmy Jets
2808 Northeast First Avenue
Wilton Manors, Florida 33334

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 6, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY

VIA ELECTRONIC MAIL

(Party, who is being served if different, and email address for each)

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 6, 2025 | Kristina Azlin | /s/ Kristina Azlin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                           **F 9013-3.1.PROOF.SERVICE**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) & OVERNIGHT DELIVERY**

| | |
|---|---|
| **BOMBARDIER AEROSPACE CORPORATION:**<br><br>Pillsbury Winthrop Shaw Pittman, LLP<br>31 W. 52nd Street<br>New York, NY 10019<br>Attn.: Eric Fishman<br>Email: eric.fishman@pillsburylaw.com<br><br>Attn.: Andrew Troop<br>Email: andrew.troop@pillsburylaw.com<br><br>Attn.: Carolina A. Fornos<br>Email: carolina.fornos@pillsburylaw.com | **COUNSEL FOR THE TRUSTEE**<br>DLA PIPER LLP (US)<br>Attn: David M. Riley<br>2000 Avenue of the Stars, Suite 400, North Tower<br>Los Angeles, CA 90067-4704<br>david.riley@us.dlapiper.com<br><br>DLA PIPER LLP (US)<br>Attn: John K. Lyons<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606-0089<br>john.lyons@us.dlapiper.com |
| **UNITED STATES TRUSTEE (LA):**<br><br>United States Trustee (LA)<br>Attn: Ron Maroko<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017<br>Email: ron.maroko@usdoj.gov | **JETCRAFT CORPORATION:**<br><br>King & Spalding LLP<br>1700 Pennsylvania Avenue, NW, Suite 900<br>Washington DC 20006<br>Attn: Michael J. Ciatti<br>Email: mciatti@kslaw.com, |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                       **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (Continued):**

| | | |
|---|---|---|
| Matthew A. Lesnick | NEF Request | matt@lesnickprince.com |
| Daniel H. Slate | NEF Request | dslate@buchalter.com |
| Ron Maroko | US Trustee | ron.maroko@usdoj.gov |
| Robert Labate | AVIC International Leasing Co. Ltd. | robert.labate@hklaw.com |
| Alan J. Watson | AVIC International Leasing Co. Ltd. | alan.watson@hklaw.com |
| Michael McCollum | New Jubilee Global Limited | michael@mccollumcounsel.com |
| Blake J. Lindemann | NEF Request | blake@lawbl.com |
| Sabari Mukherjee | NEF Request | notices@becket-lee.com |
| Corey R. Weber | NEF Request (Brutzkus Gubner) | cweber@bg.law; ecf@bg.law |
| Robyn B. Sokol | NEF Request (Brutzkus Gubner) | ecf@bg.law; rsokol@leechtishman.com; lmoya@leechtishman.com |
| David J. Richardson | NEF Request (Baker Hostetler LLP) | drichardson@bakerlaw.com |
| Aaron S. Craig | | acraig@kslaw.com; mtunson@kslaw.com; eripley@kslaw.com; mciatti@kslaw.com |
| Scott D. Cunningham | | scunningham@condonlaw.com; epatmore@condonlaw.com |
| Cecily A. Dumas | | cdumas@bakerlaw.com; hhammonturano@bakerlaw.com |
| Michael J. Edelman | | mjedelman@vedderprice.com; edfladocket@vedderprice.com; Michael-jedelman-7401@ecf.pacerpro.com |
| Amir Gamliel | | amir-gamliel-9554@ecf.pacerpro.com; cmallahi@perkinscoie.com; docketla@perkinscoie.com |
| Jonathan L. Gerber | | jgerber@millermenthelaw.com; sjohal@millermenthelaw.com |
| Brian D. Huben | | hubenb@ballardspahr.com; carolod@ballardspahr.com |
| Allison B. Hudson | | ahudson@vedderprice.com; ecfladocket@vedderprice.com; Allison-hudson-3974@ecf.pacerpro.com |
| Talin Keshishian | | tkeshishian@bg.law; ecf@bg.law |
| Michael D. Kibler | | mkibler@stblaw.com; Janie.franklin@stblaw.com; raul.duran@stblawcom |
| Daniel J. McCarthy | | dmccarthy@hillfarrer.com; spadilla@hillfarrer.com; nchacon@hfbllp.com |
| Thor D. McLaughlin | | tmclaughlin@allenmatkins.com; igold@allenmatkins.com |
| Joshua M. Mester | | jmester@jonesday.com |
| Malcolm D. Minnick | | dminnick@pillsburylaw.com; m.minnick@comcast.net |
| Daniel T. Moss | | dtmoss@jonesday.com; dstorborg@jonesday.com |
| Scott H. Olson | | solson@vedderprice.com; scott-olson-2161@ecf.pacerpro.com; ecfsfdocket@vedderprice.com; nortega@vedderprice.com |
| R. Gibson Pagter | | gibson@ppilawyers.com; ecf@ppilawyers.com; pagterrr51779@notify.bestcase.com |
| Kathy Bazoian Phelps | | kphilps@diamondmccarthy.com; |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| | helen.choi@diamondmccarthy.com |
| Samuel Price | sprice@pooleshaffery.com; mvalenti@pooleshaffery.com |
| Oscar D. Ramallo | oramallo@kayescholer.com |
| Michael B. Reynolds | mrenolds@swlaw.com; kcollins@swlaw.com |
| Paul A. Rigali | prigali@larsonllp.com; hpark@larsonllp.com; ygurierrez@larsonllp.com |
| David M. Riley | David.riley@morganlewis.com; davidzriley@gmail.com |
| Caroline A. Sayers | caroline.sayers@lathropgpm.com |
| Alan D. Smith | adsmith@perkinscoie.com; docketla@perkinscoie.com; ecf-3ac9070a3959@ecf.pacerpro.com; al-smith-9439@ecf.pacerpro.com |
| Randye B. Soref | rsoref@polsinelli.com; ccripe@polsinelli.com; ladocketing@polsinelli.com |
| United States Trustee | ustpregion16.la.ecf@usdoj.gov |
| Philip S. Warden | Philip.warden@pillsburylaw.com; Thomas.loran@pillsburylaw.com; Kathy.stout@pillsburylaw.com; Deirdre.campino@pillsburylaw.com |
| Jessica Wellington | jwellington@bg.law; ecf@bg.law |

| **20 Largest Creditors Served via Electronic Mail** ||
|---|---|
| **Bombardier Aerospace Corporation**<br><br>Attn.:  Andrew Troop<br>Email:  andrew.troop@pillsburylaw.com<br><br>Attn.:  Carolina A. Fornos<br>Email:  carolina.fornos@pillsburylaw.com<br><br>Attn.:  Brian L. Beckerman<br>Email:  brian.beckerman@pillsburylaw.com<br><br>Attn.:  Eric Fishman<br>Email:  eric.fishman@pillsburylaw.com | **Rolls-Royce Deutschland Ltd & Co KG**<br><br>Attn.:  Paul Laurin<br>Email:  paul.laurin@btlaw.com<br><br>Attn.:  Michael K. McCrory<br>Email:  mmccrory@btlaw.com<br><br>Attn.:  Jonathan Sundheimer<br>Email:  jsundheimer@btlaw.com |
| **World Fuel Services, Inc.**<br><br>Attn.:  Calvin Chia<br>Email:  cchia@wfscorp.com<br><br>Attn.:  Randye Soref<br>Email:  rsoref@polsinelli.com<br><br>Attn.:  Justin Edelson<br>Email:  jedelson@polsinelli.com | **Corporate Jet Support**<br><br>Attn.:  Whitne Keenan<br>Email:  wkeenan@corpjetsupport.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

| **20 Largest Creditors Served via Electronic Mail** | |
|---|---|
| **Rainbow Aviation Limited**<br>Attn.:  Benedict Tan<br>Email: benedicttan@stamfordland.com<br><br>Attn.:  Dawn M. Coulson<br>Email:  dcoulson@eppscoulson.com | **Associated Energy Group, LLC (AEG Fuel)**<br>Attn.:   Christopher Clementi<br>Email: cclementi@aegfuels.com<br><br>Attn.:   Jack Praetzellis<br>Email:  jpraetzellis@foxrothschild.com |
| **Hongkong & Shanghai Banking Corp Ltd.**<br>Attn.:  Jennifer W. Crastz<br>Email: jcrastz@hrhlaw.com | **Wex Bank**<br>Attn.:   Kiran Patel<br>Email:  kiran.patel@wexinc.com |
| **Universal Weather & Aviation Inc. (UWA) and Universal Fuels, Inc. (UVAir)**<br>Attn.:  Jeanne M. Jorgensen<br>Email: jjorgensen@pj-law.com | **UVAir European Fuelling Services Ltd**<br>Attn.:  Jeanne M. Jorgensen<br>Email: jjorgensen@pjlaw.com |
| **Hanergy [Yoda Aviation]**<br>Attn.:   John Zhang<br>Email:  zhangbin@hanergy.com | **Festin Management, SN 1360 LLC, and SN 1372 LLC**<br>Attn.:  Daniel J. McCarthy, Esq.<br>Email: dmccarthy@hillfarrer.com<br><br>Attn.:  James Torrey at Jimmy Jets<br>Email:  jimt@jimmyjets.net |
| **Eurocontrol**<br>Attn.:  Paul Sanze<br>Email: paul.sanze@eurocontrol.int<br><br>Attn.:  David J. Richardson, Esq.<br>Email: drichardson@bakerlaw.com | **Jeppesen Sanderson, Inc.**<br>Attn.:  Doris Fuller<br>Email:  Doris.fuller@jeppesen.com |
| **Tongda Air Service**<br>Attn.:   Fuhua Mansion<br>Email:  tongda@tdas-intl.com | **ARINC Direct, LLC**<br>Attn.:  Victor A. Vilaplana<br>Email: vavilaplana@foley.com<br><br>Attn.:  Erika L. Morabito<br>Email: emorabito@foley.com<br><br>Attn.:  Brittany J. Nelson<br>Email: bnelson@foley.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                         **F 9013-3.1.PROOF.SERVICE**

| **Aircraft Finance and Aircraft Lease Parties by Electronic Mail** ||
| **(if not listed above)** ||
| **Argus Marine Ventures, Ltd.**<br>Attn.:  Stephen G. Larson<br>Email:  slarson@larsonobrienlaw.com | **Jet Support Services (JSSI)**<br>Attn.:  Richard Schumacher<br>Email: rschumacher@jetsupport.com |
| **AVIC International Leasing Co., Ltd.**<br>Attn.:   Wayne Wong<br>Email: wangqicong@chinaleasing.net<br><br>Attn.:   Robert J. Labate<br>Email:  robert.labate@hklaw.com<br><br>Attn.:   Alan J. Watson<br>Email:  alan.watson@hklaw.com | **Tony Robbins Productions, Inc.**<br>Attn.:  Alan I. Nahmias<br>Email: anahmias@mbnlawyers.com<br><br>Attn.:   Stephen F. Biegenzahn<br>Email: sbiegenzahn@mbnlawyers.com |
| **Big Fly LLC**<br>Attn.:  Michael D. Breslauer<br>Email: mbreslauer@swsslaw.com | **Ample United Limited**<br>Attn.:  William W. Huckins<br>Email: whuckins@allenmatkins.com<br><br>Attn.:   Michael S. Greger<br>Email:  mgreger@allenmatkins.com |
| **TVPX ARS, Inc.**<br>Attn.:   David Wall<br>Email: dwall@tvpx.com | **PTJ Associates LLC**<br>Attn.:   Stephen Hofer<br>Email: shofer@aerlex.com |
| **Jet Aviation**<br>Attn.:  Sarah R. Borders<br>Email: sborders@kslaw.com | **ECN Capital Corp. and ECN Aviation, Inc. (f/k/a Element Aviation, Inc.)**<br>Attn.:   Michael O'Keefe<br>Email:  mokeefe@ecncapitalcorp.com<br><br>Attn.:   Cecily A. Dumas<br>Email:  Cecily.dumas@pillsburylaw.com |
| **Yuntian 3 Leasing Company Limited and Yuntian 4 Leasing Company Limited**<br>Attn.:  Joshua M. Mester<br>Email: jmester@jonesday.com<br><br>Attn.:   Dan T. Moss<br>Email: dtmoss@jonesday.com | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**

| **Other Requests for Service by Electronic Mail** ||
|---|---|
| **The Debtors (Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.)**<br><br>Attn.:  John-Patrick M. Fritz<br>Email: jpf@lnbyb.com<br><br>Attn.:  Juliet Y. Oh<br>Email: jyo@lnbyb.com<br><br>Attn.:  Ron Bender<br>Email: rb@lnbyb.com | **The Li Entities (Truly Great Global, Ltd., Universal Leader Investment Ltd., and Glove Assets Investment Ltd.)**<br><br>Attn.:  Michael L. Bernstein<br>Email:  michael.bernstein@apks.com<br><br>Attn.:  Charles A. Malloy<br>Email:  charles.malloy@apks.com<br><br>Attn.:  Lisa Hill Fenning<br>Email: lisa.fenning@apks.com<br><br>Attn.:  Tiffany M. Ikeda<br>Email: tiffany.ikeda@apks.com |
| **United States Trustee**<br><br>Attn.:   Ron Maroko<br>Email:  ron.maroko@usdoj.gov | **New Jubilee Global Limited**<br><br>Attn.:  Michael B. McCollum<br>Email:  Michael@mccullumcounsel.com |
| **Export Development Canada**<br><br>Attn.:   Jeff Blattman<br>Email: jblattman@edc.ca | **Bank of Utah**<br><br>Attn.:   Colleen Schulthies<br>Email:   cschulthies@bankofutah.com |
| **Silver Lake Technology Management, L.L.C.**<br><br>Attn.:  Michael D. Kibler<br>Email: mkibler@stblaw.com | **New Target Investments Limited**<br><br>Attn:  Michael Lubic<br>Email: michael.lubic@klgates.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE