# **EXHIBIT A**

**Proposed Order**

1625428094

DAVID M. RILEY (SBN 292087)
david.riley@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:  (310) 595-3000
Fax: (310) 595-3300]

JOHN K. LYONS (*Pro Hac Vice*)
john.lyons@us.dlapiper.com
JEFFREY S. TOROSIAN (*Pro Hac Vice*)
jeffrey.torosian@us.dlapiper.com
JOSEPH A. ROSELIUS (*Pro Hac Vice*)
joseph.roselius@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel:  (312) 368-4000
Fax: (312) 236-7516

Attorneys for Jonathan D. King as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ZETTA JET USA, INC., a California corporation,<br><br>　　　　Debtor.<br><br>In re<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>　　　　Debtor.<br><br>☒　　Affects Both Debtors<br><br>☐　　Affects Zetta Jet USA, Inc., a California corporation, only<br><br>☐　　Affects Zetta Jet PTE, Ltd., a Singaporean corporation, only | Lead Case No.: 2:17-bk-21386-BR<br><br>Chapter 7<br><br>Jointly Administered With:<br>Case No.: 2:17-bk-21387-BR<br><br>**[PROPOSED] ORDER GRANTING MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER TO MAKE AN INTERIM DISTRIBUTION TO THE HOLDERS OF ADMINISTRATIVE, PRIORITY, AND GENERAL UNSECURED CLAIMS AND FOR RELATED RELIEF**<br><br><u>Hearing Date & Time:</u><br>Date:  November 18, 2025<br>Time:  10:00 a.m. (PST)<br>Place:  Courtroom 1668<br>　　　　255 East Temple Street<br>　　　　Los Angeles, California 90012 |

1625428094

Upon the Chapter 7 Trustee's *Motion For an Order to Make an Interim Distribution to the Holders of Administrative, Priority, and General Unsecured Claims and for Related Relief* (the "Motion")[1] for entry of an Order authorizing the Trustee to make the Interim Distribution; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Central District of California*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee is authorized to make an interim distribution to the Holders of Allowed Claims consistent with the schedules set for the in the King Declaration, attached to the Motion.

3. Any response to the Motion not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

4. The Trustee, Omni Agent Solutions, as claims and noticing agent, and the Clerk of this Court are authorized to take all steps necessary or appropriate to carry out this Order.

5. Nothing in this Order or Motion shall be deemed or construed as an admission of the Trustee as to any liability for any proof of claim or as to the status of such claims. The Trustee reserves all rights and defenses with respect to any such claims including, without limitation, the

---

[1] Capitalized terms not otherwise defined herein shall hold the meaning ascribed to them in the Motion.

1 | right to assert setoff or recoupment.

2 |     6.    The terms and conditions of this Order shall be immediately effective and
3 | enforceable upon entry of the Order.

4 |     7.    This Court retains jurisdiction with respect to all matters arising from or related to
5 | the implementation, interpretation, and enforcement of this Order.