J. Scott Bovitz (#93548)

bovitz@bovitz-spitzer.com

Bovitz & Spitzer

1100 Wilshire Boulevard, Suite 2403

Los Angeles, California 90017-1961

(213) 346-8300; fax (213) 928-4174

Attorneys for fee examiner,
Nancy B. Rapoport

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC.,<br><br>    Debtor.<br>—————————————————<br>In re:<br><br>ZETTA JET PTE, LTD.,<br><br>    Debtor. | Lead Case: 2:17-bk-21386-BR<br><br>Chapter 7<br><br>Substantively consolidated with 2:17-bk-21387-BR<br><br>**NOTICE OF FILING OF 15th FEE EXAMINER REPORT OF NANCY B. RAPOPORT FOR CHAPTER 7 PROFESSIONALS AND FIRST AND FINAL REPORT FOR CHAPTER 11 PROFESSIONALS — JULY 28, 2026**<br><br>August 11, 2026<br>10:00 a.m.<br>255 E. Temple Street<br>Courtroom 1668<br>Los Angeles, California 90012 |

**To: Hon. Barry Russell, U.S. Bankruptcy Judge**

Please see Exhibit A, the *15th Fee Examiner Report Of Nancy B. Rapoport For Chapter 7 Professionals And First And Final Report For Chapter 11 Professionals — July 28, 2026*. The fee application of fee examiner Nancy B. Rapoport (Docket #2832) is also scheduled for hearing at 10:00 a.m. on August 11, 2026, but there is no separate discussion of Prof. Rapoport's own fee application in Exhibit A.

July 28, 2026

/s/ J. Scott Bovitz
J. Scott Bovitz
Bovitz & Spitzer

Attorneys for fee examiner,
Nancy B. Rapoport

# Exhibit A

**15th Fee Examiner Report of Nancy B. Rapoport for Chapter 7 Professionals
and First and Final Report for Chapter 11 Professionals — July 28, 2026**

Pursuant to the **Order Appointing a Fee Examiner** dated July 8, 2020

[Docket No. 1285] (the "Appointment Order"), this is my fifteenth report ("Fifteenth

Report") to this Court. It covers one chapter 7 interim fee application (from my

counsel, Bovitz & Spitzer) and several first and final chapter 11 fee applications.

I shared initial drafts of the various professionals' sections of this **15th Fee**

**Examiner Report of Nancy B. Rapoport for Chapter 7 Professionals and First**

**and Final Report for Chapter 11 Professionals** with representatives of the affected

professionals in order to give them an opportunity to comment and to correct any

potential misstatements.

General Observations

*Purpose of a fee examiner*

As explained in my First Report [Docket No. 1362], my Second Report

[Docket No. 1513], my Third Report [Docket No. 1664], my Fourth Report [Docket

No. 1774], my Fifth Report [Docket No. 1888], my Sixth Report [Docket No. 1968],

my Seventh Report [Docket No. 2036], my Eighth Report [Docket No. 2117], my

Ninth Report [Docket No. 2196], my Supplement to the Ninth Report [Docket No.

2225], my Tenth Report [Docket No. 2282], my Errata to the Tenth Report [Docket

No. 2289], my Eleventh Report [Docket No. 2370], my Twelfth Report [Docket No.

2461], my Thirteenth Report [Docket No. 2601], my Supplemental Report of Fee

Examiner Nancy B. Rapoport Covering DLA Piper's Thirteenth Interim Fee

Application [Docket No. 2746], and my Fourteenth Report [Docket No. 2759], the

purpose of using a fee examiner for fee review is to help a bankruptcy court with its

duty to determine reasonableness under Section 330 of the Bankruptcy Code. Under

11 U.S.C. § 330, a court may award:

> (A) reasonable compensation for actual, necessary services
> rendered by the trustee, examiner, ombudsman,
> professional person, or attorney and by any
> paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

In 11 U.S.C. § 330(a)(3), Congress provided guidance on calculating reasonable

compensation:

> In determining the amount of reasonable compensation to
> be allowed to an examiner, trustee under chapter 11, or
> professional person, the court shall consider the nature, the
> extent, and the value of such services, taking into account
> all relevant factors, including--
>> (A) the time spent on such services;
>> (B) the rates charged for such services;
>> (C) whether the services were necessary to the
>> administration of, or beneficial at the time at
>> which the service was rendered toward the
>> completion of, a case under this title;
>> (D) whether the services were performed
>> within a reasonable amount of time
>> commensurate with the complexity,
>> importance, and nature of the problem, issue,
>> or task addressed;
>> (E) with respect to a professional person,
>> whether the person is board certified or
>> otherwise has demonstrated skill and
>> experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The measure of a fee examiner's worth does not depend on the magnitude of recommended reductions to fees, but on whether the fee examiner has provided sufficient information to enable a court to rule on reasonableness under the Bankruptcy Code's standards. I hope that this Fifteenth Report will be helpful to this Court and to the affected professionals.

*Purpose and use of Protocol*

On September 15, 2017, Zetta Jet USA, Inc. filed its chapter 11 petition [Docket No. 1].

On December 4, 2017, this Court entered an order converting the case to chapter 7 [Docket No. 452].

On July 8, 2020, this Court entered its **Order Appointing a Fee Examiner** in the related chapter 7 cases of In re Zetta Jet USA, Inc. (then 2:17-bk-21386-SK, now 2:17-bk-21386-BR) and In re Zetta Jet PTE, Ltd. (then 2:17-bk-21387-SK, now 2:17-bk-21387-BR) [Docket No. 1285].

On July 17, 2020, I filed the **Notice to All Retained Professionals of: (i) the Fee Examiner's Guidelines, Procedures, and Protocol; (ii) Retention of Legal Decoder as a Consultant to the Fee Examiner** [Docket No. 1293] (the

"Protocol"). I provided the *Protocol* as a way for the Court and professionals to understand my process and priorities for reviewing fee applications.

As authorized by this Court, I engaged Legal Decoder and asked the firm to automate and expedite the invoice review process and provide to me industry-wide benchmarks to ensure that all fees in this case aligned with the overall market. I requested that Legal Decoder use its technology to prepare reports that took into account every professional's experience, rank, hourly rate, and background information to help me evaluate whether legal professionals handled tasks appropriate to their skill level (again, based on industry benchmarks). After receiving Legal Decoder's reports, I was able to analyze and supplement that information, using the reports for discussion purposes with the trustee's professionals.

In my review of professional fees, I followed the *Protocol*. I focused on these factors (Protocol, pp. 4-5):

> (i) the individual experience and expertise of each timekeeper; (ii) the time that it took to complete each task relative to industry-wide benchmarks; (iii) how many people worked on the case during a particular month; (iv) whether a task handled by one professional appears to have duplicated the tasks handled by another professional; (v) whether a task was undertaken by the lowest efficient biller; (vi) how efficiently the biller used his or her time; (vii) whether the quality of the work product resulting from those professionals' efforts was commensurate with the fees billed to that work product; (viii) whether expenses were reasonable; (ix) how many individual billers have billed on the case; and (x) how many individual billers have consistently billed in excess of 14 hours a day (not because

14+ hour days are *per se* unreasonable, but because many
sequential long days can lead to inefficiencies over time).

When necessary, I worked with professionals to make sure that Legal Decoder and I
had all of the information that we needed, such as budget-to-actual comparisons or
information on rate increases.

The challenge for any court (and also for any fee examiner appointed to assist a
court) is to be able to examine, long after the fact, those decisions that the
professionals made when they were in the midst of time-pressured and complicated
work. I am aware that the litigation in this case has been hotly contested. This Court
has monitored the administrative solvency of the bankruptcy estate. Solvency may
affect the reasonableness of a professional's decisions and billing.

*Observations about the chapter 11 applications*

Almost a decade has passed since the chapter 11 activities. Chapter 11
professional have told me that compiling information for the fee applications was
challenging: a decade has passed; some files were missing; and the people who could
have corroborated the missing information had moved on. In the end, the chapter 11
professionals did the very best that they could, and we worked within their limitations.

My Fifteenth Report covers seven final chapter 11 fee applications: DLA Piper
as counsel to the chapter 11 trustee, Jonathan D. King; Levene, Neale, Bender, Yoo &
Golubchik, LLP (formerly known as Levene, Neale, Bender, Yoo & Brill, LLP) as
counsel to the two debtors (Zetta Jet USA, Inc. and Zetta Jet PTE, LTD); the

combined application of Seabury Corporate Finance LLC and Seabury Securities LLC, financial advisors and investment bankers for the chapter 11 trustee, Mr. King; Pachulski Stang Ziehl & Jones, LLP as counsel for the official committee of unsecured creditors; Omni Agent Solutions (formerly known as Rust Consulting/Omni Bankruptcy, a division of Rust Consulting, Inc.) as the chapter 11 claims, noticing, and administrative agent for the chapter 11 trustee, Mr. King; WongPartnership LLP as special Singapore counsel to the chapter 11 trustee, Mr. King; PricewaterhouseCoopers Consulting (Singapore) Pte Ltd. as the provider of forensic accounting, technology, and advisory services for Zetta Jet PTE Ltd. and the chapter 11 trustee, Mr. King.

On June 25, 2026, Mr. King filed his ***Notice of Hearing on Chapter 11 Final Fee Applications*** [Docket No. 2829]. As of the date of this Report, I have not received chapter 11 fee applications from FTI Consulting, Inc. (financial advisor to the creditors' committee [Docket no. 453]), Brutzkus Gubner, Clyde & Co Clasis Singapore PTE, Ltd, and Stretto.

In order to assist this Court with the fee application hearing on August 11, 2026, my conclusions as to the chapter 11 professionals are as follows:

| Professional | Conclusions, Including Any Additional Recommended Reductions |
|---|---|
| DLA Piper | Other than a recommended reduction of $71,598.88, which DLA Piper took before filing its fee application, reasonable and necessary when incurred. |

| Levene, Neale, Bender, Yoo & Brill | Reasonable and necessary when incurred. |
|---|---|
| Seabury | Reasonable and necessary when incurred. |
| Pachulski Stang Ziehl & Jones | Other than a $5,446.53 reduction, reasonable and necessary when incurred. |
| Rust Consulting/Omni | Reasonable and necessary when incurred. |
| WongPartnership | Other than a $5,322.11 reduction, reasonable and necessary when incurred. |
| Pricewaterhouse Coopers | Reasonable and necessary when incurred. |

Next, my conclusions as to the chapter 7 professionals who have filed fee applications for this interim period are as follows:

| Professional | Conclusions, Including Any Additional Recommended Reductions |
|---|---|
| DLA Piper | n/a |
| Omni Agent Solutions | n/a |
| Oon & Bazul | n/a |
| Quantuma | n/a |
| Leech Tishman | n/a |
| Bovitz & Spitzer | Reasonable and necessary when performed or incurred |
| Michael Goldman & Associates | n/a |
| Seabury | n/a |
| FTI Consulting | n/a |
| Ogier | n/a |
| WongPartnership | n/a |
| Pricewaterhouse Coopers | n/a |
| AJ Capital | n/a |
| KordaMentha | n/a |

To summarize the chapter 7 fees and expenses allowed and paid to date:

| Professional | Running totals of allowed AND paid fees and expenses after prior fee applications (1st through 14th) | Running totals after additional 5% "true up" to 85% |
|---|---|---|
| DLA Piper | $23,445,040.92 | $23,445,040.92[1] |
| Omni Agent Solutions | $211,681.85 | $211,681.85[2] |
| Oon & Bazul | $465,649.90 | $490,493.90[3] |
| Quantuma | $170,486.94 | $176,305.38[4] |
| Leech Tishman | $513,028.14 | $536,384.60[5] |
| Bovitz & Spitzer (first through 13th fee application) | $295,440.00 | $312,825.00[6] |
| Nancy Rapoport | $536,702.00 | $549,752.75[7] |
| FTI Consulting | $514,189.78 | $539,257.76[8] |
| Michael Goldman & Assoc. | $78,275.83 | $83,148.83[9] |
| Ogier | $35,227.42 | $37,355.26[10] |

---

[1] DLA Piper's "true-up" was taken into account in the orders authorizing its 4th-13th fee applications.

[2] Omni did not need a "true-up," as the Court permitted payment of 100% of prior awards.

[3] *See* Docket Nos. 2794 (**Order Granting Amended Motion of the chapter 7 Trustee for an Order (I) Authorizing the Trustee to Make an Interim Distribution to Holders of Allowed Claims, (II) Approving Settlement With Cavic Aviation Leasing (Ireland) 22 Co. Designated Activity Company, And (III) Substantively Consolidating the Debtors' Estates for Distribution Purposes) and Docket No. 2790 (Declaration of William L. Countryman, II Regarding Revised Interim Distribution Payment to DLA Piper**) at 7.

[4] *See id.*

[5] *See id.*

[6] *See id.*

[7] *See id.*

[8] *See id.*

[9] *See id.* There are two entries for Mr. Goldman's "true-up": $1,500 for Mr. Goldman and $3,570 for KCP.

[10] *See id.*

| | | |
|---|---|---|
| WongPartnership | $234,343.80 | $248,512.61[11] |
| Seabury | $479,189.33 | $465,104.91[12] |
| PriceWaterhouseCoopers | $273,656.00 | $290,759.50[13] |
| AJ Capital (professionals are now at Quantuma) | $265,120.97 | $248,827.55[14] |
| KordaMentha (final application) | $61,454.20 | $61,454.20[15] |
| TOTAL allowed and paid fees and expenses (after 1st-14th fee apps) | $27,579,487.08 | $27,696,905.02[16] |

<u>First and Final Report on the Chapter 11 Professionals</u>

This portion of my report constitutes my first and final report as fee examiner

with respect to the professionals employed during the chapter 11 phase of these

jointly administered cases, which spanned the period from the September 15, 2017

(the petition date) through December 3, 2017 (the day before the cases were

converted to chapter 7).[17]

On January 29, 2026, this Court entered *the* **Order Granting Amended**

**Motion of the Chapter 7 Trustee For an Order (I) Authorizing the Trustee to**

---

[11] *See id.* There was a $0.01 discrepancy in some of the prior reports, but it is my belief that this figure is accurate.

[12] *See id.*

[13] *See id.*

[14] *See id.*

[15] *See id.* The first draft of this chart was prepared with the assistance of Claude.ai on March 7, 2026, and that chart was then proofread by me. Claude also added the most recent round of court orders entered in the last tranche of fee awards, and I proofread those as well.

[16] *See id.*

[17] *See* Order on Debtor's Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a), Doc. No. 452 (Dec. 4, 2017).

*Make an Interim Distribution to Holders of Allowed Claims, (II) Approving Settlement With Cavic Aviation Leasing (Ireland) 22 Co. Designated Activity Company, and (III) Substantively Consolidating the Debtors' Estates For Distribution Purposes* [Docket No. 2794].  That Order related to Docket No. 2766, which was the motion requesting the relief granted by the Order.  As part of Exhibit B to that motion, Schedule 2 set forth Proposed Interim Distributions and Reserves.  The agreed-upon 55% payout of administrative professionals for their chapter 11 work provided:

| Chapter 11 Admin Expenses (Professionals) (55%): | | | |
|---|---|---|---|
| Professional | | Total Claim | Interim Payment Amount (July 2026) |
| Brutzkus Gubner | | $ 88,793.66 | $ 48,836.51 |
| Clyde & Co Clasis Singapore Pte, Ltd | | $ 189,515.69 | $ 104,233.63 |
| DLA Piper LLP (US) | | $ 2,022,716.89 | $ 1,112,494.29 |
| Fti Consulting, Inc. | | $ 168,269.24 | $ 92,548.08 |
| Levene, Neale, Bender, Yoo & Brill LLP | | $ 156,853.33 | $ 86,269.33 |
| Omni Agent Solutions | | $ 54,846.57 | $ 30,165.61 |
| Oon & Bazul LLP | | $ 6,536.47 | $ 3,595.06 |
| Pachulski Stang Ziehl & Jones LLP | | $ 203,776.06 | $ 112,076.83 |
| Pricewaterhousecoopers (Singapore) Pte, Ltd | | $ 65,846.84 | $ 36,215.76 |
| Seabury Corporate Finance, LLC & Seabury Securities, LLC | | $ 822,301.39 | $ 452,265.76 |
| Stretto | | $ 55,496.03 | $ 30,522.82 |
| Wong Partnership LLP | | $ 43,749.03 | $ 24,061.97 |
| Total Chapter 11 Admin Expenses (Professionals) | | $ 3,878,701.20 | $ 2,133,285.66 |

I received no fee and expense data from the following professionals: Brutzkus Gubner; Clyde & Co Clasis Singapore PTE, Ltd.; FTI Consulting; and Stretto. I had initial conversations with a FTI representative, and I reviewed Oon & Bazul's fees and expenses, but that firm did not file a fee application.

Each such professional's retention is summarized below.

<u>DLA Piper LLP (US)</u>

By order entered November 30, 2017 [Docket No. 438], this Court authorized

Jonathan D. King, the chapter 11 trustee, to employ DLA Piper LLP (US) as his

bankruptcy counsel pursuant to Section 327(a) of the Bankruptcy Code and

Bankruptcy Rule 2014, effective as of October 5, 2017 [application at Docket No.

265].

***Final Application of DLA Piper For Allowance of Compensation For Services
Rendered and For Reimbursement of Expenses Incurred as Counsel to the
Chapter 11 Trustee For the Period From October 5, 2017 Through December 4,
2017***
[Docket No. 2851]

| | |
|---|---|
| Fees requested in First and Final chapter 11 Fee Application | $1,871,292.87 |
| Fees requested in First and Final Application less 45% holdback | $1,029,211.08 |
| Expenses requested in First and Final Application | $79,825.14 |
| Voluntary reductions taken before filing the First and Final Application | $71,598.88 |
| Total fees and expenses that DLA Piper LLP (US) wishes this Court to consider at the hearing on its First and Final Application | $1,951,118.01 |
| Proposed additional voluntary reductions | none (the $71,598.88 agreed-upon reduction has already been taken) |
| 55% payout amount per the Order [Docket No. 2794] | $1,112,494.29 |
| Fees after proposed reductions, less 45% holdback, plus 100% of expenses | $1,109,036.22 |

My report focused on some block-billing, vague entries, potentially excessive

work, work that looked as though it was administrative in nature, and some expenses

that raised certain questions. DLA Piper was able to answer my questions, and thus, other than the agreed-upon reduction of $71,598.88, which DLA took before it filed its fee application, I conclude that DLA Piper's chapter 11 fee application should be allowed as reasonable and necessary when performed or incurred. I note that the projected payout amount set forth in the Order [Docket No. 2794] is more than the $1,109,036.22 that was negotiated as part of my fee review.

<u>Levene, Neale, Bender, Yoo & Brill L.L.P.</u>

By order entered October 19, 2017 [Docket No. 218], this Court approved the employment of Levene, Neale, Bender, Yoo & Brill L.L.P. as bankruptcy counsel to the Debtors and Debtors in Possession, effective as of September 15, 2017 [application at Docket No. 72].

***Final Application of Levene, Neale, Bender, Yoo & Golubchik L.L.P., Chapter 11 Bankruptcy Counsel to the Debtors, For Approval of Fees and Reimbursement of Expenses; Declaration of Juliet Y. Oh, Esq. in Support Thereof*** [Docket No. 2844]

| | |
|---|---|
| Fees requested in First and Final Application | $201,978.00 |
| Fees requested in First and Final Application less 45% holdback | $111,087.90 |
| Expenses requested in First and Final Application | $18,639.15 |
| Voluntary reductions taken before filing the First and Final Application | none |
| Total fees and expenses that Levene, Neale, Bender, Yoo & Brill L.L.P. wishes this Court to consider at the hearing on its First and Final Application | $220,617.15 |
| Proposed additional voluntary reductions | none |
| 55% payout amount per the Order [Docket No. 2794] | $86,269.33 |
| Fees after proposed reductions, less 45% holdback, plus 100% of expenses | $129,727.05 |

The review of this Application raised only a few questions about vague entries and block-billing, and Levene, Neale was able to answer those questions for me; therefore, I conclude that Levene, Neale's chapter 11 Fee Application should be allowed as reasonable and necessary when performed or incurred.  I note that the projected 55% payout amount set forth in the Order ($86,269.33) [Docket No. 2794] is less than the $129,727.05 that I negotiated as part of my fee review ($111,087.90 plus $18,639.15 equals $129,727.05). If the Court adopts my report, the Court will need to consider whether to cap the payment to Levene, Neale at $86,269.33 or permit payment of $129,727.05.

Seabury Corporate Finance LLC and Seabury Securities LLC

By order entered December 1, 2017 [Docket No. 448], this Court authorized the chapter 11 trustee to employ Seabury Corporate Finance LLC and Seabury Securities LLC as financial advisor and investment banker pursuant to Sections 327(a) and 328 of the Bankruptcy Code, effective as of October 5, 2017 [amended application at Docket No. 314]. As modified by the order, Seabury is not entitled to a completion fee, but Seabury was to be paid its monthly fee through December 4, 2017, and thereafter on an hourly basis.

***Final Fee Application of Seabury Corporate Finance LLC and
Seabury Securities LLC as Financial Advisor to the Chapter 11 Trustee
For the Period From October 5, 2017 Through December 3, 2017***
[Docket No. 2853]

| | |
|---|---|
| Fees requested in First and Final Application | $ 700,000.00 |

| | |
|---|---:|
| Fees requested in First and Final Application less 45% holdback | $385,000.00 |
| Expenses requested in First and Final Application | $122,301.39 |
| Voluntary reductions taken before filing the First and Final Application | none |
| Total fees and expenses that Seabury Corporate Finance LLC and Seabury Securities LLC wishes this Court to consider at the hearing on its First and Final Application | $822,301.39 |
| Proposed additional voluntary reductions | none |
| 55% payout amount per the Order [Docket No. 2794] | $452,265.76 |
| Fees after proposed reductions, less 45% holdback, plus 100% of expenses | $507,301.39 |

I had only one question regarding the time to complete one project, and Seabury was able to answer that question fully.  Therefore, I conclude that Seabury's chapter 11 fee application should be allowed as reasonable and necessary when performed or incurred. I note that the projected 55% payout amount set forth in the Order ($452,265.76) [Docket No. 2794] is less than the Seabury requested fees and costs after proposed reductions ($385,000.00 of fees plus expenses of $122,301.39 equals $507,301.39). If the Court adopts my report, the Court will need to consider whether to cap the payment to Seabury at $452,265.76 or permit payment of $507,301.39.

<u>Pachulski Stang Ziehl & Jones LLP</u>

By order entered November 8, 2017 [Docket No. 331], this Court authorized the Official Committee of Unsecured Creditors to employ Pachulski Stang Ziehl &

Jones LLP as its counsel, effective as of October 12, 2017 [application at Docket No.

214].  I confirmed that Pachulski did not bill for any time before October 12, 2027.

***First and Final Application of Pachulski Stang Ziehl & Jones LLP For Interim
and Final Allowance and Payment of Compensation and Reimbursement of
Expenses as Former Counsel to the Official Committee of Unsecured
Creditors; Declaration of John W. Lucas in Support Thereof***
[Docket No. 2846]

| | |
|---|---|
| Fees requested in First and Final Application | $258,309.00, plus an additional $9,735.00 in fee application preparation, for a total of $268,044.00 |
| Fees requested in First and Final Application less 45% holdback | $147,424.20 |
| Expenses requested in First and Final Application | $2,819.56, plus an additional $110.00 for expenses associated with the fee application itself, for a total of $2,929.56 |
| Voluntary reductions taken before filing the First and Final Application | $7,605.00 |
| Total fees and expenses that Pachulski Stang Ziehl & Jones LLP wishes this Court to consider at the hearing on its First and Final Application | $270,973.56 |
| Proposed additional voluntary reductions (off $268,044.00) | $5,446.53 |
| 55% payout amount per the Order [Docket No. 2794] | $112,076.83 |
| Fees of $268,044.00, less further $5,446.53 reduction, times 55% on fees, plus 100% of expenses of $2,929.56 | $147,358.17 |

My review raised questions regarding some vague entries and some tasks that

appeared to have been performed by a higher-billing professional than was necessary.

After discussions, Pachulski agreed to a proposed reduction of $5,446.53; therefore, I

conclude that, other than that reduction of $5,446.53, Pachulski's chapter 11 fee application should be allowed as reasonable and necessary when performed or incurred. The $5,446.53 should be deducted from $268,044.00 (the total award of fees), before application of the 55% cap.

I note that the projected 55% payout amount set forth in the Order ($112,076.83) [Docket No. 2794] is less than 55% of the requested fees and costs after proposed reductions ($147,358.17). If the Court adopts my report, the Court will need to consider whether to cap the payment to Pachulski at $112,076.83 or permit payment of $147,358.17.

<u>Rust Consulting/Omni Bankruptcy</u>

By order entered February 15, 2018 [Docket No. 617], this Court, pursuant to 28 U.S.C. § 156(c), authorized the retention of Rust Consulting/Omni Bankruptcy, a Division of Rust Consulting, Inc., as the chapter 11 claims, noticing, and administrative agent for the period from October 12, 2017, through December 3, 2017 -- the day before the chapter 11 cases were converted to chapter 7 [application at Docket No. 346].

***Final Fee Application of Omni Agent Solutions as Chapter 11 Claims,
Noticing, and Administrative Agent For the Period From October 12, 2017,
Through December 4, 2017***
[Docket No. 2852]

| | |
|---|---|
| Fees requested in First and Final Application | $53,391.00 |
| Fees requested in First and Final Application less 45% holdback [Note: No prior holdback required by Court] | $29,365.05 |
| Expenses requested in First and Final Application | $1,455.57 |

| | |
|---|---|
| Voluntary reductions taken before filing the First and Final Application | none |
| Total fees and expenses that Rust Consulting/Omni Bankruptcy wishes this Court to consider at the hearing on its First and Final Application | $54,846.57 |
| Proposed additional voluntary reductions | none |
| 55% payout amount per the Order [Docket No. 2794] | $30,165.61 |
| Fees after proposed reductions, less 45% holdback, plus 100% of expenses | $30,820.62 |
| Fees and expenses (no reductions, no holdback) | $54,846.57 |

My review raised one question about an expense, and Rust/Omni was able to answer that question; therefore, I conclude that Rust/Omni's chapter 11 fee application should be allowed as reasonable and necessary when performed or incurred. I note that the payout amount set forth in the Order ($30,165.61) is just a little less than the $30,820.62 requested at the 55% payment plus expenses.

## WongPartnership LLP

By order entered July 26, 2018 [Docket No. 795], this Court authorized the trustee to employ WongPartnership LLP as the chapter 11 trustee's special counsel in connection with certain litigation in Singapore, pursuant to Sections 327(a) and 328 of the Bankruptcy Code, *nunc pro tunc* to November 20, 2017, for the prior chapter 11 case (through December 3, 2017) [application at Docket No. 730].

**Final Fee Application of WongPartnership LLP, Special Counsel For the Chapter 11 Trustee, For Allowance of Compensation of Fees and Reimbursement of Expenses Incurred For the Period From November 20, 2017 Through December 3, 2017** [Docket No. 2854]

| | |
|---|---|
| Fees requested in First and Final Application | $28,295.34 |

| | |
|---|---|
| Fees requested in First and Final Application less 45% holdback | $15,562.44 |
| Expenses requested in First and Final Application | $243.44 |
| Voluntary reductions taken before filing the First and Final Application | none |
| Total fees and expenses that WongPartnership LLP wishes this Court to consider at the hearing on its First and Final Application | $28,538.78 |
| Voluntary reductions taken in fee application | $5,322.11 |
| 55% payout amount per the Order [Docket No. 2794] | $24,061.97 |
| Fees after proposed reductions, less 45% holdback, plus 100% of expenses | $15,805.88 |

My review raised some questions about vague entries, block-billing, rounded hours, and the exchange rate, but WongPartnership was able to answer my questions; therefore, other than a reduction of $5,322.11 (SGD $6,876.29 at 77.398% exchange rate, already applied), I conclude that WongPartnership's chapter 11 fee application should be allowed as reasonable and necessary when performed or incurred. I note that the payout amount set forth in the Order ($24,061.97) is more than the $15,805.88 that I negotiated as part of my fee review.

### *Final Fee Application of PricewaterhouseCoopers Consulting (Singapore) PTE Ltd For Forensic Accounting, Technology, and Advisory Services For the Period From September 16, 2017 Through October 30, 2017*
[Docket No. 2855]

At the outset, I note that I was not able to find on the docket any application for employment or order authorizing employment in the chapter 11 case.  This issue may affect the Court's decision to award fees and expenses to

PricewaterhouseCoopers.  Nevertheless, I still reviewed PricewaterhouseCoopers's

fees and expenses.

| Fees requested in First and Final Application | USD$47,151.16 |
|---|---|
| Fees requested in First and Final Application less 45% holdback | USD$25,933.14 |
| Expenses requested in First and Final Application | USD$3,892.90 |
| Voluntary reductions taken before filing the First and Final Application | none |
| Total fees and expenses that PricewaterhouseCoopers wishes this Court to consider at the hearing on its First and Final Application | USD$51,044.06 |
| Proposed additional voluntary reductions | none |
| 55% payout amount per the Order [Docket No. 2794] | $36,215.76 |
| Fees after proposed reductions, less 45% holdback, plus 100% of expenses | USD$29,826.04 |

The review of this Application raised only a few questions about rounded

hours and potential duplication of services, and PricewaterhouseCoopers was able to

answer those questions for me; therefore, I conclude that PricewaterhouseCoopers's

chapter 11 fee application should be allowed as reasonable and necessary when

performed or incurred.  I note that the projected payout amount set forth in the

Order ($36,215.76) is more than the $29,826.04 that I negotiated as part of my fee

review at a 45% holdback.

<u>Observations on Bovitz & Spitzer's Interim Fee Application</u>

**_Fourteenth Interim Fee Application of Bovitz & Spitzer, Counsel for the
Fee Examiner, for Compensation of Fees and Expenses
[from November 1, 2025 through June 30, 2026]_**
[Docket No. 2837]

| | |
|---|---|
| Interim fees requested in Fourteenth Interim Application | $33,540.00 |
| Interim fees requested in Fourteenth Interim Application less 15% holdback | $28,509.00 |
| Expenses requested in Fourteenth Interim Application | $0.00 |
| Voluntary reductions taken before filing the Fourteenth Interim Fee Application | $2,100.00 |
| Total fees and expenses that Bovitz & Spitzer wishes this Court to consider at the Fourteenth Interim Fee Application Hearing | $33,540.00 |
| Proposed additional voluntary reductions | none |
| Interim fees after proposed reductions, less 15% holdback, plus 100% of expenses (no expenses requested) | $28,509.00 |

For the Court's convenience, I am including a summary of the fees and

expenses allowed to date:

| Interim fees requested in 1st Interim Application [Docket No. 1485] | Expenses requested in 1st Interim Application | By Order dated July 7, 2021 [Docket No. 1561], fees allowed (80% of the total allowed fees of $68,250.00) | By Order dated July 7, 2021 [Docket No. 1561], expenses allowed | Running total of allowed fees and expenses after 1st Interim Application |
|---|---|---|---|---|
| $68,250.00 | $0.00 | $54,600.00 | $0.00 | $54,600.00 |
| Interim fees requested in 2nd Interim Application [Docket No. 1644] | Expenses requested in 2nd Interim Application | By Order dated December 6, 2021 [Docket No. 1694], fees allowed (80% of the total allowed fees of $50,070.00) | By Order dated December 6, 2021 [Docket No. 1694], expenses allowed | Running total of allowed and paid fees and expenses after 1st and 2nd Interim Applications |
| $50,070.00 | $0.00 | $40,056.00 | $0.00 | $94,656.00 |
| Interim fees requested in 3rd Interim Application [Docket No. 1763] | Expenses requested in 3rd Interim Application | By Order dated March 8, 2022 [Docket No. 1806], fees allowed (80% of the total allowed fees of $29,820.00) | By Order dated March 8, 2022 [Docket No. 1806], expenses allowed | Running total of allowed and paid fees and expenses after 1st - 3rd Interim Applications |
| $29,820.00 | $0.00 | $23,856.00 | $0.00 | $118,512.00 |
| Interim fees requested in 4th | Expenses requested in 4th | By Order dated June 30, 2022 | By Order dated June 30, 2022 | |

| Interim Application [Docket No. 1878] | Interim Application | [Docket No. 1920], fees allowed (80% of the total allowed fees of $24,240.00) | [Docket No. 1920], expenses allowed | Running total of allowed and paid fees and expenses after $1^{st} - 4^{th}$ Interim Applications |
|---|---|---|---|---|
| $24,240.00 | $0.00 | $19,392.00 | $0.00 | $137,904.00 |
| Interim fees requested in 5th Interim Application [Docket No. 1955] | Expenses requested in 5th Interim Application | By Order dated November 14, 2022 [Docket No. 1984], fees allowed (80% of the total allowed fees of $26,160.00) | By Order dated November 14, 2022 [Docket No. 1984], expenses allowed | Running total of allowed and paid fees and expenses after $1^{st} - 5^{th}$ Interim Applications |
| $26,160.00 | $0.00 | $20,928.00 | $0.00 | $158,832.00 |
| Interim fees requested in 6th Interim Application [Docket No. 2007] | Expenses requested in 6th Interim Application | By Order dated January 30, 2023 [Docket No. 2061], fees allowed (80% of the total allowed fees of $18,420.00) | By Order dated January 30, 2023 [Docket No. 2061], expenses allowed | Running total of allowed and paid fees and expenses after $1^{st} - 6^{th}$ Interim Applications |
| $18,420.00 | $0.00 | $14,736.00 | $0.00 | $173,568.00 |
| Interim fees requested in 7th Interim Application [Docket No. 2099] | Expenses requested in 7th Interim Application | By Order dated May 24, 2023 [Docket No. 2130], fees allowed (80% of the total allowed fees of $22,560.00) | By Order dated May 24, 2023 [Docket No. 2130], expenses allowed | Running total of allowed and paid fees and expenses after $1^{st} - 7^{th}$ Interim Applications |
| $22,560.00 | $0.00 | $18,048.00 | $0.00 | $191,616.00 |
| Interim fees requested in 8th Interim Application [Docket No. 2177] | Expenses requested in 8th Interim Application | By Order dated September 21, 2023 [Docket No. 2236], fees allowed (80% of the total allowed fees of $17,040.00) | By Order dated September 21, 2023 [Docket No. 2236], expenses allowed | Running total of allowed and paid fees and expenses after $1^{st} - 8^{th}$ Interim Applications |
| $17,400.00 | $0.00 | $13,632.00 | $0.00 | $205,248.00 |
| Interim fees requested in 9th | Expenses requested in 9th | By Order dated February 6, 2024 [Docket No. 2309], | By Order dated February 6, 2024 | Running total of allowed and paid fees and expenses |

| | | | | |
|---|---|---|---|---|
| Interim Application [Docket No. 2277] | Interim Application | fees allowed (80% of the total allowed fees of $22,500.00) | [Docket No. 2309], expenses allowed | after 1st – 9th Interim Applications |
| $22,500.00 | $0.00 | $18,000.00 | $0.00 | $223,248.00 |
| Interim fees requested in 10th Interim Application [Docket No. 2347] | Expenses requested in 10th Interim Application | By Order dated June 18, 2024 [Docket No. 2387], fees allowed (80% of the total allowed fees of $17,160.00) | By Order dated June 18, 2024 [Docket No. 2387], expenses allowed | Running total of allowed and paid fees and expenses after 1st – 10th Interim Applications |
| $17,160.00 | $0.00 | $13,728.00 | $0.00 | $236,976.00 |
| Interim fees requested in 11th Interim Application [Docket No. 2435] | Expenses requested in 11th Interim Application | By Order dated December 19, 2024 [Docket No. 2485], fees allowed (80% of the total allowed fees of $23,460.00) | By Order dated December 19, 2024 [Docket No. 2485], expenses allowed | Running total of allowed and paid fees and expenses after 1st – 11th Interim Applications |
| $23,460.00 | $0.00 | $18,768.00 | $0.00 | $255,744.00 |
| Interim fees requested in 12th Interim Application [Docket No. 2586 and Errata, Docket No. 2597] | Expenses requested in 12th Interim Application | By Order dated August 8, 2025 [Docket No. 2622], fees allowed (80% of the total allowed fees of $28,020.00) | By Order dated December 19, 2024 [Docket No. 2485], expenses allowed | Running total of allowed and paid fees and expenses after 1st – 12th Interim Applications |
| $28,020.00 | $0.00 | $22,416.00 | $0.00 | $278,160.00 |
| Interim fees requested in 13th Interim Application [Docket No. 2752] | Expenses requested in 13th Interim Application | By Order dated December 22, 2025 [Docket No. 2763], fees allowed (80% of the total allowed fees of $21,600.00) | By Order dated December 22, 2025 [Docket No. 2763], expenses allowed | Running total of allowed and paid fees and expenses after 1st – 13th Interim Applications |
| $21,600.00 | $0.00 | $17,280.00 | $0.00 | $295,440.00 |

In addition, the trustee paid $17,385.00 to Bovitz & Spitzer in connection with the waterfall [Docket No. 2766. p. 47 (listed at No. 2766-2)] to reduce the withholding on Bovitz & Spitzer's fees. Thus, the total amount paid to Bovitz & Spitzer is

$312,825.00 ($295,440.00 in regular fee applications awards with a 20% holdback, plus the $17,385.00 under the waterfall to bring the payment up to about 85%).

In order to correct an inadvertent accounting error, Bovitz & Spitzer has filed an amendment to the 14th interim fee application [Docket No. 2865] to reflect that total fees allowed to Bovitz & Spitzer are $369,300.00 and total fees paid to the firm are $312,825.00. Thus, Bovitz & Spitzer has received 84.7% of the allowed fees to date. (As a courtesy, Bovitz & Spitzer continues to waive all expenses in this case.)

Having reviewed Bovitz & Spitzer's monthly bills (as its client), I had no additional questions for the firm; therefore, I conclude that Bovitz & Spitzer's 14th fee application should be allowed as reasonable and necessary when performed or incurred.

<u>Conclusion</u>

In closing, I wish to express my appreciation to the professionals for their cooperation in this fee review. I will appear at the hearing on August 11, 2026 (by Zoom, if the Court will allow, due to a doctor's appointment that cannot be rescheduled), along with my counsel, to answer questions from the Court. To the extent that additional pleadings related to these fee applications are filed after this

Fifteenth Report has been docketed, I reserve my right to supplement this Report.

July 28, 2026
Las Vegas, Nevada

Respectfully submitted,

Nancy B. Rapoport
Fee Examiner

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Wilshire Boulevard, Suite 2403, Los Angeles, California 90017-1961

A true and correct copy of the foregoing document entitled (*specify*): _____
NOTICE OF FILING OF 15th FEE EXAMINER REPORT OF NANCY B. RAPOPORT FOR CHAPTER 7
PROFESSIONALS AND FIRST AND FINAL REPORT FOR CHAPTER 11 PROFESSIONALS - JULY 28, 2026

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/28/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/28/2026 | J. Scott Bovitz | /s/ J. Scott Bovitz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 2:17-bk-21386-BR

## Electronic Mail Notice List

- **Kristina S Azlin**   Kristina.Azlin@hklaw.com, ericka.mendez@hklaw.com;hapi@hklaw.com
- **Tanya Behnam**   tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Ron Bender**   rb@lnbyg.com
- **Stephen F Biegenzahn**   steve@sfblaw.com
- **J Scott Bovitz**   bovitz@bovitz-spitzer.com
- **Michael D Breslauer**   mbreslauer@swsslaw.com, sdurazo@swsslaw.com
- **Sara Chenetz**   sara.chenetz@ashurstperkins.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
- **Brian K Condon**   brian.condon@arnoldporter.com, edocketscalendaring@arnoldporter.com,ecf-10cc1820d4f0@ecf.pacerpro.com,maousbccourts@arnoldporter.com
- **Dawn M Coulson**   dawn@eppscoulson.com, ecfnotices@eppscoulson.com
- **Aaron S Craig**   acraig@kslaw.com, mciatti@kslaw.com;kobrien@kslaw.com;mcadavid@kslaw.com;jseufert@kslaw.com
- **Andrew Michael Cummings**   andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;sandy.olalde@hklaw.com
- **Scott D Cunningham**   scunningham@condonlaw.com, hbeck-kilps@condonlaw.com
- **Jonathan R Doolittle**   jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
- **Cecily A Dumas**   cdumas@bakerlaw.com, hhammonturano@bakerlaw.com
- **Michael J Edelman**   mjedelman@vedderprice.com, ecfladocket@vedderprice.com;michael-jedelman-7401@ecf.pacerpro.com
- **Jamie L Edmonson**   jedmonson@rc.com, lshaw@rc.com
- **Scott Ewing**   contact@omnimgt.com, sewing@omnimgt.com;ecf@omnimgt.com;docketalarm-ecf-cacb-57159763048529921@inbound.docketalarm.com
- **John-Patrick M Fritz**   jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Jonathan L Gerber**   jgerber@mmg-llp.com, sjohal@millermenthelaw.com
- **Robert P Goe**   rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Michael S Greger**   mgreger@allenmatkins.com, kpreston@allenmatkins.com

- **David M. Guess**   dguess@buchalter.com, david-guess-9268@ecf.pacerpro.com
- **Brian D Huben**   hubenb@ballardspahr.com, carolod@ballardspahr.com
- **William W Huckins**   whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
- **Allison B Hudson**   ahudson@vedderprice.com, ecfladocket@vedderprice.com;allison-hudson-3974@ecf.pacerpro.com
- **Tiffany M Ikeda**   tiffany.ikeda@arnoldporter.com, vicky.apodaca@arnoldporter.com;natasha.brunstein@arnoldporter.com;mary.aertker@arnoldporter.com
- **Robbin L. Itkin**   ritkin@sklarkirsh.com, mduran@sklarkirsh.com
- **Lawrence M Jacobson**   lmj@gfjlawfirm.com
- **Michael Jones**   michael.jones4@usdoj.gov
- **Jeanne M Jorgensen**   jjorgensen@pj-law.com, cpage@pj-law.com
- **Talin Keshishian**   tkeshishian@bg.law, ecf@bg.law
- **Michael D Kibler**   Mkibler@stblaw.com, Janie.franklin@stblaw.com;raul.duran@stblaw.com
- **Jonathan D King (TR)**   jonathan.king@dlapiper.com
- **Robert Labate**
- **Paul J Laurin**   paul.laurin@offitkurman.com, slmoore@btlaw.com
- **Dare Law**   dare.law@usdoj.gov
- **Blake J Lindemann**   Blake@lawbl.com, Nataly@lawbl.com
- **Michael B Lubic**   michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **John K Lyons**   , john-lyons-7790@ecf.pacerpro.com;docketingchicago@dlapiper.com
- **John K Lyons**   john.lyons@us.dlapiper.com, john-lyons-7790@ecf.pacerpro.com;docketingchicago@dlapiper.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Daniel J McCarthy**   dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;dflowers@hfbllp.com
- **Michael McCollum**   michael@mccollumcounsel.com
- **Thor D McLaughlin**   tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Joshua M Mester**   jmester@jonesday.com
- **Malcolm D Minnick**   dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Kelly L Morrison**   kelly.l.morrison@usdoj.gov
- **Daniel T Moss**   dtmoss@jonesday.com, dstorborg@JonesDay.com
- **Sabari Mukherjee**   notices@becket-lee.com
- **Alan I Nahmias**   anahmias@mbn.law, jdale@mbn.law
- **Juliet Y. Oh**   jyo@lnbyg.com, jyo@lnbyb.com
- **Scott Olson**   solson@seyfarth.com, chidocket@seyfarth.com
- **R Gibson Pagter**   gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **Kathy Bazoian Phelps**   kphelps@raineslaw.com, hchoi@raineslaw.com
- **Douglas A Plazak**   dplazak@rhlaw.com

- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Samuel Price**    sprice@edzantprice.com
- **Oscar D Ramallo**    oramallo@kayescholer.com
- **Michael B Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **David J Richardson**    drichardson@bakerlaw.com, jrunner@bakerlaw.com
- **Paul A Rigali**    prigali@larsonllp.com, hpark@larsonllp.com;YGutierrez@larsonllp.com
- **David M Riley**    david.riley@us.dlapiper.com, davidzriley@gmail.com;DLAPiper@ecfxmail.com
- **Mary H Rose**    mrose@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **Caroline A Sayers**    caroline.sayers@lathropgpm.com
- **Daniel H Slate**    dslate@buchalter.com, smartin@buchalter.com;ifs_filing@buchalter.com
- **Alan D Smith**    adsmith@perkinscoie.com, DocketLA@perkinscoie.com,ecf-3ac9070a3959@ecf.pacerpro.com,al-smith-9439@ecf.pacerpro.com
- **Robyn B Sokol**    robyn.sokol@stinson.com, lydia.moya@stinson.com;dennette.mulvaney@stinson.com;dbender@leechtishman.com;jnaiya.herd@stinson.com
- **Randye B Soref**    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Nolan Thomas**    nolan.thomas@klgates.com, klgatesbankruptcy@klgates.com
- **Andrew Troop**    andrew.troop@pillsburylaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Victor A Vilaplana**    victor.vilaplana@practus.com, smoreno@foley.com
- **Philip S Warden**    philip.warden@pillsburylaw.com
- **Alan J Watson**    alan.watson@hklaw.com, rosanna.perez@hklaw.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law